PROPERTY OF ARKANSAS SUPREME COURT/COURT OF APPEALS

# SUPREME COURT CR-17-654

KENNETH REAMS                                                  **APPELLANT(S)**

V. JEFFERSON COUNTY CIRCUIT COURT

   JOHN W COLE

   35CR-1993-301

  STATE OF ARKANSAS                                          **APPELLEE(S)**

26__ VOLUME RECORD LODGED

## *COUNSEL*

ATTORNEY GENERAL  APPELLEE COUNSEL

323 CENTER STREET, SUITE 200

LITTLE ROCK AR 72201


CORINNE IRISH  APPELLANT COUNSEL

30 ROCKEFELLER PLAZA

NEW YORK NY 10112


DAVID ROBERT RAUPP  APPELLEE COUNSEL

323 CENTER STREET, SUITE 200

LITTLE ROCK AR 72201


GEORGE KENDALL  APPELLANT COUNSEL

30 ROCKEFELLER PLAZA

NEW YORK NY 10112


JIN HEE LEE  APPELLANT COUNSEL

40 RECTOR STREET, 5TH FLOOR

NEW YORK NY 10006


JOHN WINFRED WALKER  APPELLANT COUNSEL

1723 BROADWAY

LITTLE ROCK AR 72206

RECORD FILED AUGUST 4, 2017

**STACEY PECTOL, CLERK**

BY RENEE R. HERNDON, DEPUTY CLERK

Respondent's Exhibit E

VOLUME 24



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS

VS.                          NO. CR 93-306-3

KENNETH REAMS

PLAINTIFF



ORIGINAL

DEFENDANT

## MOTION FOR DISCOVERY

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and for his motion for discovery, requests the following materials pursuant to A.R.Cr.P. 17.1, Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97 (1976); United States v. Bagley, 473 U.S. 667 (1985); Pennsylvania v. Ritchie, 480 U.S. 39 (1987):

1.  The names, residence addresses, telephone numbers and employment of all persons that the Prosecuting Attorney intends to call as witnesses at the trial of this cause, and nature, substance and source of their information and testimony.

2.  All written or recorded statements and the substance of all oral statements made by all persons named in Number 1 above, together with all written or recorded statements and the substance of any oral statements made by defendants or any co-defendants.

3.  A photocopy of the police investigative file in the case.

4.  All reports or statements of experts made in connection with this cause, including the results of scientific tests, physical or mental examinations, experiments, or comparisons.

5.  Any books, papers, documents, photographs or tangible

**std.dis**

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

802

objects which the Prosecuting Attorney intends to use in any
hearing or at the trial, or which were obtained from or belong to
defendant or any co-defendant.

6.   Any record of prior criminal convictions of the
defendant or any persons whom the Prosecuting Attorney intends to
call as witnesses at any hearing or at the trial of this cause.

7.   Any and all records and information showing prior
misconduct or bad acts committed by any state witness.

8.   The exact nature and substance of any and all
considerations or promises of leniency, immunity, or any other
consideration given to or made on behalf of any State witness or
person providing information to the authorities herein.

9.   Any and all prosecutions, investigations, or possible
prosecutions pending, which could be brought against any State
witness or person providing information to the authorities
herein, and any probation, parole, or deferred prosecution status
of any such witness or person.

10.   Any psychological, psychiatric or mental evaluation of
any State witness or any evidence of any psychological,
psychiatrist or mental treatment of any such witness.

11.   Any hypnosis given to any State's witness to assist
that witness' memory or recollection of the facts to which same
will testify.

12.   Any relationship to the prosecuting authorities or
police officers involved in this cause, of persons whom the
Prosecuting Attorney intends to call as witnesses or who provided

**std.dis**                    -2-

803

Respondent's Exhibit E

information to the authorities herein.

13.  Any information that any of the State's witnesses had consumed alcohol and/or drugs prior to witnessing the events that gave rise to their respective testimony.

14.  The names and addresses of any individuals who were at any time considered suspects in this matter, and the basis of such suspicion, together with the nature of any resultant charges derived therefrom.

15.  All transcripts, summaries or other information concerning electronic surveillance of the defendant, the defendant's premises or automobile, or conversations to which the defendant was a party.

16.  The names, addresses, telephone numbers and employment of all persons who have any knowledge of any material facts in connection with this cause, including any informants, who have supplied any information to the police or Prosecuting Attorney. (This request is made in addition to the individuals named in Number 1 hereinabove.)

17.  Any polygraph tests taken by or offered to the accused or any witness herein relating in any manner to the facts alleged in the crime charged.

18.  The exact nature, method and manner of the defendant's alleged participation in this crime.

19.  The transcripts of all preliminary hearings, probable cause hearings, hearings on affidavits or applications for search and seizure warrants or arrest warrants, and any other hearings

**std.dis**                              -3-

Respondent's Exhibit E

304

in connection with this case.

20.   The transcripts of any Grand Jury testimony by defendant, co-defendants, or witnesses in this or any connected case(s).

21.   All informations, testimony, statements, reports, books, papers, documents or tangible objects which may be material in nature with respect to the defendant.

22.   All affidavits and transcripts of any recorded oral testimony given in support of application for search and seizure warrants or arrest warrants in this case.

23.   All search and seizure or arrest warrants issued in this cause, together with the returns thereof.

24.   All tape recordings, tapes, still photographs, motion picture and video tape recordings made in connection with this cause.

25.   Any information tending to show that other persons excluding the accused were involved in the crime alleged.

26.   Any material or information within the knowledge, possession or control of the Prosecuting Attorney or authorities, which would tend to negate the guilt of the defendant, or mitigate any punishment therefor, or which could reasonably be expected to help the defendant in the preparation of his defense.

27.   Any information that tends to show that the accused had consumed alcohol and/or drugs prior to the commission of the allege offense.

28.   Any internal documents or other evidence of any law

**std.dis**                                    -4-

805

Respondent's Exhibit E

enforcement official's misfeasance, malfeasance or negligence, whether by acts of omission or commission, in the performance of his or her duties concerning this specific case, specifically including whether the arrests herein were made in hopes of furthering of any other criminal prosecutions.

29.  Any training guides, manuals or other similar materials utilized by each law enforcement agency involved herein, which provide information relative to any investigation or arrest in this type of crime.

30.  Any evidence of periodic destruction of any evidence by any law enforcement agency involved herein, such as the periodic destruction of documents, officer's case notes and the like, and whether any such evidence, documents or officer's case notes were destroyed in this case.

31.  Any statement of any individual which presents or indicates a doubt as to the identity of the accused, the location of the crime, or the description of any tangible item relevant to the charge.

32.  The complete, unabridged and unexpurgated investigation case file on the police and law enforcement agencies involved in this matter.

Defendants further requests that the Court order the Prosecuting Attorney to file a formal and timely response to this motion, in order that the record of discovery be preserved in this case, and to insure the orderly progress of this matter and the administration of justice.

**std.dis**                              -5-

806

Respondent's Exhibit E

WHEREFORE, the defendant, Kenneth Reams, prays that this Court issue its order upon the Prosecuting Attorney for the discovery and inspection hereinabove requested, and the Court order the Prosecuting Attorney to file a formal response to this motion, each item herein separately so that a denial or any particular item can specifically be noted for the record for appeal purposes.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR 71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 80 day of November , 1993.

_____
MAXIE G. KIZER

**std.dis**

807

Respondent's Exhibit E

6489

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                    NO. CR-93-298-3; CR-93-299-3;
                           CR-93-300-3; CR-93-301-3

KENNETH REAMS                                              DEFENDANT

## MOTION TO SUPPRESS STATEMENT

Comes now the Defendant, Kenneth Reams, by and through His attorney, Maxie G. Kizer, and for his Motion to Suppress Statement, states:

1.  The Defendant is charged with the offenses of Burglary, Theft of Property, Aggravated Robbery and Capitol Felony Murder.

2.  That the prosecuting attorney plans to introduce into evidence at the Defendant's trial a confession allegedly obtained from the Defendant on May 11, 1993.

3.  The Defendant also claims that the signature on this document was obtained from him by force exerted upon him by police officers of the city of Pine Bluff.

4.  In order to be admissible into evidence, a confession obtained by a police officer must be voluntary, i.e., "the product of a rational intellect and of free will"; and if the Defendant's will was overcome the confession is involuntary under <u>Townsend v. Sane</u>, 372 U.S. 293, 83 S. Ct. 745; 9 L. Ed. 2nd 770 (1963) and other cases.

5.  The Defendant's constitutional rights were violated in that his signature on this document was not voluntary.

FILED

SEP 10 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

Respondent's Exhibit E

808

WHEREFORE, the Defendant, Kenneth Reams, prays that the Court suppress the Defendant's confession; and for all other proper relief to which he may be entitled.

Respectfully Submitted:

KENNETH REAMS, Defendant

By: _____

MAXIE G. KIZER (83101)
Attorney at Law
Post Office Box 7423
Pine Bluff, Arkansas   71611
(501) 534-7004

## CERTIFICATE OF SERVICE

I, Maxie G. Kizer, do hereby certify that a copy of the foregoing Motion to Suppress Statement has been forwarded to Ms. Carol Billing, Depputy Prosecuting Attorney, Jefferson County Courthouse, Pine Bluff, Arkansas 71601, this 10 day of September, 1993.

_____
MAXIE G. KIZER

809

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                    NO. CR-93-298-3; CR-93-299-3;
                           CR-93-300-3; CR-93-301-3

KENNETH REAMS                                           DEFENDANT

## MOTION TO SUPPRESS STATEMENT

Comes now the Defendant, Kenneth Reams, by and through His attorney, Maxie G. Kizer, and for his Motion to Suppress Statement, states:

1.   The Defendant is charged with the offenses of Burglary, Theft of Property, Aggravated Robbery and Capitol Felony Murder.

2.   That the prosecuting attorney plans to introduce into evidence at the Defendant's trial a confession allegedly obtained from the Defendant on May 11, 1993.

3.   The Defendant also claims that the signature on this document was obtained from him by force exerted upon him by police officers of the city of Pine Bluff.

4.   In order to be admissible into evidence, a confession obtained by a police officer must be voluntary, i.e., "the product of a rational intellect and of free will"; and if the Defendant's will was overcome the confession is involuntary under Townsend v. Sane, 372 U.S. 293, 83 S. Ct. 745; 9 L. Ed. 2nd 770 (1963) and other cases.

5.   The Defendant's constitutional rights were violated in that his signature on this document was not voluntary.

FILED

SEP 10 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

Respondent's Exhibit E

6492

310

WHEREFORE, the Defendant, Kenneth Reams, prays that the Court suppress the Defendant's confession; and for all other proper relief to which he may be entitled.

                        Respectfully Submitted:

                        KENNETH REAMS, Defendant

              By: _____
                        MAXIE G. KIZER (83101)
                        Attorney at Law
                        Post Office Box 7423
                        Pine Bluff, Arkansas  71611
                        (501) 534-7004

## CERTIFICATE OF SERVICE

    I, Maxie G. Kizer, do hereby certify that a copy of the foregoing Motion to Suppress Statement has been forwarded to Ms. Carol Billing, Depputy Prosecuting Attorney, Jefferson County Courthouse, Pine Bluff, Arkansas 71601, this 10 day of September, 1993.

              _____
                   MAXIE G. KIZER

811

Respondent's Exhibit E

## MAXIE G. KIZER, P.A.

### ATTORNEY AT LAW

721 PINE STREET
P. O. BOX 7423
PINE BLUFF, ARKANSAS 71611

MAXIE G. KIZER
BAR NO.
83101

TELEPHONE:
(501) 534-7004
FAX NO.
(501) 534-7010

December 17, 1993

Ms. Nevelyn Shollmier
Court Reporter
Post Office Box 9140
Pine Bluff, Arkansas   71611

     Re:   State of Arkansas v. Kenneth Reams;
           Jefferson Circuit No. CR-93-301-3

Dear Nevelyn:

    Please find enclosed copy of Notice of Appeal and Designation
of Record which we have filed in the above styled matter.  With
that in mind, it would be appreciated if you would provide me with
a copy of the record, including opening and closing arguments and
voir dire, at your earliest convenience.

    Thank you for your assistance in this matter.

           Sincerely,

           MAXIE G. KIZER, P.A.

MGK:kb
Enclosure
cc:  Ms. Dorothy Pearson, Clerk

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

V.                          NO.   CR-93-299-3

KENNETH REAMS
ALFORD GOODWIN                                       DEFENDANTS

## ORDER SETTING CASE FOR JURY TRIAL

This  case  is  hereby  set  for  a  jury  trial  on  <u>Thursday,</u>
<u>September 30, 1993, at 9 a.m.</u>

There will be no continuance except on written motion and for
good cause shown.

Prior to trial, the following rules will apply:

1.   The State of Arkansas will respond to Motions for
Discovery within 20 days and will supplement disclosures
to the defendant 30 days prior to trial, and the defen-
dant will respond to the State's Motion for Discovery
pursuant to Rule 18.3 of the Arkansas Rules of Criminal
Procedure within 10 days of trial, and supplement
disclosures as soon as received by defendant.  Failure to
do so will result in sanctions provided for in Rule 19.7
of the Arkansas Rules of Criminal Procedure.

2.   The State will advise the defense counsel no later
than <u>September 2, 1993</u>, what its recommendation would be
to the Court in return for a plea of guilty.  If the
State has no recommendation, it will so advise defense
counsel.  The State will make its offer in writing to the
defense counsel with copies to the Clerk and the Court.

3.   The defense counsel will have until <u>September 16,</u>
<u>1993</u>, to negotiate a plea.  In the event a plea is
negotiated, that fact will be immediately reported to the
Court.

4.   After <u>September 16, 1993</u>, no negotiated plea will be
accepted by the Court.  If the defendant elects to change
his plea to one of guilty after this date, the Court will

313

FILED

AUG   9 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

Respondent's Exhibit E

accept the plea and sentence then or sentencing may be
deferred pending receipt and consideration of the pre-
sentence report.

5.  The State will prepare the Court's jury instructions
and verdict forms.  The defense will prepare any instruc-
tions on any affirmative defense it intends to rely upon.
There will be sufficient copies of all instructions to
furnish to opposing counsel.

The Prosecuting Attorney and the defendant's counsel will be

present in the Court's chambers at 8:30 a.m. on the day of the

trial.  The State and defense will have available for submission to

the Court a list of witnesses and a list of exhibits in the order

they are to be offered.

IT IS SO ORDERED this _9_ day of August, 1993.

_____
FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney

Mr. Maxie G. Kizer
Bynum and Kizer, P. A.
P. O. Box 7268
Pine Bluff, AR 71611-7268

Mr. Othello C. Cross
Cross, Kearney and McKissic
P. O. Box 6606
Pine Bluff, AR 71611-6606

2

314

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                            PLAINTIFF

V.                                    NO.   CR-93-298-3

KENNETH REAMS                                                DEFENDANT

### ORDER SETTING CASE FOR JURY TRIAL

This case is hereby set for a jury trial on **Thursday, September 30, 1993, at 9 a.m.**

There will be no continuance except on written motion and for good cause shown.

Prior to trial, the following rules will apply:

1.   The State of Arkansas will respond to Motions for Discovery within 20 days and will supplement disclosures to the defendant 30 days prior to trial, and the defendant will respond to the State's Motion for Discovery pursuant to Rule 18.3 of the Arkansas Rules of Criminal Procedure within 10 days of trial, and supplement disclosures as soon as received by defendant. Failure to do so will result in sanctions provided for in Rule 19.7 of the Arkansas Rules of Criminal Procedure.

2.   The State will advise the defense counsel no later than **September 2, 1993**, what its recommendation would be to the Court in return for a plea of guilty. If the State has no recommendation, it will so advise defense counsel. The State will make its offer in writing to the defense counsel with copies to the Clerk and the Court.

3.   The defense counsel will have until **September 16, 1993**, to negotiate a plea. In the event a plea is negotiated, that fact will be immediately reported to the Court.

4.   After **September 16, 1993**, no negotiated plea will be accepted by the Court. If the defendant elects to change his plea to one of guilty after this date, the Court will accept the plea and sentence then or sentencing may be

FILED

AUG  9 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

315

6497 Respondent's Exhibit E

deferred pending receipt and consideration of the pre-sentence report.

5.  The State will prepare the Court's jury instructions and verdict forms.  The defense will prepare any instructions on any affirmative defense it intends to rely upon.  There will be sufficient copies of all instructions to furnish to opposing counsel.

The Prosecuting Attorney and the defendant's counsel will be present in the Court's chambers at 8:30 a.m. on the day of the trial.  The State and defense will have available for submission to the Court a list of witnesses and a list of exhibits in the order they are to be offered.

IT IS SO ORDERED this ___9___ day of August, 1993.

                              _____
                              FRED D. DAVIS, III
                              CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney

     Mr. Maxie G. Kizer
     Bynum and Kizer, P. A.
     P. O. Box 7268
     Pine Bluff, AR 71611-7268

2

816

6498 Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

V.                              NO.  CR-93-300-3

KENNETH REAMS                                              DEFENDANT

## ORDER SETTING CASE FOR JURY TRIAL

This case is hereby set for a jury trial on **Thursday, September 30, 1993, at 9 a.m.**

There will be no continuance except on written motion and for good cause shown.

Prior to trial, the following rules will apply:

1.  The State of Arkansas will respond to Motions for Discovery within 20 days and will supplement disclosures to the defendant 30 days prior to trial, and the defendant will respond to the State's Motion for Discovery pursuant to Rule 18.3 of the Arkansas Rules of Criminal Procedure within 10 days of trial, and supplement disclosures as soon as received by defendant. Failure to do so will result in sanctions provided for in Rule 19.7 of the Arkansas Rules of Criminal Procedure.

2.  The State will advise the defense counsel no later than **September 2, 1993**, what its recommendation would be to the Court in return for a plea of guilty. If the State has no recommendation, it will so advise defense counsel. The State will make its offer in writing to the defense counsel with copies to the Clerk and the Court.

3.  The defense counsel will have until **September 16, 1993**, to negotiate a plea. In the event a plea is negotiated, that fact will be immediately reported to the Court.

4.  After **September 16, 1993**, no negotiated plea will be accepted by the Court. If the defendant elects to change his plea to one of guilty after this date, the Court will accept the plea and sentence then or sentencing may be

FILED

AUG - 9 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

817

6499 Respondent's Exhibit E

deferred pending receipt and consideration of the pre-
sentence report.

5.  The State will prepare the Court's jury instructions
and verdict forms.  The defense will prepare any instruc-
tions on any affirmative defense it intends to rely upon.
There will be sufficient copies of all instructions to
furnish to opposing counsel.

The Prosecuting Attorney and the defendant's counsel will be

present in the Court's chambers at 8:30 a.m. on the day of the

trial.  The State and defense will have available for submission to

the Court a list of witnesses and a list of exhibits in the order

they are to be offered.

IT IS SO ORDERED this    9    day of August, 1993.

FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney

Mr. Maxie G. Kizer
Bynum and Kizer, P. A.
P. O. Box 7268
Pine Bluff, AR 71611-7268

2

818

Respondent's Exhibit E
6500

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                        PLAINTIFF

V.                          NO.  CR-93-301-3

KENNETH REAMS
ALFORD GOODWIN                                           DEFENDANTS

## ORDER SETTING CASE FOR JURY TRIAL

This case is hereby set for a jury trial on <u>Monday, December</u>
<u>13, 1993, at 9 a.m.</u>

There will be no continuance except on written motion and for
good cause shown.

Prior to trial, the following rules will apply:

1.   The State of Arkansas will respond to Motions for
Discovery within 20 days and will supplement disclosures
to the defendant 30 days prior to trial, and the defen-
dant will respond to the State's Motion for Discovery
pursuant to Rule 18.3 of the Arkansas Rules of Criminal
Procedure within 10 days of trial, and supplement
disclosures as soon as received by defendant.  Failure to
do so will result in sanctions provided for in Rule 19.7
of the Arkansas Rules of Criminal Procedure.

2.   The State will advise the defense counsel no later
than <u>November 15, 1993</u>, what its recommendation would be
to the Court in return for a plea of guilty.  If the
State has no recommendation, it will so advise defense
counsel.  The State will make its offer in writing to the
defense counsel with copies to the Clerk and the Court.

3.   The defense counsel will have until <u>November 29,</u>
<u>1993</u>, to negotiate a plea.  In the event a plea is
negotiated, that fact will be immediately reported to the
Court.

4.   After <u>November 29, 1993</u>, no negotiated plea will be
accepted by the Court.  If the defendant elects to change
his plea to one of guilty after this date, the Court will

819

FILED

SEP 15 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

Respondent's Exhibit E

accept the plea and sentence then or sentencing may be deferred pending receipt and consideration of the pre-sentence report.

5. The State will prepare the Court's jury instructions and verdict forms. The defense will prepare any instructions on any affirmative defense it intends to rely upon. There will be sufficient copies of all instructions to furnish to opposing counsel.

The Prosecuting Attorney and the defendant's counsel will be present in the Court's chambers at 8:30 a.m. on the day of the trial. The State and defense will have available for submission to the Court a list of witnesses and a list of exhibits in the order they are to be offered.

IT IS SO ORDERED this __15__ day of September, 1993.

FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney

Mr. Maxie G. Kizer
Bynum and Kizer, P. A.
P. O. Box 7268
Pine Bluff, AR 71611-7268

Mr. Othello C. Cross
Cross, Kearney & McKissic
P. O. Box 6606
Pine Bluff, AR 71611-6606

2

820

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

V.                              NO.   CR-93-299-3

KENNETH REAMS
ALFORD GOODWIN                                       DEFENDANTS

## ORDER RE-SETTING CASE FOR JURY TRIAL

On oral motion of the State of Arkansas, by and through its Deputy Prosecuting Attorney, Carol Billings, this case is hereby re-set for a jury trial from the present trial date of September 10, 1993, to <u>Monday, December 6, 1993, at 9 a.m.</u>

There will be no continuance except on written motion and for good cause shown.

Prior to trial, the following rules will apply:

1.   The State of Arkansas will respond to Motions for Discovery within 20 days and will supplement disclosures to the defendant 30 days prior to trial, and the defendant will respond to the State's Motion for Discovery pursuant to Rule 18.3 of the Arkansas Rules of Criminal Procedure within 10 days of trial, and supplement disclosures as soon as received by defendant. Failure to do so will result in sanctions provided for in Rule 19.7 of the Arkansas Rules of Criminal Procedure.

2.   The State will advise the defense counsel no later than <u>November 8, 1993</u>, what its recommendation would be to the Court in return for a plea of guilty. If the State has no recommendation, it will so advise defense counsel. The State will make its offer in writing to the defense counsel with copies to the Clerk and the Court.

3.   The defense counsel will have until <u>November 22, 1993</u>, to negotiate a plea. In the event a plea is negotiated, that fact will be immediately reported to the Court.

FILED

SEP 1 5 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

821

Respondent's Exhibit E

4. After <u>November 22, 1993</u>, no negotiated plea will be accepted by the Court. If the defendant elects to change his plea to one of guilty after this date, the Court will accept the plea and sentence then or sentencing may be deferred pending receipt and consideration of the pre-sentence report.

5. The State will prepare the Court's jury instructions and verdict forms. The defense will prepare any instructions on any affirmative defense it intends to rely upon. There will be sufficient copies of all instructions to furnish to opposing counsel.

The Prosecuting Attorney and the defendant's counsel will be present in the Court's chambers at 8:30 a.m. on the day of the trial. The State and defense will have available for submission to the Court a list of witnesses and a list of exhibits in the order they are to be offered.

IT IS SO ORDERED this _15_ day of September, 1993.

 

 

FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:   Prosecuting Attorney

     Mr. Maxie G. Kizer
     Bynum and Kizer, P. A.
     P. O. Box 7268
     Pine Bluff, AR 71611-7268

     Mr. Othello C. Cross
     Cross, Kearney & McKissic
     P. O. Box 6606
     Pine Bluff, AR 71611-6606

2

822

Respondent's Exhibit E

62503

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

V.                              NO.  CR-93-300-3

KENNETH REAMS                                             DEFENDANT

### ORDER RE-SETTING CASE FOR JURY TRIAL

On oral motion of the State of Arkansas, by and through its
Deputy Prosecuting Attorney, Carol Billings, this case is hereby
re-set for a jury trial from the present trial date of September
10, 1993, to Tuesday, December 7, 1993, at 9 a.m.

There will be no continuance except on written motion and for
good cause shown.

Prior to trial, the following rules will apply:

1.   The State of Arkansas will respond to Motions for
Discovery within 20 days and will supplement disclosures
to the defendant 30 days prior to trial, and the defen-
dant will respond to the State's Motion for Discovery
pursuant to Rule 18.3 of the Arkansas Rules of Criminal
Procedure within 10 days of trial, and supplement
disclosures as soon as received by defendant.  Failure to
do so will result in sanctions provided for in Rule 19.7
of the Arkansas Rules of Criminal Procedure.

2.   The State will advise the defense counsel no later
than November 9, 1993, what its recommendation would be
to the Court in return for a plea of guilty.   If the
State has no recommendation, it will so advise defense
counsel.  The State will make its offer in writing to the
defense counsel with copies to the Clerk and the Court.

3.   The defense counsel will have until November 23,
1993, to negotiate a plea.   In the event a plea is
negotiated, that fact will be immediately reported to the
Court.

**FILED**

SEP 1 5 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

823

6505 Respondent's Exhibit E

4.  After <u>November 23, 1993</u>, no negotiated plea will be accepted by the Court.  If the defendant elects to change his plea to one of guilty after this date, the Court will accept the plea and sentence then or sentencing may be deferred pending receipt and consideration of the pre-sentence report.

5.  The State will prepare the Court's jury instructions and verdict forms.  The defense will prepare any instructions on any affirmative defense it intends to rely upon.  There will be sufficient copies of all instructions to furnish to opposing counsel.

The Prosecuting Attorney and the defendant's counsel will be present in the Court's chambers at 8:30 a.m. on the day of the trial.  The State and defense will have available for submission to the Court a list of witnesses and a list of exhibits in the order they are to be offered.

IT IS SO ORDERED this ___15___ day of September, 1993.

_____
FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney

Mr. Maxie G. Kizer
Bynum and Kizer, P. A.
P. O. Box 7268
Pine Bluff, AR 71611-7268

2

824

6506 Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON/LINCOLN COUNTY, ARKANSAS

STATE OF ARKANSAS

VS.                                           PLAINTIFF

Kenneth Reams          CR- 93-298-3
                          93-299-3
                          93-300-3           DEFENDANT

## REPORT OF PLEA NEGOTIATIONS

Now on this day comes the parties hereto, the State of Arkansas, by the Prosecuting Attorney, and the Defendant, and his/her attorney, and report the results of their negotiations.

Subject to the approval of this honorable Court, the above-styled case will be disposed of by:

✓ Plea of Guilty to _Burglary + Theft of Property in_ _CR-93-298-2 ; Aggravated Robbery in CR-93-299-3 ;_ _and Aggravated Robbery in CR-93-300-3_

with the State's recommendation of:

✓ Term of Years in Arkansas Department of Correction of:
_10 years each charge in CR-93-298-3_ _40 years ADC each Aggravated Robbery in_ _CR-93-299-3 and CR-93-300-3 , all concurrent for total_ _sentence of 40 years_

_____ Other Special Provisions: _Credit for Jail Time - May 10, 1993_ _to Present_

APPROVED:

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_          _Reams, Kenneth_
DEPUTY PROSECUTING ATTORNEY    DEFENDANT

                               _Mahie G. K_
                               DEFENDANT'S ATTORNEY

DATE OFFERED: _9/29/93_        DATE ACCEPTED: _9/30/93_

825

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                        NO. CR-93-382-2

CALVIN PORTER                                            DEFENDANT


VS.                        NO. CR-93-301-3

KENNETH REAMS                                            DEFENDANT


VS.                        NO. CR-93-540-2

WILLIE LEE MOREHEAD                                      DEFENDANT


VS.                        NO. CR-93-541-3

NAKIA DAVIS                                              DEFENDANT

### ORDER

That the Court hereby orders and directs Jefferson County,
Arkansas, to provide to Maxie G. Kizer, the attorney for the
Defendant herein, the sum of $1,500 to be used to retain the
services of a private investigator to assist him in his trial
preparation in the above named matters.

The Court recognizes that these funds will be utilized by
Maxie G. Kizer, for all of the above cases.

IT IS SO ORDERED this _14_ day of _October_____, 1993.


_____
H. A. TAYLOR, Circuit Judge

_____
FRED D. DAVIS, III, Circuit Judge

FILED

OCT 19 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

Respondent's Exhibit E

6508

326

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                        CR-93-301-3

KENNETH REAMS                                        DEFENDANTS
ALFORD GOODWIN

### MOTION FOR SEVERANCE

Comes now the State of Arkansas by and through the Office of the
Prosecuting Attorney, and for its motion herein states:

1.   That the Defendants have been charged by way of a criminal
information with a violation of Arkansas Statute 5-10-101, Capital
Murder.

2.   That this Court has scheduled the trial of this matter to
begin on December 13, 1993.

3.   That the State will offer as evidence statements that were
made by each of the defendants.  That the statements of each of the
defendants implicates the other as the shooter in the homicide.

4.   That a severance of the defendants for trial is necessary in
order to reach a fair determination of the guilt or innocence of each
defendant.  The State submits that the antagonistic defenses cited by
the defendants in the responses to discovery require a severance
under A.R.Cr.P. Rule 22.3(b) and supporting caselaw.  For a case
directly on point, see McDaniel v. State, 278 Ark. 631, S.W.2d 57
(1983), wherein the two defendants claimed the other did the killing.
Both were found guilty and sentenced to life without parole, which
the Supreme Court promptly reversed because of the jury's documented
inability to reconcile the evidence against each.

-1-

FILED

NOV 9 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

327

6509 Respondent's Exhibit E

-2-

In McDaniel, the Court said the totality of the circumstances should be the guideline for severance and looked at some of the very factors that exist in this case: antagonistic defenses, difficulty in segregating the evidence against each, and if one testifies, the other will be compelled to do so.

5. Further, the State prays that this honorable Court will allow the State to proceed to trial on December 13, 1993, against defendant Alford Goodwin.

WHEREFORE, the State prays that the Court enter its order granting the State's Motion for Severance and allow the State to proceed to trial against Alford Goodwin on December 13, 1993.

Dated this 9th day of November, 1993.

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY:
DEPUTY PROSECUTING ATTORNEY

CERTIFICATE OF SERVICE

I, the undersigned, certify that I have served a copy of the foregoing pleading upon the attorney(s) of record for all other parties in this action, either by mailing or by personally delivering same on the 9th day of November, 19 93.

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY
DEPUTY PROSECUTING ATTORNEY

Respondent's Exhibit E

828

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

V.                              NO.   CR-93-299-3
                                      CR-93-301-3

ALFORD GOODWIN
KENNETH REAMS                                             DEFENDANTS

### ORDER SETTING CASE FOR HEARING

This case is hereby set for a hearing on <u>Wednesday, December 1, 1993, at 10 a.m.</u>

There will be no continuance except on written motion and for good cause shown.

The information furnished to us indicates that this hearing should take no more than one hour.

IT IS SO ORDERED this 18 day of November, 1993.

_____
FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Ms. Carol Billings
     Chief Deputy Prosecuting Attorney

     Mr. Gene McKissic
     Cross, Kearney & McKissic
     P. O. Box 6606
     Pine Bluff, AR 71611

     Mr. Maxie G. Kizer
     Bynum & Kizer, P. A.
     P. O. Box 7268
     Pine Bluff, AR 71611-7268

FILED
NOV 1 8 1993
DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

829

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR-93-299-3
                             CR-93-301-3

ALFORD GOODWIN
KENNETH REAMS                                        DEFENDANTS

## MOTION

Comes the State by and through the Office of the Prosecuting Attorney and for its motion states:

1.   That the above-styled matters are set for trial on December 6 and 13, 1993, respectively.

2.   That the State intends to try the cases in the order they were filed.

3.   That CR-93-301-3 is a death penalty case and there are issues that need to be resolved.

4.   That A.R.Cr.P. Rules 20.2 and 20.3 provide that the Court may set an omnibus hearing for this purpose.

WHEREFORE, the State moves that this honorable Court set an omnibus hearing pursuant to the Rules of Criminal Procedure so that the State and defense counsel alike, as well as the Court, may know where all stand.

**FILED**

NOV 1 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

CERTIFICATE OF SERVICE
I, the undersigned, certify that I mailed
a copy of the foregoing pleading upon the attor-
ney(s) of record for all other parties in this action,
either by mailing or by personally delivering same
on the 18th day of November, 19 93.

*Wayne Matthews*
WAYNE MATTHEWS
PROSECUTING ATTORNEY
BY *Caral Billings*
DEPUTY PROSECUTING ATTORNEY

RESPECTFULLY SUBMITTED,

*Wayne Matthews*
WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: *Caral Billings*
DEPUTY PROSECUTING ATTORNEY

830

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS

VS.                                    CR-93-298-3                        PLAINTIFF

KENNETH REAMS

                                                                          DEFENDANT

## NOTICE

Comes now the State of Arkansas by and through the Office of the Prosecuting Attorney, and in its notice to Defendant states:

That the State intends to proffer evidence of a burglary at Tommy's Restaurant that occurred the same night as the burglary of Pine Bluff Dry Cleaners in this case. The method of entry was the same, the businesses are located within a half-block of each other and the defendant's fingerprints were found at Tommy's on the broken glass. The State will be offering the evidence of the other burglary pursuant to A.R.E. 404(b), evidence of other crimes, wrongs or acts, for the purposes of method of operation and more specifically, identity.

The State submits that said evidence shows the same basic modus operandi, is far more than general similarities, relevant, and is absolutely crucial to the State's case in chief as it is highly probative of the identity of Kenneth Reams as the person who burglarized Pine Bluff Dry Cleaners.

The admission of such evidence has been repeatedly upheld by the Arkansas Supreme Court, as they noted in Tarkington v. State, 250 Ark. 972, 469 S.W.2d 93 (1971).

In Tarkington, a rape case, the judge prohibited the State from

-1-

231

FILED

SEP 27 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk

6513   Respondent's Exhibit E

-2-

ntroducing testimony from a second rape victim, which the prosecution was offering for the purpose of showing a course of conduct. The defendant was convicted anyway and appealed on other issues, but the Court noted in that case that the trial judge should have allowed the testimony to come in. The Court stated, "We have long recognized that evidence of other conduct by a defendant which shows other crimes by him is admissible when relevant to show mode or methods of operation, habits and practices of the defendant and to identify him as the person who committed the crime for which he is on trial."

Dated this _27th_ day of September, 1993.

_Wayne Matthews_
WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_
DEPUTY PROSECUTING ATTORNEY

CERTIFICATE OF SERVICE
I, the undersigned, certify that I have served a copy of the foregoing pleading upon the attorney(s) of record for all other parties in this action, either by mailing or by personally delivering same on the _27th_ day of _September_, 1993.
_Wayne Matthews_
WAYNE MATTHEWS
PROSECUTING ATTORNEY
BY _Carol Billings_
DEPUTY PROSECUTING ATTORNEY

332

6514   Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                              CR-93-298-3

KENNETH REAMS                                              DEFENDANT

## BRIEF IN SUPPORT OF 404(b) MOTION

Comes now the State of Arkansas by and through the Office of the Prosecuting Attorney and in support of its 404(b) Motion herein states:

1. That the State has notified the Defendant that it intends to use evidence of an attempted burglary at Tommy's Restaurant pursuant to A.R.E. 404(b) as going to the defendant's identity in the burglary of Pine Bluff Dry Cleaners.  Both burglaries occurred the same evening, using the same method of operation, i.e., entry through the back door, and were located within a half-block of each other. Further, the defendant's fingerprints were recovered at the burglary of Tommy's, placing him in the area.  The defendant initially denied knowledge of either burglary, and, despite confessions to the contrary since, is asserting general denial as a defense in the case set for trial Thursday.  Therefore, the evidence is circumstantially valuable in proving the defendant's guilt in this case.

2. In support of its motion, the State would direct the Court's attention not only to Tarkington v. State, 250 Ark. 972, 469 S.W.2d 93 (1971), but to Dowling v. United States, 110 S.Ct. 668 (1990) and Prince v. Lockhart, 971 F.2d 118 (8th Cir. 1992), cert. denied, 1394

-1-

833

FILED

SEP 2 7 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6515 Respondent's Exhibit F

--2--

.Ct. 113 (1993), for direction. <u>Tarkington</u> is replete with instances where the Arkansas Supreme Court has said it was not an abuse of discretion to allow such evidence in. The <u>Dowling</u> case the involved evidence from a burglary being used for purposes of identification and the <u>Prince</u> case involved evidence from a drug charge being used in a burglary trial to show identity.

In <u>Dowling</u>, the defendant was being tried for bank robbery and eye witnesses were unable to put him at the scene. A victim in a home burglary occurring two weeks after the bank robbery could however positively identify him and that he wore a ski mask, was like-armed and could connect him to another person in the bank robbery. The evidence was allowed to come in as going to his identity.

In <u>Prince</u>, drugs that were confiscated during a drug raid and subsequent possession with intent charge were later used along with the fact that the defendant had been caught in possession of them to convict the defendant in a burglary of a pharmacy.

The Eighth Circuit's willingness to accept other crimes evidence goes back a long way. In <u>U.S. v. Maestas</u>, 554 F.2d 834 (8th Cir. 1977), cert. denied, 97 S.Ct. 2936 (1977), a prosecution for counterfeit checks, the court allowed fingerprints to be admitted that appeared on counterfeit checks two months earlier in other towns as going to the defendant's identity as the person who committed a separate crime now being charged. The Court talked quite a bit about probative value and undue prejudice and stated that its duty is to assess relevancy and probative value of evidence admitted pursuant to

Respondent's Exhibit E

A.R.E. 404(b) and that it will not reverse a lower court's decision to allow said evidence to come in unless the prejudice substantially outweighs the probative value.

In that case, they noted that some of the circuits were being too restrictive in admission of other crimes evidence and quoted from its holding in U.S. v. Gocke, 507 F.2d 820 (8th Cir. 1974), cert. denied, 420 U.S. 979 (1975):

"We do not require in each case that evidence be of an identical offense.  It is enough that the evidence be of similar involvement reasonably related to the offending conduct and be presented in a manner in which prejudice does not outweigh probative value."  The Court explained itself on "presenting evidence in a way that does not outweigh its probative value" in Footnote 4, saying a relevant consideration is "the amount of time and evidence required during the trial to develop the evidence of the other criminal activity."

The Court also noted in Footnote 7 of Maestas that "unfair prejudice" is an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.  The State submits that introduction of the aforestated evidence in this case does not constitute an "unfair prejudice" under such definition.

The criteria for allowing in 404(b) evidence was cited in U.S. v. Ball, 868 F.2d 989 (8th Cir. 1989), rehearing denied (1989):

1.  The evidence must be admissible on a material issue raised;

2.  The evidence must be similar in kind and reasonably close in time to the charge on trial;

835

Respondent's Exhibit E

-4-

3. Evidence of other crimes or bad acts must be clear and convincing; and

4. Prejudice to the defendant must be outweighed by the probative value of the evidence.

Any evidence the State is ever going to offer would be "prejudicial" to the defendant because it would all weigh in favor of the guilt of the defendant. The Court's duty is to assess whether the means of offering evidence is the most probative method when weighed against undue prejudice to the defendant. The defendant's own fingerprints are certainly indicative of his whereabouts, identity and credibility, all of which are crucial to the State's case.

WHEREFORE, the State respectfully requests that this honorable Court grant the State's motion to use identification and modus operandi evidence from the burglary of Tommy's Restaurant in the trial of the defendant for the burglary of Pine Bluff Dry Cleaners.

Dated this 27th day of September, 1993.

_Wayne Matthews_
WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_
DEPUTY PROSECUTING ATTORNEY

CERTIFICATE OF SERVICE
I, the undersigned, certify that I have served a copy of the foregoing pleading upon the attorney(s) of record for all other parties in this action, either by mailing or by personally delivering same on the 27th day of September, 1993.
_Wayne Matthews_
WAYNE MATTHEWS
PROSECUTING ATTORNEY
BY _Carol Billings_
DEPUTY PROSECUTING ATTORNEY

Respondent's Exhibit E

836

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                          NO. CR 93-301-3

KENNETH REAMS                                                 DEFENDANT

## MOTION TO PRECLUDE THE PROSECUTION
## FROM USING ITS PEREMPTORY CHALLENGES
## TO EXCLUDE BLACK PERSONS AND OTHER GROUPS

Comes now the defendant, Kenneth Reams, by and through

counsel, Maxie G. Kizer, and moves this Court pursuant to the

Sixth, Eighth, and Fourteenth Amendments to the United States

Constitution and the laws and constitution of the State of

Arkansas for an order preventing the State from utilizing its

peremptory challenges and the jury summoning process in a biased

manner to exclude black persons and other specific groups from

serving on the jury.  In support of his motion, defendant states:

1.    He is an indigent black person accused of a capital

crime, and the State is seeking the death penalty.  All the

prosecuting attorneys are white, the trial court is white, and

some witnesses for the prosecution are white.  In contrast, most

of the witnesses that the defense expects to call are black, and

the defense at both phases of the trial will be one to which

black persons are peculiarly sensitive.

2.    The prosecuting attorney and his staff have over a

period of time excluded members of the black race and other

specific groups from being allowed to serve on juries in cases

such as this.  This practice by the prosecuting attorney and his

staff follows two centuries of discrimination against black

**perempt.blk**                        1

337

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6519 Respondent's Exhibit E

people in every aspect of life in this country and in the criminal justice system here.  This practice violates the equal protection clause of the Fourteenth Amendment to the United States Constitution, Batson v. Kentucky, 476 U.S. 79 (1986), as well as the due process clause of the Fourteenth Amendment and the fair cross-section requirement of  the Sixth Amendment. McCray v. Abrams, 750 F.2d 1113, 1118 (2d Cir. 1984) ("the Sixth Amendment prohibits the prosecution's  use of challenges to discriminate on the basis of race..."). See also, State v. Gilmore, 511 A.2d 1150 (1986); Commonwealth v. Soares, 377 Mass. 461, 387 N.E.2d 499 (1979); People v. Wheeler, 583 P.2d 748 (Cal. 1978); Ward v. State, 293 Ark. 88, 733 S.W.2d 728 (1989).

3.    It is anticipated that the prosecuting attorney will continue this pattern of racial discrimination in the exercise of his peremptory strikes and that the jury summoning process will result in an underrepresentation of blacks on the summoned panel.

4.    The exclusion of members of a specific group from the jury, whether or not a defendant is a member of that group, is done in order that the defendant will receive excessive punishment if found guilty.  Such discrimination also injects racial prejudice into the fact-finding process and the jury's sentencing determination.

5.    There is no nondiscriminatory basis for the prosecution's use of its peremptory challenges to exclude all blacks from the jury, nor unbiased reason for use of peremptory challenges to exclude other groups.

**perempt.blk**                    2

Respondent's Exhibit E

838

6.     There is an even more compelling need for an impartial jury in a capital case in order that there be enhanced reliability in both the guilt-innocence as well as sentencing phase of trial pursuant to the Eighth Amendment.  <u>Adams v. Texas</u>, 448 U.S. 38 (1980).

7.     That by this motion, counsel for the defendant, as an example of this bias the State's use of peremptory challenges in the jury trial of <u>State v. Jesse Wilford</u>, Fourth Division Circuit Court.

WHEREFORE, the defendant, Kenneth Reams, requests that the prosecuting attorney be restricted from using peremptory challenges in a racially biased manner, and, if he strikes members of discrete minority ethnic groups, that the prosecuting attorney be required to give adequate explanations for each challenge made.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY:      _____

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

<u>perempt.blk</u>                        3

339

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November , 1993.

MAXIE G. KIZER

perempt.blk                                    4

Respondent's Exhibit E

6522

340

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                            NO. CR 93-361 -3

KENNETH REAMS                                              DEFENDANT

### MOTION TO ALLOW OPENING STATEMENT
### AT PENALTY PHASE

Comes now the defendant, Kenneth Reams, by and through

counsel, Maxie G. Kizer, and in support of his motion, states:

1.   Capital murder trial procedure is governed in Arkansas

by Ark. Code Ann. § 5-4-602 (1987), which provides, in part, that

should the jury find the Defendant guilty of capital murder, the

same jury shall hear additional evidence relating to the

statutory aggravating factors and any mitigating factors in its

determination of sentence.

2.   Ark. Code Ann. § 5-4-602(4) further provides that the

state and the defense shall be permitted to present argument

respecting sentencing.   A fortiori, the state and the defense

should be allowed to make opening statements in the penalty

phase.   The death penalty shall not be imposed in an arbitrary

and capricious manner and, accordingly, the jury should be given

specific and detailed guidance in reaching its decision.   See,

Godfrey v. Georgia, 446 U.S. 420 (1980); Gregg v. Georgia, 428

U.S. 153 (1976); Furman v. Georgia, 408 U.S. 238 (1972).   Opening

statements serve as a guideline to the jury for the evidence they

are about to hear and, necessarily, comport with the Eighth

Amendment and Due Process requirements afforded a capital

Defendant.

FILED

opening.pph                         1                    NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

341

Respondent's Exhibit E

WHEREFORE, the defendant, Kenneth Reams, requests that this Court enter an order allowing opening statements in the penalty phase.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November, 1993.

_____
MAXIE G. KIZER

**opening.pph**                                        2

Respondent's Exhibit E

842

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                      PLAINTIFF

VS.                        NO. CR 93-301-3

KENNETH REAMS                                          DEFENDANT

## MOTION FOR ADDITIONAL TIME TO FILE DEFENSE MOTIONS

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, states that:

1.   The defendant has on this date filed numerous motions with the Court in connection with this case.

2.   It may not be possible for the defendant to receive the information to which he is entitled through discovery by the defendant's motion cut-off date.

3.   The discovery to be provided to the defendant may require additional motions to be filed by the defendant.

WHEREFORE, the defendant, Kenneth Reams, requests that he be granted additional time to file pretrial motions based on the discovery provided to the defense by the State.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

**FILED**

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

**addtime.mtn**                        1

843

6525 Respondent's Exhibit E

<u>Certificate of Service</u>

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November , 1993.

MAXIE G. KIZER

<u>addtime.mtn</u>                    2

Respondent's Exhibit E

6526

344

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                              NO. CR 93-301-3

KENNETH REAMS                                                  DEFENDANT

### MOTION TO REQUIRE STATE TO REVEAL ANY AGREEMENT ENTERED INTO BETWEEN THE STATE AND ANY PROSECUTION WITNESS THAT COULD CONCEIVABLY INFLUENCE HIS TESTIMONY

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and moves the Court to issue an Order requiring the State to reveal any agreement entered into between the Prosecuting Attorney's Office or any other law enforcement agency and any prosecution witness that could conceivably influence said witnesses' testimony on the following grounds:

1.    That the credibility of the witness will be an important issue in the principal case, and the evidence of any understanding or agreement as to future prosecution or any other consideration would be relevant to such witness's credibility and the trial jury is entitled to know of it.

2.    That a refusal to reveal any said agreements constitutes a violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the defendant, Kenneth Reams, prays that this Court grant his motion and order the above disclosures.

**agree.wit**

845

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

1

Respondent's Exhibit E

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a
copy of the foregoing pleading, by mailing a copy of same, by
U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting
Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30
day of November, 1993.

_____
MAXIE G. KIZER

agree.wit                           2

6528 Respondent's Exhibit E

346

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                           NO. CR 93-301-3

KENNETH REAMS                                               DEFENDANT

<u>MOTION FOR DEFENDANT TO APPEAR AT ALL COURT</u>
<u>APPEARANCES IN CIVILIAN CLOTHING AND WITHOUT RESTRAINT</u>

Comes now the defendant, Kenneth Reams, by and through

counsel, Maxie G. Kizer, and in support of his motion, states:

1.    Initially, the defense notes that it recognizes it is

the policy of this Court to allow incarcerated Defendants to

appear at trial before the jury in civilian clothing and, unless

the circumstances clearly require, without restraint of any sort.

2.    Arkansas Rules of Criminal Procedure Rule 33.1 provides

in part:

> Defendants and witnesses shall not
> be subjected to physical restraint
> while in court unless the trial
> judge has found such restraint
> reasonably necessary to maintain
> order.

Furthermore, every Defendant is entitled to be brought

before the Court with the appearance, dignity, and self respect

of a free and innocent man.  <u>Eaddy v. People</u>, 488 P.2d 717

(1943).

3.    The defense asserts that great prejudice would result

to the Defendant should he be viewed by any juror at any time or

in any place without civilian clothing and/or with restraints.

4.    In order for the State to be made aware of and comply

with this Court's policy and to ensure a fundamentally fair trial

cloth.civ                        1

847

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

Respondent's Exhibit E

within the meaning of the Due Process clauses of the United States Constitution, the defense moves for an order allowing the Defendant to appear in civilian clothing and without restraints in the presence of the jury, including all court appearances and movements or transportation of the Defendant to any place where any jurors may view the Defendant.

WHEREFORE, the defendant, Kenneth Reams, respectfully requests that this Court enter an order directing that the State ensure that he appear at all court appearances in civilian clothing and without restraints and at any place where he may be viewed by any jury member.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY:

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 20 day of November, 1993.

MAXIE G. KIZER

cloth.civ                               2

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                      PLAINTIFF

VS.                        NO. CR 93-301-3

KENNETH REAMS                                          DEFENDANT

### MOTION TO HOLD THE SENTENCING PROVISIONS OF THE DEATH PENALTY STATUTE, ARK. CODE ANN. § 5-4-603 (1987) UNCONSTITUTIONAL

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and in support of his Motion states:

1.   Should the defendant be found guilty of capital murder, a second trial will be required to determine the sentence to be imposed.

2.   With regard to sentencing, Ark. Code Ann. § 5-4-603 (1987) provides:

The jury shall impose a sentence of death if it unanimously returns written findings that:  (a) aggravating circumstances exist beyond a reasonable doubt; (b) aggravating circumstances outweigh beyond a reasonable doubt all mitigating circumstances found to exist; and (c) aggravating circumstances justify a sentence of death beyond a reasonable doubt.

3.   If the jury makes the findings set forth above, the Arkansas capital murder scheme becomes a mandatory death statute and as such, it is unconstitutional because it does not allow a jury to show mercy upon a particular defendant despite whatever findings are made.  Gregg v. Georgia, 428 U.S. 153 (1976); Woodson v. North Carolina, 428 U.S. 280 (1976); and Roberts v. Louisiana, 428 U.S. 325 (1976).

cnstrain.mtn                        1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

349

Respondent's Exhibit E

6531

4.    As the Commentary to § 5-4-603 explains, prior to amendment in 1977 the Arkansas capital sentencing scheme allowed a jury to show mercy and return a lesser sentence even if it made all the required findings for imposition of the death penalty.

5.    Former law thus did not constrain the jury's consideration of all mitigating circumstances at all relevant times because it allowed the jury the opportunity to consider the mitigating circumstances, even though outweighed by those in aggravation, in making its ultimate sentencing decision. Although aggravating circumstances may outweigh those in mitigation, the totality of the mitigating circumstances might convince the jury that death was not the appropriate punishment in the case even if the aggravating factors existed to justify it.

6.    The present statutory procedure prohibits the consideration of all mitigating factors at all relevant times, and thus unconstitutionally constrains the jury's consideration of all mitigating aspects of the crime.  Lockett v. Ohio, 438 U.S. 586 (1978) and Mills v. Maryland, 486 U.S. 367 (1988).

7.    Mills v. Maryland, supra, holds that the jury in a capital case cannot be constrained from considering all evidence in mitigation by jury instruction, verdict form or otherwise, in its deliberation of sentence.  AMCI 1509 Form 3 constrains the jury's  consideration of all mitigating evidence at the point of ultimate sentencing decision because it restricts the jury, when weighing mitigating and aggravating circumstances, to considering

cnstrain.mtn                    2

Respondent's Exhibit E

350

only those mitigating circumstances it unanimously found to exist and marked on AMCI 1509 Form B.

8.   Further, the Arkansas Supreme Court has indicated that the jury should be told that despite its findings that aggravating circumstances exist and outweigh those in mitigation it could still exercise mercy in answering the third question as to whether the aggravating circumstances justified a sentence of death.  Williams v. State, 274 Ark. 9, 621 S.W.2nd 686 (1981). The question asked by the jury in the Williams case, "No matter how we've answered the questions on Form A and Form B, will it make a difference on the type of sentence we give?", exemplifies the confusion and constraint that juries are confronted with under the Arkansas sentencing procedure.

9.   The only way to remove the unconstitutional constraint on the jury's consideration of mitigating aspects of the defendant's character and the crime is for the trial court to instruct the jury that regardless of its findings that aggravating circumstances exist and outweigh all mitigating circumstances, it may nevertheless show mercy upon consideration of whether the mitigating circumstances in the case are such that the death penalty is not justified.

WHEREFORE, the defendant, Kenneth Reams, asks that this Court declare the sentencing provisions of the capital murder statute unconstitutional and dismiss the charge against the defendant, or, in the alternative, give the remedial instruction requested in the penalty phase of the trial to remove the

cnstrain.mtn                              3

851

 Respondent's Exhibit E

unconstitutional constraint imposed by those sentencing provisions.

                              Respectfully submitted

                              KENNETH REAMS, DEFENDANT

            BY:    _____
                              MAXIE G. KIZER
                              Ark. Bar No. 83101
                              BYNUM & KIZER
                              721 Pine St., Suite 5
                              P.O. Box 7268
                              Pine Bluff, AR  71611
                              (501) 536-4444

                              Attorney for Defendant

                    Certificate of Service

     I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November , 1993.

                         _____
                              MAXIE G. KIZER

cnstrain.mtn                     4

Respondent's Exhibit E
6534
852

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                        NO. CR 93-301-3

KENNETH REAMS                                            DEFENDANT

## MOTION TO QUASH INFORMATION ON GROUND THAT DEATH PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT VIOLATIVE OF THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and in support of his Motion to Quash, states:

1.    Defendant is charged by information with capital murder.  The statute on which the information is based, Ark. Code. Ann. § 5-10-101 (1987), is violative of the Eighth Amendment to the United States Constitution in that it seeks to inflict a cruel and unusual punishment.

2.    The statute upon which the information is based, Ark. Code Ann. § 5-10-101 is violative of the Eighth Amendment, as construed in the United States Supreme Court capital punishment decisions in Gregg v. Georgia, 428 U.S. 153 (1976) and its progeny in that it neither provides for substantive sentencing review, review of the fitness of the death sentence on the whole record, nor comparative proportionality review of death sentences.

3.    The capital murder statute is violative of the Eighth Amendment in that the death penalty is not a deterrent to future homicides; in fact, executions set socially sanctioned examples of, and provide an inducement to, violence.

cruel.unu

853

Respondent's Exhibit E

4.    The capital murder statute is violative of the Eighth Amendment in that it provides for life imprisonment without parole as an alternative to the death penalty and that alternative is a less drastic means of accomplishing the legislative goals of both deterring the defendant and others from future homicides.  The death penalty is unjustified as a means for achieving any legitimate governmental end, and is therefore excessive because there is no penal purpose served by execution which is not more effectively or more efficiently served by life imprisonment.

5.    The death penalty statute, as applied to the defendant, is violative of the Eighth Amendment because it is "so totally without penological justification that it results in the gratuitous infliction of suffering." Gregg v. Georgia, at 176.

6.    The death penalty statute is violative of the Eighth and Fourteenth Amendments because although the Arkansas Supreme Court has upheld the facial constitutionality of the statute, it has, in fact, as applied since its enactment, resulted in the arbitrary and capricious imposition of the penalty of death upon only a few individuals without any basis for distinguishing those cases in which the death penalty is imposed from the many in which it is not.

WHEREFORE, the defendant, Kenneth Reams, requests that this Court grant his Motion and accordingly quash the information.

cruel.unu

854

6536 Respondent's Exhibit E

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR   71611
(501) 536-4444

Attorney for Defendant

### Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a
copy of the foregoing pleading, by mailing a copy of same, by
U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting
Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30
day of November , 1993.

_____
MAXIE G. KIZER

cruel.unu                          3

855

 Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                        NO. CR 93-301-3

KENNETH REAMS                                              DEFENDANT

### MOTION TO COMPEL DISCLOSURE OF AGGRAVATING FACTORS
### AND INFORMATION RELATING TO MITIGATING FACTORS

Comes now the defendant, Kenneth Reams, by and through

counsel, Maxie G. Kizer, and in support of his Motion, states:

1.   Pursuant to the Rules of Discovery in Criminal Cases in

the State of Arkansas, the defense moves that the Court require

the Prosecuting Attorney to provide the defendant with the

substance of any aggravating circumstances he intends to

introduce evidence on at the sentencing phase of this trial; the

names and addresses of all witnesses who will testify regarding

the aggravating circumstances, along with copies of any

statements, oral or written, that these witnesses may have made;

that the Court order the Prosecuting Attorney to provide any

reports, books, papers, documents, records of prior convictions,

or any other tangible objects to the defense which relate to the

aggravating circumstances set forth in the capital murder

statutes; provide the defense with any records of prior criminal

convictions of witnesses who will be present during the penalty

phase of this trial.

2.   Further, the defense requests that the Court require

the Prosecuting Attorney to provide the defendant with any

material information within his knowledge, possession, or control

that would tend to mitigate punishment for any capital murder

disc.agg

FILED

NOV 3 0 1993

856 DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6538 Respondent's Exhibit E

which the defendant might be convicted.

3.    It is firmly established that a bifurcated capital trial actually constitutes two separate trials, one on guilt/innocence, and then another as to penalty, <u>Collins v. State</u>, 261 Ark. 195, 548 S.W.2d 106 (1977), and therefore, the defense is entitled to the discovery requested.  <u>Gardner v. Florida</u>, 430 U.S. 349 (1977) and <u>Presnell v. Georgia</u>, 439 U.S. 14 (1978).

WHEREFORE, the defendant, Kenneth Reams, prays that this Court grant his Motion and compel the Prosecuting Attorney to make the aforementioned disclosures.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

<u>Certificate of Service</u>

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November, 1993.

_____
MAXIE G. KIZER

<u>disc.agg</u>

857

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                          NO. CR 93- 361-3

KENNETH REAMS                                                  DEFENDANT

### MOTION TO PROHIBIT THE STATE FROM SEEKING THE DEATH PENALTY ON THE GROUNDS THAT HISTORICALLY THE DEATH SENTENCE HAS BEEN ARBITRARILY AND CAPRICIOUSLY IMPOSED IN A RACIALLY DISCRIMINATORY MANNER, IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and in support of his motion, states:

1.    The defendant is charged with capital murder, and the State has announced it intends to seek the death penalty should he be convicted.

2.    The Eighth Amendment's prohibition against cruel and unusual punishment protects against the arbitrary and capricious imposition of the death penalty, Furman v. Georgia, 408 U.S. 238 (1972); and the Fourteenth Amendment's equal protection clause prohibits racial discrimination in capital sentencing, Maxwell v. Bishop, 398 F.2d 138 (8th Cir. 1968), (dictum), vacated and remanded on other grounds, 398 U.S. 262 (1970).

3.    Available statistical data establish that, since the death penalty was validated in 1976 in Gregg v. Georgia, 428 U.S. 153 (1976) and companion cases, there has been a clear pattern showing that the death penalty is more likely to be imposed upon a defendant convicted of killing a white person.

4.    In support of this motion, the defendant submits as evidence the findings reported in Gross and Mauro, "Patterns of

discrim.dp

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

 Respondent's Exhibit E

858

Death:  An Analysis of Racial Disparities in Capital Sentencing and Homicide Victimization," 37 Stan. L. Rev. 27 (1984), which sets out the findings of a comprehensive study of the question of discriminatory application of death sentences in eight states, including Arkansas.

5.    In light of the findings of Gross and Mauro, the defendant asserts that imposition of the death penalty in this case would violate the Eighth and Fourteenth Amendments to the United States Constitution; and therefore, the State should be precluded from seeking that penalty.

WHEREFORE, the defendant, Kenneth Reams, moves this Court to prohibit the State from seeking the death sentence in this case.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November, 1993.

_____
MAXIE G. KIZER

**discrim.dp**

859

 Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                                    PLAINTIFF

VS.                              NO. CR 93-30ℓ-3

KENNETH REAMS                                                        DEFENDANT

### MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and in support of his Motion, states:

1.   The defendant is charged with capital murder and therefore faces the possibility of the imposition of a sentence of death.

2.   The defendant believes that the office of the Prosecuting Attorney will seek to qualify the jury to render the death penalty during voir dire.

3.   The defendant submits that this action on the part of the Prosecuting Attorney to qualify the jury to render the death penalty would be in violation of Article II of the Arkansas Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution in that such "death qualification" denies the defendant his right to an impartial jury drawn from a cross section of the community on the issue of guilt/innocence.

WHEREFORE, the defendant, Kenneth Reams, prays that this Court prohibit the Prosecuting Attorney from qualifying the jury to impose the death penalty.

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

dqual

6542   Respondent's Exhibit E                        860

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR   71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of november, 1993.

_____
MAXIE G. KIZER

dqual

361

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                          NO. CR 93-301-3

KENNETH REAMS                                               DEFENDANT

### MOTION TO COMPEL DISCLOSURE OF CIRCUMSTANCES WHICH ALLEGEDLY MANIFEST EXTREME INDIFFERENCE TO THE VALUE OF HUMAN LIFE

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and in support of his motion, states:

1.     Defendant is charged with capital murder under Ark. Code. Ann. § 5-10-101 (1987), which charge necessarily includes the lesser offense of first degree murder under Ark. Code Ann. § 5-10-101.

2.     Under these code provisions, criminal liability may be imposed for capital murder or first degree murder only upon proof beyond a reasonable doubt that:  (1) the death of a person occurred in the course of and in furtherance of  the named felony; and (2) the killing was done under circumstances manifesting extreme indifference to the value of human life.

3.     The language in subsection (1)(a), "under circumstances manifesting extreme indifference to the value of human life", is vague and overbroad, and fails to adequately impart to the defendant notice of the actions which the state alleges constitute this element of the crime charged.

4.     Because an element of the crime is the requirement that the killing took place under circumstances manifesting extreme indifference to the value of human life, defendant is entitled to

extindif                         1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6544 Respondent's Exhibit E

862

know what circumstances the state intends to rely upon to demonstrate extreme indifference to the value of human life in order that defendant may be able to prepare his defense.

5.   The Supreme Court has emphasized that when a defendant's life is at stake, a court must insure that every safeguard is observed, <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976), and the extent to which procedural due process is afforded a defendant is influenced by the extent to which he may be condemned to suffer grievous loss.   <u>Goldberg v. Kelly</u>, 397 U.S. 254 (1970).   For these reasons, those charged with capital offenses are granted special considerations.   <u>Griffin v. Illinois</u>, 351 U.S. 12, 28 (1956).

6.   Because defendant's life is at stake and because the "extreme indifference to the value of human life" language is vague and overbroad, as well as an essential element of the crime charged, the defendant submits the state should be compelled to disclose what actions, if any, it alleges manifest extreme indifference to the value of human life.

WHEREFORE, the defendant, Kenneth Reams, prays that this court grant his motion and order the requested disclosure.

<u>extindif</u>                                    2

863

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November , 1993.

_____
MAXIE G. KIZER

**extindif**

3

Respondent's Exhibit E

864

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                          NO. CR 93-391-3

KENNETH REAMS                                              DEFENDANT

## MOTION FOR FULL RECORDATION

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, moves that this Court require all proceedings in this case, including all pretrial motions and proceedings, voir dire, opening statements, sidebar conferences, in chambers proceedings, closing arguments, jury charges and any conferences thereon, sentencing proceedings, and post trial motions, to be taken down by the Court Reporter.  This is required by the due process and assistance of counsel guarantees of the Arkansas and United States Constitutions and is necessary to insure meaningful appellate review by the Arkansas Supreme Court of a conviction and sentence.  See, Fountain v. State, 269 Ark. 454, 601 S.W.2d 862 (1980).

WHEREFORE, the defendant, Kenneth Reams, requests that his Motion be granted.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444
Attorney for Defendant

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

fullrec                          1

865

6547 Respondent's Exhibit E

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November, 1993.

MAXIE G. KIZER

**fullrec**

2

6548 Respondent's Exhibit E

866

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                          NO. CR 93-301-3

KENNETH REAMS                                            DEFENDANT

### MOTION TO HOLD THE SENTENCING PROVISIONS OF THE DEATH PENALTY STATUTE, ARK. CODE ANN. § 5-4-603 (1987) UNCONSTITUTIONAL

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and in support of his Motion, states:

1.   Should the defendant be found guilty of capital murder, a second trial will be required to determine the sentence to be imposed.

2.   With regard to sentencing, Ark. Code Ann. § 5-4-603 provides:  The jury shall impose a sentence of death if it unanimously returns written findings that:  (a) aggravating circumstances exist beyond a reasonable doubt; (b) aggravating circumstances outweigh beyond a reasonable doubt all mitigating circumstances found to exist; and (c) aggravating circumstances justify a sentence of death beyond a reasonable doubt.

3.   If the jury makes the findings set forth above, the Arkansas capital murder scheme becomes a mandatory death statute and as such, it is unconstitutional because it does not allow a jury to show mercy upon a particular defendant despite whatever findings are made.  Gregg v. Georgia, 428 U.S. 153 (1976); Woodson v. North Carolina, 428 U.S. 280 (1976); and Roberts v. Louisiana, 428 U.S. 325 (1976).

4.   As the Commentary to § 5-4-603 explains, prior to

mand.sen                         1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

867

6549  Respondent's Exhibit E

amendment in 1977 the Arkansas capital sentencing scheme allowed a jury to show mercy and return a lesser sentence even if it made all the required findings for imposition of the death penalty.

5.    Former law thus did not constrain the jury's consideration of all mitigating circumstances at all relevant times because it allowed the jury the opportunity to consider the mitigating circumstances, even though outweighed by those in aggravation, in making its ultimate sentencing decision. Although aggravating circumstances may outweigh those in mitigation, the totality of the mitigating circumstances might convince the jury that death was not the appropriate punishment in the case even if the aggravating factors existed to justify it.

6.    The present statutory procedure prohibits the consideration of all mitigating factors at all relevant times, and thus unconstitutionally constrains the jury's consideration of all mitigating aspects of the crime.  Lockett v. Ohio, 438 U.S. 586 (1978).

7.    The Arkansas Supreme Court has indicated that a jury should be told that despite its findings that aggravating circumstances exist and outweigh those in mitigation it could still exercise mercy in answering the third question as to whether the aggravating circumstances justified a sentence of death.  Williams v. State, 274 Ark. 9, 621 S.W.2d 686 (1981). The question asked by the jury in the Williams case, "No matter how we've answered the questions on Form A and Form B, will it make a

mand. sen                        2

Respondent's Exhibit E

difference on the type of sentence we give?", exemplifies the confusion and constraint that juries are confronted with under the Arkansas sentencing procedure.

8.   The only way to remove the unconstitutional constraint on the jury's consideration of mitigating aspects of the defendant's character and the crime is for the trial court to instruct the jury that regardless of its findings that aggravating circumstances exist and outweigh all mitigating circumstances, it may nevertheless show mercy upon consideration of whether the mitigating circumstances in the case are such that the death penalty is not justified.

WHEREFORE, the defendant, Kenneth Reams, asks that this Court declare the sentencing provisions of the capital murder statute unconstitutional and dismiss the charge against the defendant, or, in the alternative, give the remedial instruction requested in the penalty phase of the trial to remove the unconstitutional constraint imposed by those sentencing provisions.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY:     MAXIE G. KIZER
        Ark. Bar No. 83101
        BYNUM & KIZER
        721 Pine St., Suite 5
        P.O. Box 7268
        Pine Bluff, AR  71611
        (501) 536-4444

Attorney for Defendant

mand.sen                          3

369

 Respondent's Exhibit E

### Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a
copy of the foregoing pleading, by mailing a copy of same, by
U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting
Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30
day of November, 1993.

                                        _____
                                        MAXIE G. KIZER

mand.sen                          4

Respondent's Exhibit E

870

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS

VS.                                                              PLAINTIFF

                              NO. CR 93-301-3

KENNETH REAMS                                                   DEFENDANT

<u>MOTION TO HOLD THE PROVISIONS OF THE DEATH PENALTY
STATUTE, ARK. CODE ANN. § 5-4-604, ET SEQ., UNCONSTITUTIONAL</u>

Comes now the defendant, Kenneth Reams, by and through
counsel, Maxie G. Kizer, for his motion, states:

1.    In <u>Franz v. State</u>, 296 Ark. 181, 754 S.W.2d 839 (1988),
the Arkansas Supreme Court held that there is no mandatory appeal
of a death sentence pursuant to the provisions of Ark. Code Ann.
§ 16-91-113(a)(1987); Ark. Rules Crim. Pro., Rule 36.24; and
Rules of the Arkansas Supreme Court, Rule 11(f).  Arkansas is the
only state among the thirty-seven states who authorize the
imposition of the death penalty which does not require mandatory
appellate review of a death sentence.

2.    Mandatory appellate review was an essential aspect in
upholding Florida's, Georgia's, and Texas' capital sentencing
statutory schemes in <u>Proffitt v. Florida</u>, 428 U.S. 242 (1976);
<u>Gregg v. Georgia</u>, 428 U.S. 153 (1976), and <u>Jurek v. Texas</u>, 428
U.S. 262 (1976), respectively.  Virtually every United States
Supreme Court case which has reviewed the constitutionality of
various state death penalty schemes has found the validity of
such schemes to rest, in part, upon the existence of mandatory
appellate review. <u>Pulley v. Harris</u>, 465 U.S. 37 (1984) (Stevens,
J., concurring).

3.    Absence of a mandatory appeal violates the defendant's

<u>and.app</u>

1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY

871

6553   Respondent's Exhibit E

Eighth and Fourteenth Amendment rights in that it:  (1) renders the sentencing scheme arbitrary and capricious; (2) shocks the conscience of the community; and (3) deprives the sentencing scheme of adequate safeguards to assure that each death sentence is an individualized decision by the sentencer.  Furman v. Georgia, 408 U.S. 241 (1972), and Woodson v. North Carolina, 428 U.S. 280 (1980).  As the Court noted in Franz v. Lockhart, 700 F. Supp. 1005, 1022 (E.D. Ark. 1988):

> Each of the three enunciated tests, freedom from arbitrary and capricious application, consonance with accepted standards of decency, and adequacy of individualized consideration, taken separately, points inescapably toward mandatory appellate review.  First, an automatic and mandatory review is essential to bring to bear in every case an independent and collective legal judgment that the death penalty is warranted under the standards the legislature has established to guide sentencing discretion. Second, the collective judgment of the state legislatures is that mandatory review is an essential precondition which must be met before the society can be decently satisfied that death is the appropriate response to a particular defendant's actions.  Third and finally, appellate review is a crucial final check between the courtroom and the execution chamber, a last opportunity to examine the judgment that this particular defendant merits this particular, most extreme, irreversible, form of punishment.  When the three are considered collectively, the mandate is indeed powerful.

4.   Because the Arkansas capital sentencing procedure does not provide for mandatory appellate review, the entire scheme violates the Eighth and Fourteenth Amendments to the United States Constitution, and any proceeding undertaken pursuant to Arkansas' capital sentencing statutes is unconstitutional.

nomand.app                    2

Respondent's Exhibit E                    872

WHEREFORE, the defendant, Kenneth Reams, respectfully requests that this Court hold the provisions of the death penalty statute, Ark. Code Ann. § 5-4-601, et seq., unconstitutional.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November , 1993.

_____
MAXIE G. KIZER

nomand.app

3

873

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                            PLAINTIFF

VS.                            NO. CR 93-301-3

KENNETH REAMS                                               DEFENDANT

<u>MOTION TO OMIT FROM SUBMISSION TO THE JURY
ANY AGGRAVATING CIRCUMSTANCE
COMPLETELY UNSUPPORTED BY THE EVIDENCE</u>

Comes now the defendant, Kenneth Reams, by and through

counsel, Maxie G. Kizer, and in support of his motion, states:

1.   The Arkansas Supreme Court, in <u>Miller v. State</u>, 269

Ark. 341, 605 S.W.2d 430 (1980) (Substitute Opinion on

Rehearing), stated at p. 354:

> (W)e think it a better practice, and less
> confusing to the jury, for the circuit judge
> to omit from submission any aggravating or
> mitigating circumstances that are completely
> unsupported by any evidence, and we take this
> opportunity to direct the circuit judges of
> Arkansas to hereafter allow this alternate
> procedure.

2.   The defendant requests that any aggravating

circumstances unsupported by the evidence, when that circumstance

is properly and narrowly construed, be omitted from submission to

the jury.

WHEREFORE, the defendant, Kenneth Reams, asks this Court to

comply with the directive of the Arkansas Supreme Court in <u>Miller

v. State</u>.

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

<u>omit.agg</u>                          1

 Respondent's Exhibit E                        874

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY:

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of _November_, 1993.

MAXIE G. KIZER

**omit.agg**

2

875

 Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                      PLAINTIFF

VS.                        NO. CR 93-301-3

KENNETH REAMS                            ·                    DEFENDANT

## MOTION FOR DISCOVERY, INSPECTION, EXAMINATION, AND TESTING OF PHYSICAL EVIDENCE

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and for his motion, states:

1.   As part of its investigation of this case, the State has collected and has in its possession and control certain items of physical evidence for inspection, examination, and testing by its experts at the State Crime Lab.

2.   These items of evidence and the test results are material and relevant to the issues of guilt, innocence, degree of culpability, and effective·cross-examination of State witnesses against the defendant.

3.   The items of physical evidence that defendant desires to obtain test results of and to inspect, examine, and test, by and through his designated experts, are all evidence in the possession of the Pine Bluff Police Department; the Jefferson County Sheriff's Department; the Arkansas State Crime Lab; or any and all governmental, investigative, or law enforcement agencies which possess any evidence pertaining to this case.

4.   Further, the defendant requests production of all other physical evidence taken by the State from the scene of the

**inspevid**                          1                      FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6558   Respondent's Exhibit E                      876

alleged crime or from either the victim or defendant as part of its investigation in this case, including but not limited to, weapons, bullet casings, blood tests, fingerprints, etc.

5.   This request for discovery, inspection, examination, and testing of the items set out above is essential to ensure the defendant his right to a fair trial, his right to confrontation, his right to prepare a defense in his own behalf, his right to effective counsel and due process of law guaranteed by the Arkansas Constitution and the United States Constitution.

WHEREFORE, the defendant, Kenneth Reams, prays:

(a)  that the Prosecuting Attorney be ordered to produce the results of all testing done on the items of physical evidence described herein, and to produce those items to allow the defendant's expert the right to examine, inspect, conduct scientific tests and to photograph said items at a specific time and place to be fixed by the Court;

(b)  that the time set for inspection, testing, and photographing of the items requested by the defendant's experts be at a reasonable time in advance of trial;

(c)  that the Court enter an Order requiring the Prosecuting Attorney's Office to make continuing disclosure of

Respondent's Exhibit E

all additional items of physical evidence obtained by the State
concerning the charge against the defendant.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY:  _____

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR   71611
(501) 536-4444

Attorney for Defendant

### Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a
copy of the foregoing pleading, by mailing a copy of same, by
U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting
Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 20
day of ___NOV___, 1993.

_____
MAXIE G. KIZER

inspevid                                3

Respondent's Exhibit E

878

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                                    PLAINTIFF

VS.                                 NO. CR 93-301-3

KENNETH REAMS                                                       DEFENDANT

## MOTION TO REQUIRE INVESTIGATIVE OFFICERS TO RETAIN ROUGH NOTES

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, moves that the Court order the Prosecuting Attorney to direct the sheriff's deputies, police officers, and detectives involved in the investigation of this case to retain their rough notes of interviews of witnesses, and in support of his motion, states:

1.   This motion is filed pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

2.   The defendant in the instant case is charged with capital murder committed during the course of a robbery.

3.   The alleged crime ignited an extensive investigation by the State, involving the interrogation of many persons and the seizing of numerous items of physical evidence.

4.   Defendant brings this motion and shows that he should be afforded all information and evidence in the possession of the prosecution or the investigating officers, including all rough notes or field notes taken by sheriff's deputies, police officers and detectives, and other investigative officers in their investigation of this case, and this Court should enter an order requiring the Prosecuting Attorney to locate and secure the above-mentioned items because they may lead to evidence

roughfld.nts                          1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

679

Respondent's Exhibit E

materially favorable to the defendant either of a direct or impeaching nature, or as relevant to punishment.  This requested disclosure is normally not included in the prosecutor's file and thus is not readily obtainable without specific court order, although clearly discoverable under Brady v. Maryland.

WHEREFORE, the defendant, Kenneth Reams, asks that the Court order the Prosecuting Attorney to secure the rough notes of all investigative agents in order to ensure that the Court will have an opportunity to make an independent determination concerning the discoverability of these notes.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of ___Nov___, 1993.

_____
MAXIE G. KIZER

roughfld.nts                    2

Respondent's Exhibit E                    880

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                           NO. CR 93-301-3

KENNETH REAMS                                               DEFENDANT

## MOTION IN LIMINE

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and requests that this Court enter an order prohibiting the Prosecuting Attorney's Office, or any of the State's witnesses in this case, from alluding to, referring to, or in any way bringing before the jury, any evidence concerning photographs of the deceased or pictures taken at the scene of the crime which depict blood or the wounds which the deceased received, as such would only serve to inflame the jury and can resolve no disputed factual issue in this cause.

That the defendant hereby stipulates to the cause and manner of death and also to the location of the bodies of the deceased at the scene, which can be demonstrated by a simple diagram. Therefore, the photographs can resolve no disputed factual issue in this cause and should be excluded under Rule 402 of the Uniform Rules of Evidence.

Further, in light of the defendant's stipulation and the fact that the photographs of the deceased are extremely grotesque, the photographs should not be admitted pursuant to Rule 403 of the Uniform Rules of Evidence due to the fact that they would have little probative value which would be substantially outweighed by the danger of unfair prejudice to the

**photos.exc**                          1

881

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6563 Respondent's Exhibit E

defendant.

Additionally, introduction of the photographs have no bearing on any element of the crime with which the defendant is charged in that the statute under which the defendant is charged, Ark. Code Ann. § 5-10-101 (1987), does not require that the State prove the element that the death of any person was caused under circumstances manifesting extreme indifference to the value of human life.

If the Prosecuting Attorney's Office intends to introduce any such photographs, the defendant requests that the Court instruct the Office of the Prosecuting Attorney to not allude to any such photographs without first approaching the Bench and making known to the Court and the attorneys for the defendant outside the presence and hearing of the jury that which the Prosecuting Attorney's Office intends to offer as such proof, thus permitting the jury to be retired and the evidence and objections heard outside the presence of the jury.  The Court could then make its ruling on the admissibility of such evidence before it is placed before the jury.

In the alternative, the defendant, Kenneth Reams, requests that a hearing be set on any such evidence to be received or offered by the Office of the Prosecuting Attorney prior to trial at the presently scheduled pretrial hearing.  The defendant also requests that should the Court find that any photographs are admissible, the it direct that such photographs be in a black-and-white format, instead of in color, in order to limit the

**photos.exc**                          2

Respondent's Exhibit E

882

inflaming effect such photographs may have on the jury.

                    Respectfully submitted

                    KENNETH REAMS, DEFENDANT

        BY:     _____
                    MAXIE G. KIZER
                    Ark. Bar No. 83101
                    BYNUM & KIZER
                    721 Pine St., Suite 5
                    P.O. Box 7268
                    Pine Bluff, AR  71611
                    (501) 536-4444

                    Attorney for Defendant

                    ## Certificate of Service

    I, Maxie G. Kizer, do hereby certify that I have served a
copy of the foregoing pleading, by mailing a copy of same, by
U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting
Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30
day of November , 1993.

                    _____
                    MAXIE G. KIZER

**photos.exc**

                            3

883

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          NO. CR 93-30(-3

KENNETH REAMS                                        DEFENDANT

## MOTION TO PREVENT "VICTIM IMPACT" EVIDENCE OR,
## IN THE ALTERNATIVE, FOR DISCOVERY OF "VICTIM IMPACT" EVIDENCE

Comes now the defendant, Kenneth Reams, by and through

counsel, Maxie G. Kizer, and in support of his motion, states:

1.   Should the defendant be convicted of capital murder,

the State may present evidence of aggravating circumstances in

seeking the death penalty.  Ark. Code Ann. § 5-4-601, et seq.

(1987).

2.   In Booth v. Maryland, 482 U.S. 496 (1987), it was held

that evidence of the personal characteristics of the victim or of

the impact of the crime on the victim's family diverts the jury's

attention from the proper determination of punishment in a

capital trial.  Consistent with the Eighth Amendment, the death

penalty is not to be imposed based upon the status of the victim,

but instead should be based solely on factors relating to the

circumstances of the crime and the culpability of the offender.

See also, South Carolina v. Gathers, 490 U.S. 805, (1989).

(Contra Payne v. Tennessee, 501 U.S. ___ 111, S.Ct. 2597, 115

L.Ed.2d 720 (1991), holding "victim impact" evidence admissible

to rebut similar evidence presented in behalf of the Defendant.)

3.   In Arkansas, the evidence presented by the State in the

penalty phase of a capital murder trial is explicitly limited to

evidence relevant to the eight enumerated aggravating

exclude.vis                          1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6566 Respondent's Exhibit E

884

circumstances contained in Ark. Code Ann. § 5-4-604 (1987).  See, Ark. Code Ann. § 5-4-602(4), <u>Williams v. State</u>, 274 Ark. 9, 621 S.W.2d 686 (1981).  Evidence of the personal characteristics of the victim or of the impact of the crime on the victim's family is wholly irrelevant to any of the aggravating factors, and should be excluded.  <u>Sermons v. State</u>, 262 Ga. 286, 417 S.E. 2d 144 (1992).

4.    In the event "victim impact" evidence is deemed admissible, the defense should be provided under Arkansas Rules of Criminal Procedure Rule 17.1 with a list of witnesses whom the state intends to call to introduce such evidence, a fair summary of their testimony, and any prior convictions of the witnesses. The defense should further be provided with any material or information within his knowledge, possession, or control which tends to negate the existence or reduce the impact of any "victim impact" evidence.

WHEREFORE, the defendant, Kenneth Reams, requests that this Court enter an order excluding the admission of evidence of the personal characteristics of the victim or of the impact of the crime on the victim's family or, in the alternative, to direct the state to disclose to the defense any such evidence it intends to introduce and any evidence which tends to negate it.

885

656 Respondent's Exhibit E

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of ____Nov____, 1993.

_____
MAXIE G. KIZER

exclude.vis

3

886

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                          NO. CR 93-301-3

KENNETH REAMS                                              DEFENDANT

### MOTION TO PROHIBIT SUBMISSION TO THE JURY OF THE AGGRAVATING CIRCUMSTANCES FOR PECUNIARY GAIN, AT THE PENALTY PHASE OF TRIAL

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and in support of his motion, states:

1.  Defendant is charged with capital murder, the information alleging that defendant, in the course of and in furtherance of the offense of robbery, caused the death of another person under circumstances manifesting extreme indifference to the value of human life.

2.  An essential element of the offense charged which the state must prove beyond a reasonable doubt is that the murder was committed in the perpetration or attempted perpetration of a robbery.  Bly v. State, 263 Ark. 138, 562 S.W.2d 605 (1978).

3.  As construed by the Arkansas Supreme Court, the phrase "for pecuniary gain" is a phrase of common understanding, and means in the perpetration or attempted perpetration of robbery. Neal v. State, 259 Ark. 27, 531 S.W.2d 17 (1975), vacated on other grounds, 429 U.S. 966 (1976).  Therefore, pecuniary gain is an element of the underlying felony, robbery, which must be proved to establish guilt of capital murder.

4.  If the defendant is found guilty of capital murder, a second trial will be held to determine whether defendant be

pecgain.agg                        1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

387

Respondent's Exhibit E

punishment is life imprisonment without parole or death.

5.   That submission of the aggravating circumstance, for pecuniary gain, at the sentencing phase of the trial will deny the defendant rights secured to him by the Eighth and Fourteenth Amendments because such double counts pecuniary gain as an element of the underlying felony, giving rise to the higher charge of capital murder, and duplicatively, as an aggravating circumstance justifying imposition of the penalty of death.

6.   In Collins v. Lockhart, 754 F.2d 258 (8th Cir. 1985), cert. denied, 106 S.Ct. 46 (1986), it was held that the use of an aggravating circumstance that duplicates an element of the crime, itself, is a violation of the Eighth Amendment, as applied to the State by the due process clause of the Fourteenth Amendment, because the double counting of that element fails to narrow the class of persons eligible for the death penalty and to reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.

7.   Although the decision in Collins was subsequently overruled in Perry v. Lockhart, 871 F.2d 1384, (8th Cir.), cert. denied, 493 U.S. 959 (1989), based upon the decision in Lowenfield v. Phelps, 484 U.S. 231 (1988), the propriety of the Eighth Circuit Court of Appeals' extending the rationale of Lowenfield to the Arkansas statutory scheme was recently under submission in the United States Supreme Court in Lockhart v. Fretwell, No. 91-1393.  Because of significant differences in the Arkansas statute and that of Louisiana, the extension of the

pecgain.agg                              2

888

rationale of Lowenfield to a statutory scheme like Arkansas' has been called into question by subsequent United States Supreme Court decisions in Stringer v. Black, 503 U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), Sawyer v. Whitley, 505 U.S. ___, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), Sochor v. Florida, 504 U.S. ___, 112 S.Ct. 2114, ___ L.Ed.2d ___ (1992), and Espinosa v. Florida, 505 U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). These cases indicate the rationale of Lowenfield should not be applied to a statutory scheme like that in Arkansas and that Perry was incorrect in overruling the decision in Collins. The reasoning of the decision in Collins was correct and bars submission of pecuniary gain as an aggravating circumstance in a robbery murder. In Lockhart v. Fretwell, ___ U.S. ___, 113 S.Ct. 838, ___ L.Ed.2d ___, 61 U.S.L.W. 4155 (1993), the United States Supreme Court declined to reach the issue of whether the court in Perry correctly applied the reasoning of Lowenfield v. Phelps to the Arkansas statutory scheme and thus the issue of whether Collins was correctly decided has not been determined and remains an open question.

8.    Other states with statutory schemes similar to those in Arkansas which require the jury to weigh aggravating circumstances with mitigating circumstances have correctly distinguished Lowenfield and held double counting of an element of the offense violates the federal or state constitution. State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992); Davis v. State, 604 So.2d 794 (Fla. 1992); Castro v. State, 597 So.2d 259 (Fla.

pecgain.agg                              3

389

1992); <u>Jenkins v. State</u>, 607 So.2d 1171 (Miss. 1992).

WHEREFORE, the defendant, Kenneth Reams, prays that this court grant his motion and prohibit the state from submitting to the jury at any penalty stage that might occur the aggravating circumstance, "for pecuniary gain."

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

### Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 20 day of ____Nov____ , 1993.

_____

MAXIE G. KIZER

<u>pecgain.agg</u>

4

390

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                           NO. CR 93-361-3

KENNETH REAMS                                                  DEFENDANT

## MOTION TO SEQUESTER WITNESSES

Comes now the defendant, Kenneth Reams, by and through
counsel, Maxie G. Kizer, and for his motion states:

1.    Defendant is charged with capital murder and, if
convicted, believes that the State of Arkansas will seek the
death penalty.

2.    Defendant anticipates that the prosecuting attorney
will call several witnesses to testify against him in the trial
of this case.  Defendant also anticipates that he may call
several witnesses in his behalf.

3.    Defendant requests the exclusion of witnesses from the
courtroom during the trial of this matter.  Defendant
specifically requests that not only should the witnesses be
excluded from the courtroom, but that they should be sequestered
so as to avoid contact with anyone in the courtroom, and with
anyone that is to serve as a witness in this cause; provided,
however, that nothing in this request is to suggest that counsel
for the prosecution or defense, or the court, should be
prohibited from contacting the witnesses.

WHEREFORE, the defendant, Kenneth Reams, moves that this
court exclude witnesses from the courtroom; that these witnesses
be sequestered during the trial and not allowed to discuss the

sequest.wit                            1

FILED

NOV 3 0 1993

891                                         DOROTHY G. PEARSON
                                            Circuit & Chancery Clerk
                          6573 Respondent's Exhibit E   JEFFERSON COUNTY, ARKANSAS

case among themselves, or with spectators; and, that steps be taken by the court and bailiffs to assure that the court's order in this regard are carried out.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY:

MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November , 1993.

MAXIE G. KIZER

sequest.wit

2

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                        NO. CR 93-301-3

KENNETH REAMS                                            DEFENDANT

## MOTION TO ALLOW INDIVIDUAL SEQUESTERED VOIR DIRE

Comes now the defendant, Kenneth Reams, by and through

counsel, Maxie G. Kizer, and in support of his motion, states:

1.    The defendant is charged with capital murder and is

therefore exposed to the penalty of death.

2.    Without waiving any objections properly raised, the

defendant requests that he be allowed to question the prospective

jurors individually during a sequestered voir dire, and that the

Court allow the defendant wide latitude during voir dire on all

issues relevant to the trial of this case.

3.    The substance of this motion is a matter totally within

the discretion of the Court, and since the defendant faces the

possibility of a death sentence, the Court should exercise its

discretion and allow the defense a sequestered voir dire.

4.    In Hovey v. California, 28 Cal. 3d 1 (1980), the court

recognized the importance of individual and sequestered voir dire

in death penalty cases, noting that because of the necessity to

determine potential jurors' attitudes toward the death penalty in

the event there is a sentencing phase after a finding of guilt,

the jury selection process necessarily focuses prospective

jurors' attention on punishment, thereby creating a

predisposition to convict the accused.    In order to minimize the

seq.vd                            1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

893

6575 Respondent's Exhibit E

untoward effects of death qualification, the court determined the most practical and effective procedure would be individual and sequestered voir dire.

Further, individual and sequestered voir dire avoids the possibility of contamination of an entire jury panel if an individual makes a remark or remarks prejudicial to the rights of the defendant.

WHEREFORE, the defendant, Kenneth Reams, requests that the Court grant the defense individual sequestered voir dire and jury selection at the trial of this case.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR   71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November , 1993.

_____
MAXIE G. KIZER

6576 Respondent's Exhibit E

894

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                              NO. CR 93-301-3

KENNETH REAMS                                               DEFENDANT

## MOTION TO ASSURE CROSS SECTION OF COMMUNITY FOR JURY

Comes now the defendant, Kenneth Reams, by and through

counsel, Maxie G. Kizer, and for his motion states:

1.   Defendant is entitled to a fair and impartial jury

selected from a cross section of the community.  This right is

vested in the due process and fair trial guarantees of the Fifth,

Sixth and Fourteenth Amendments to the U.S. Constitution and Art.

2 Secs. 8 and 10 of the Arkansas Constitution.

2.   This right may be thwarted, however, if the officer or

officers calling the jury are vested with discretion over whom on

the rolls to call, or if circumstances dictate that only persons

with telephones are called.  Summoning only by telephone will

have the effect of excluding persons without phones or who work

during the day and have no access to a phone at that time.

3.   These problems may be cured by procedures such as the

following, for which defendant specifically moves:

a.   Require the officer calling the jury to proceed

according to the order in which the jurors were selected for jury

duty, or some other nondiscriminatory pattern, and to note and

explain any deviation therefrom.

b.   Require that in addition to telephone summonses,

that the jury be summoned by mail, with enough advance notice so

**crossec.jry**

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

895

Respondent's Exhibit E

that absence from other duties may be arranged.

      c.   Any other steps that may be necessary and appropriate to achieve a fair and impartial jury from a cross section of the community.

      WHEREFORE, the defendant, Kenneth Reams, prays that this motion be granted.

                              Respectfully submitted

                              KENNETH REAMS, DEFENDANT

BY:

                              MAXIE G. KIZER
                              Ark. Bar No. 83101
                              BYNUM & KIZER
                              721 Pine St., Suite 5
                              P.O. Box 7268
                              Pine Bluff, AR  71611
                              (501) 536-4444

                              Attorney for Defendant

<u>Certificate of Service</u>

    I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November , 1993.

                              MAXIE G. KIZER

<u>crossec.jry</u>

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                          NO. CR 93-301-3

KENNETH REAMS                                              DEFENDANT

### MOTION TO QUASH INFORMATION ON THE GROUND THAT ARK. CODE ANN. §5-10-101(a)(1)(1987), THE CAPITAL FELONY MURDER STATUTE, IS UNCONSTITUTIONAL DUE TO ITS OVERLAP WITH ARK. CODE ANN. §5-10-102(a)(1)(1987), THE FIRST DEGREE FELONY MURDER STATUTE

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and for his motion, states:

1.   The defendant is charged by felony information with capital felony murder.  The state has alleged that in the course of and in furtherance of the commission of a robbery, the defendant and/or his codefendant caused the death of another person under circumstances manifesting extreme indifference to the value of human life.

2.   The capital felony murder charge includes the lesser offense of first degree felony murder, which has been held to be identical in all respects to capital felony murder.  Cromwell v. State, 269 Ark. 104, 598 S.W.2d 733 (1980).

3.   At trial the defendant will have a right to have the jury instructed on all lesser included offenses, including the identical lesser offense of first degree felony murder.  Brewer v. State, 271 Ark. 254, 608 S.W.2d 363 (1980) and Robinson v. State, 269 Ark. 90, 598 S.W.2d 421 (1980).

4.   It is firmly established that the due process clause protects a defendant's right to statutory procedures which ensure

overlap                              1

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

897

that the jury may reliably consider and convict on any lesser offense, <u>Beck v. Alabama</u>, 447 U.S. 625 (1980), and where lesser offenses are provided by law, there must be standards to guide the jury in selecting among the degrees of murder; otherwise jurors are plainly invited to choose a verdict for a higher offense whenever they feel the lesser punishment is inappropriate, or a verdict for a lesser offense whenever they feel the more severe punishment is inappropriate. <u>Roberts v. Louisiana</u>, 428 U.S. 325 (1976). The failure of a statutory procedure to provide such standards renders that procedure unconstitutional because it creates "an element of capriciousness" in the jury's guilt and <u>de facto</u> sentencing discretion, <u>Roberts</u>.

5. The Arkansas statutory scheme is unconstitutional because it fails to provide the jury with any standard by which it can differentiate between capital felony murder and first degree felony murder, and thus the jury is denied any real opportunity to reliably consider the lesser included offense of first degree felony murder. Due to the lack of any distinguishing factor between the two degrees of felony murder, in the context of seven enumerated felonies, the jury has absolutely no basis for a conviction of capital felony murder rather than first degree felony murder. Only through constitutionally impermissible action on the jury's part could the jury consider the lesser degree of felony murder rather than the greater offense. <u>Woodson v. North Carolina</u>, 428 U.S. 280

<u>overlap</u>                                         2

(1976). Any jury could capriciously disregard the capital felony murder instruction and return a verdict finding the defendant guilty of first degree felony murder in order to avoid imposition of the death penalty.

6. The statutory scheme is also violative of equal protection because the overlapping statutes subject persons similarly situated to vastly different punishments without any basis for the dissimilar treatment. Where the legislature has made a classification in crimes involving the imposition of different punishments, the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced are treated alike. <u>Davis v. Cox</u>, 268 Ark. 78, 593 S.W.2d 180 (1980). Under the Arkansas statutory scheme, there is no reasonable basis resting upon some ground of difference for imposing a more severe sentence upon one felony murderer while not on another, and such different treatment violates the equal protection clause. <u>Reed v. Reed</u>, 404 U.S. 71 (1971).

7. Ark. Code Ann. §5-10-101(a)(1), the capital murder statute, when interpreted with Ark. Code Ann. §5-10-102(a)(1), the first degree murder statute, becomes void for vagueness. Section 5-10-101(a)(1) declares that killing a person while in commission of a burglary is a capital murder. Section 5-10-102(a)(1) declares that murder in the first degree occurs when a person is killed during the commission of a felony. The

<u>overlap</u>                                    3

ᘓᘓᘓ

Respondent's Exhibit E

defendant herein is charged with killing a person during the commission of _____ and therefore could be charged under either the capital murder statute, Ark. Code Ann. §5-10-101, or under the first degree murder statute, Ark. Code Ann. §5-10-102. Since there is no guidance in the two provisions as to which should apply in a particular homicide, the due process clause of the United States and Arkansas Constitutions is violated and the capital murder statute should also be held void for vagueness.

8.    Without waiving the arguments in paragraphs 4 through 7 above, the defendant asks the Court to consider the following if the court declines to find the statutory scheme vague and/or arbitrary.  The opportunity for arbitrary utilization of the capital murder scheme is apparent and should create a presumption that the statutory scheme has been so utilized, thereby shifting the burden to the office of the prosecuting attorney to demonstrate that the scheme has not been arbitrarily and discriminatorily pursued.  Finally, if the Court refuses to shift the burden to the prosecuting attorney, but finds that the Arkansas statutory scheme presents the opportunity for an unconstitutionally arbitrary application, then the defendant requests that the Court require the office of the prosecuting attorney to provide the defendant with a list of all first degree murder felony informations filed since January 1, 1976 (the effective date of Ark. Code Ann. §5-10-102, the first degree murder statute).  The defendant further requests that the office of the prosecuting attorney be ordered to provide to the

**overlap**                    4

Respondent's Exhibit E

000

defendant either the files in connection with these cases or a list of all cases filed under the first degree murder provision which could have been filed under the capital murder provision. If the Court finds that there is at least an unconstitutional opportunity for arbitrary application of the capital murder scheme in Arkansas, then with the records provided by the office of the prosecuting attorney, the defendant will be able to demonstrate to the Court the percentage of first degree murder cases that could have been filed as capital murder cases, thereby establishing its position.

WHEREFORE, the defendant, Kenneth Reams, asks that the Court grant the relief requested above and that a hearing be set on the motion to quash the information.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY:      _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

**overlap**

5

901

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a copy of the foregoing pleading, by mailing a copy of same, by U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 30 day of November, 1993.

MAXIE G. KIZER

**overlap**

6

902

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                          NO. CR 93-301-3

KENNETH REAMS                                              DEFENDANT

### MOTION TO QUASH INFORMATION ON THE GROUND THAT THE STATUTORY AGGRAVATING CIRCUMSTANCES ARE VAGUE AND OVERBROAD AND HAVE NOT BEEN NARROWLY CONSTRUED BY THE APPELLATE COURT

Comes now the defendant, Kenneth Reams, by and through counsel, Maxie G. Kizer, and in support of his Motion to Quash, states:

1.    The defendant is charged with capital murder and if found guilty by a jury, that same jury will then determine sentence in a separate proceeding.  During the punishment phase, the same jury will hear evidence regarding certain aggravating and mitigating circumstances to weigh in determining the appropriate punishment.

2.    Ark. Code. Ann. § 5-4-604 (1987) lists eight aggravating circumstances which the jury may consider in its sentence determination.  These aggravating circumstances are vague and  overbroad on their face, a fact which does not necessarily render the statute unconstitutional, provided those aggravating circumstances are given clear and narrow construction.  Gregg v. Georgia, 428 U.S. 153 (1976).

3.    Aggravating circumstances must be clearly and narrowly construed by appellate courts to avoid overly broad or differing interpretations of their application, which could lead to dissimilar results and preclude any meaningful basis for

overagg                              1

903

FILED

NOV 3 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6585 Respondent's Exhibit E

distinguishing the few cases in which the penalty of death is imposed from the many in which it is not.  Maynard v. Cartwright, 486 U.S. 356 (1988) and Godfrey v. Georgia, 446 U.S. 420 (1980).

4.   Where an overly broad or vague interpretation is given the aggravating circumstances, they cannot constitutionally under the Eighth and Fourteenth Amendments be the basis for imposition of the penalty of death.  Maynard v. Cartwright and Godfrey v. Georgia.

5.   The Arkansas Supreme Court, in Miller v. State, 269 Ark. 341, 605 S.W.2d 430 (1980)(Substitute Opinion on Rehearing), refused to narrowly or otherwise construe the meaning of the statutory aggravating circumstances and, instead, stated it would defer to the jury's uninformed and undisclosed interpretation of the aggravating circumstances and affirm its findings on less than substantial evidence, as long as the jury "could sincerely and honestly [make] the finding as they understood the question." Id., at 355.  [Emphasis Court's].  By failing to give a narrow meaning to the aggravating circumstances and, instead, deferring to an uninformed jury, the Court effectively adopted such a broad, vague, and varying construction of the statutory aggravating circumstances as to render Ark. Code Ann. § 5-4-604 violative of the Eighth and Fourteen Amendments.

6.   It is only when the necessarily somewhat vague and overbroad language used to delineate the statutory aggravating circumstances is given a clear and narrow construction that a sentencing statute passes constitutional muster, Gregg v.

**overagg**                          2

Respondent's Exhibit E                          904

Georgia; otherwise the statute invites the arbitrary and capricious imposition of the death penalty and is violative of the Eighth and Fourteenth Amendments.  <u>Maynard v. Cartwright</u> and <u>Godfrey v. Georgia</u>.

7.   Although the aggravating circumstances involved in <u>Miller v. State</u>, were not overly broad or vague on their face, the Arkansas Supreme Court's affirmance of their application to the facts involved in the <u>Miller</u> case represents an overbroad application of those circumstances as applied.  Since the Arkansas Supreme Court in <u>Miller</u> refused to give meaning to those aggravating circumstances, instead deferring to the jury's uninformed and unexplained findings, the Court has upheld findings of various aggravating circumstances on virtually almost any factual situation.  Accordingly, through its failure to perform its appellate review responsibilities, the statutory aggravating circumstances can be applied to nearly any factual situation.  Thus, they unconstitutionally fail to perform the narrowing function necessary for constitutional application of the statute.  The review function performed by the Arkansas Supreme Court in <u>Miller v. State</u>, and in cases subsequent thereto, was specifically rejected as an unconstitutional failure to perform appellate review responsibilities in <u>Maynard v. Cartwright</u>.

8.   Because the Arkansas Supreme Court has failed to give any construction to the meaning of statutory aggravating circumstances they can be argued by the state to apply to any

<u>overagg</u>                    3

6587 Respondent's Exhibit E

given fact situation, and thus, are unconstitutionally vague as
actually applied.

WHEREFORE, the defendant, Kenneth Reams, prays that this
Court quash the information and declare the sentencing provisions
of the Arkansas death penalty statute unconstitutional as
overbroad and vague.

Respectfully submitted

KENNETH REAMS, DEFENDANT

BY: _____
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR   71611
(501) 536-4444

Attorney for Defendant

## Certificate of Service

I, Maxie G. Kizer, do hereby certify that I have served a
copy of the foregoing pleading, by mailing a copy of same, by
U.S. Mail, postage prepaid, to Wayne Matthews, Prosecuting
Attorney, P.O. Box 8051, Pine Bluff, Arkansas 71611, this 80
day of November , 1993.

_____
MAXIE G. KIZER

overagg

4

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                         NO. CR 93-3oL-3

KENNETH REAMS                                              DEFENDANT

### ORDER

On this day is presented the Motion of the Defendant, Kenneth Reams, seeking a release of any and all records of Kenneth Reams maintained at the Arkansas State Hospital pertaining to his most recent commitment to the Arkansas State Hospital from this Court, and a release of the Jefferson County School District records. These should include grade reports, disciplinary reports and any other school records. The Court, being fully advised, finds the Motion should be granted.

IT IS THEREFORE, CONSIDERED, ORDERED and ADJUDGED, that the Arkansas State Hospital and the Jefferson County School District are hereby ordered to release to defendant's attorneys, Maxie G. Kizer, and the Arkansas Death Penalty Resource Center, or their representatives, all records pertaining to Kenneth Reams, including, but not limited to, all psychiatric examinations, reports of examinations, physical examinations, reports of physical examinations, daily nurses' and progress notes, reports of daily medications, social history, and any and all other data pertaining to defendant's evaluation and treatment and schooling.

FILED

DEC   6 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

schoolrd.ord

007

IT IS SO ORDERED.

_____
CIRCUIT JUDGE

December 6, 1993
_____
DATE

PREPARED BY:
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

schoolrd.ord

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                        NO. CR 93-301-3

KENNETH REAMS                                            DEFENDANT

## ORDER FOR RELEASE
## OF CRIME LAB RECORDS

Upon motion of the defendant, Kenneth Reams, it is hereby
CONSIDERED, ORDERED and ADJUDGED that the Arkansas State Crime
Lab in Little Rock, Arkansas allow the defense to review and copy
any and all documents contained in the State Crime Lab's file.
This should include, but should not be limited to, autopsy
reports, serology reports, toxicology reports, gunshot residue
tests, ballistic tests, hair and fingerprint analysis and any
notes or information pertinent to or relating to this case.

IT IS SO ORDERED.

_____
CIRCUIT JUDGE

_____
DATE  December 6, 1993

PREPARED BY:
MAXIE G. KIZER
Ark. Bar No. 83101
BYNUM & KIZER
721 Pine St., Suite 5
P.O. Box 7268
Pine Bluff, AR  71611
(501) 536-4444

Attorney for Defendant

FILED

DEC 6 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

crlabrcd.ord

909

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                         PLAINTIFF

VS.                            CR-93-301-3

KENNETH REAMS                                 DEFENDANT

## STATE'S RESPONSE TO MOTION TO COMPEL DISCLOSURE OF CIRCUMSTANCES WHICH ALLEGEDLY MANIFEST EXTREME INDIFFERENCE TO THE VALUE OF HUMAN LIFE

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1.  The defendant's arguments that the language of A.C.A. 5-10-101 (1)(a) is overbroad and vague are meritless.  As the Arkansas Supreme Court has said repeatedly, this statute meets the constitutional requirements.  "The wording of the statute, i.e., conduct manifesting extreme indifference to human life, indicates that the perpetrator of capital murder must act with deliberate conduct which culminates in the death of some person. Pruett v. State, 287 Ark. 124, 697 S.W.2d 872 (1985).

2.  While there is no rule that requires the State to lay out for defense counsel its strategy or arguments in advance of trial, the major circumstances that show "extreme indifference to the value of human life" can be gleaned by a cursory examination of the State's file - the defendant or his accomplice put a gun to the

-1-

FILED

DEC  8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6592 Respondent's Exhibit E                         910

-2-

head of a customer using an automatic teller machine during an aggravated robbery and shot the customer when he did not comply with his/their demands.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_
CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611



911

6593   Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                                    PLAINTIFF

VS.                           CR-93-301-3

KENNETH REAMS                                       DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DEFENDANT TO APPEAR AT ALL COURT APPEARANCES IN CIVILIAN CLOTHING AND WITHOUT RESTRAINTS

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1.  Decisions in regard to the security and order in the courtroom are in the discretion of the trial court. See Rule 33.1 of the Arkansas Rules of Criminal Procedure, and Woods v. State, 40 Ark. App. 204, ___ S.W.2d ___ (1993).

2.  the State has no objection to defendant's Motion provided the security and order in the courtroom are not compromised.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY:  _Carol Billings_

CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                            PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                                    DEFENDANT

### STATE'S RESPONSE TO
### MOTION TO ALLOW OPENING STATEMENT
### AT PENALTY PHASE

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

The State has no objection to this Court entering an order allowing both the prosecution and defense opening statements during the penalty phase.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_

CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611



FILED
DEC 8 1993
DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

913

6595 Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                      PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                              DEFENDANT

STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
CAPITAL MURDER CHARGE BASED ON OVERLAP OF ARKANSAS STATUTES

Comes now the State of Arkansas, by and through Wayne
Matthews, Prosecuting Attorney for the Eleventh Judicial District
West, and for its Response to the Defendant's Motion states as
follows:

1.  Although defendant argues that the Arkansas statutory
scheme is void for vagueness, the Arkansas Supreme Court on
numerous occasions has held to the contrary.  See Simpson v. State,
274 Ark. 188, 623 S.W.2d 200 (1981); Ruiz and Van Denton v. State,
273 Ark. 94, 623 S.W.2d 200 (1981); Cromwell v. State, 269 Ark.
104, 598 S.W.2d 733 (1980).

2.  The Arkansas Supreme Court has previously addressed the
overlapping nature of criminal statutes; and each time, the court
has held that the overlapping provisions do not render them
unconstitutionally vague since they clearly set out what acts are
prohibited and there is no impermissible uncertainty in the
definition of the offenses.  Coble v. State, 274 Ark. 134, 624
S.W.2d 421 (1981); Earl v. State, 272 Ark. 5, 612 S.W.2d 1981);
and Cromwell, supra.

3.  That the Arkansas Supreme Court on a number of occasions
has upheld the statutory scheme whereby the prosecutor may charge
either capital felony murder or first degree murder when the murder
is committed in the perpetration of specified felonies.  Cannon v.

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

Respondent's Exhibit E                        914

-2-

State, 286 Ark. 242, 690 S.W.2d 725 (1985); <u>Penn v. State</u>, 284 Ark. 234, 681 S.W.2d 307 (1984); <u>Miller v. State</u>, 273 Ark. 508, 621 S.W.2d 482 (1981).

WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion be denied.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _____
CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

915

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                                    PLAINTIFF

VS.                              CR-93-301-3

KENNETH REAMS                                          DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION THAT THE DEATH PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT, VIOLATIVE OF THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1.   The death penalty does not, per se, violate the Eighth Amendment to the United States Constitution.  Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

2.  The Arkansas death penalty statute does not violate the Eighth Amendment's ban on cruel and unusual punishment. Fairchild v. State, 284 Ark. 289, 681 S. W.2d 380 (1984).

3.   The defendant's assertion that seeking the death penalty constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution is fundamentally flawed, in that seeking a punishment provided for by statute does not constitute punishment of any kind.

4.   The prohibition of the Eighth Amendment regarding cruel and unusual punishment applies to the imposition of punishment, not to the right of the State to seek a particular punishment statutorily provided.

-1-

FILED

DEC · 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

-2-

WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion be denied.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_

CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

917

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                         PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                                    DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION TO HOLD THE PROVISIONS OF THE DEATH PENALTY STATUTE, ARK. CODE ANN. 5-4-604, ET SEQ., UNCONSTITUTIONAL

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1.   That it is true the Arkansas Supreme Court has stated there is not mandatory appellate review in Arkansas.   Franz v. State, 296 Ark. 181, 754 S.W.2d 839 (1988); Collins v. State, 261 Ark. 195, 548 S.W.2d 106 (1977).

2.   That the Franz opinion specifically addressed defendant's argument in regard to the mandatory appellate review discussed in Proffitt v. Florida, 428 U.S. 242 (1976); Gregg v. Georgia, 428 U.S. 153 (1976); and in Jurek v. Texas, 428 U.S. 262 (1976), wherein, at page 187, the Arkansas Supreme Court stated that "[t]he idea that in Gregg, Proffitt and Jurek the United States Supreme Court has held that there must be a mandatory or automatic appeal from the imposition of the death penalty by a state trial court seems to have crumbled with the recent actions of the court in Gilmore v. State of Utah, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976)..."

FILED

DEC 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

018

3.   That the _Franz_ opinion, at pages 186-187, also held that the lack of mandatory appeal does _not_ [emphasis added] render our law unconstitutional.   At page 187 the Arkansas Supreme Court states:   "We find nothing in any opinion, and certainly no majority, which supports a holding that there must be either a mandatory or automatic appeal of a judgment imposing the death penalty or that there must be appellate review which compares cases in which the death penalty has been imposed..."

4.   That the Arkansas Supreme Court has repeatedly rejected the argument that Arkansas capital murder statutes are unconstitutional, as violative of the Eighth and Fourteenth Amendments to the United States Constitution. _Miller v. State_, 269 Ark. 341, 605 S.W.2d 430 (1980); _Swindler v. State_, 267 Ark. 418, 592 S.W.2d 91 (1979); _Pickens v. State_, 261 Ark. 756, 551 S.W.2d 212 (1977); _Collins v. State_, 261 Ark. 195, 548 S.W.2d 106 (1977).

5.   That the Arkansas capital murder statutes provide adequate guidelines so limiting and directing the exercise of the jury's discretion that any arbitrary, capricious, wanton, or freakish exercise of that discretion is improbable. _Hill v. State_, 289 Ark. 387, 713 S.W.2d 233 (1986).

6.   That the safeguards in our law whereby capital defendants are tried and sentenced are intended to prevent the arbitrary and capricious imposition of the death penalty. _Clines v. State_, 282 Ark. 541, 669 S.W.2d 883 (1984).

-2-

919

Respondent's Exhibit E

-3-

WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion be denied.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _____

CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                        CR-93-301-3

KENNETH REAMS                              DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION TO ALLOW INDIVIDUALLY SEQUESTERED VOIR DIRE

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

The State has no objection to the Court conducting individually sequestered voir dire. The State joins in the defendant's motion.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _____
CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

FILED

DEC 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

921

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                              CR-93-301-3

KENNETH REAMS                              DEFENDANT

<u>STATE'S MOTION TO ASSURE CROSS-SECTION<br>OF COMMUNITY FOR JURY</u>

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1. The State will follow the procedure for the selection and attendance of jurors outlined in A.C.A. 16-32-101, et seq.

2. The defendant has cited no authority for requiring any other procedure other than what is detailed in the above-stated statutes.

WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion be denied.

                    Respectfully submitted,

                    WAYNE MATTHEWS
                    PROSECUTING ATTORNEY

          BY: _____
                    CAROL BILLINGS
                    DEPUTY PROSECUTING ATTORNEY
                    P. O. Box 8051
                    Pine Bluff, AR 71611


FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                              CR-93-301-3

KENNETH REAMS                                    DEFENDANT

STATE'S RESPONSE TO DEFENDANT'S MOTION TO
COMPEL DISCLOSURE OF AGGRAVATING AND MITIGATATING FACTORS

Comes now the State of Arkansas, by and through Wayne
Matthews, Prosecuting Attorney for the Eleventh Judicial District
West, and for its Response to the Defendant's Motion states as
follows:

1.   The State will comply with the Arkansas Rules of Criminal
Procedure and relevant case law concerning disclosure and
discovery.

2.   That pursuant to A.C.A. section 5-4-604(3) it is an
aggravating circumstance if a person has previously committed
another felony, an element of which was the use or threat of
violence to another person or the creation of a substantial risk of
death or serious physical injury to another person.  Therefore, the
State will offer as an aggravating circumstance the fact that
the defendant, Kenneth Reams, has previously been convicted or
found guilty of burglary and aggravated robbery.

The State will also offer as an aggravating circumstance that

-1-

FILED

DEC · 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

923

6605 Respondent's Exhibit E

-2-

the murder was committed for pecuniary gain, A.C.A. 5-4-604(6),
since the motive for the murder was money and the death of the
victim resulted during the aggravated robbery.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_____

CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

924

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                                      DEFENDANT

STATE'S RESPONSE TO DEFENDANT'S
MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1.   The "death qualification" of a jury is permissible under the United States Constitution.  Lockhart v. McCree, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed2d 27 (1986).

2.   The "death qualification" of the jury does not violate the Arkansas Constitution.  See Hatley v. State, 289 Ark. 130, 138-139, 709 S.W.2d 812 (1986); Baker v. State, 289 Ark. 430, 433, 711 S.W.2d 816 (1986); Hill v. State, 289 Ark. 387, 398, 713 S.W.2d 233 (1986); Fretwell v. State, 289 Ark. 91, 97-98, 708 S.W.2d 630 (1986); Harman v. State, 286 Ark. 184, 185, 690 S. W. 2d 125 (1985); Rector v. State, 280 Ark. 385, 659 S.W.2d 168 (1983).

3.   The defendant has cited no authority to support his argument.

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

025

Respondent's Exhibit E

-2-


    WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion be denied.


                Respectfully submitted,

                WAYNE MATTHEWS
                PROSECUTING ATTORNEY

BY: _____
                CAROL BILLINGS
                DEPUTY PROSECUTING ATTORNEY
                P. O. Box 8051
                Pine Bluff, AR 71611

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                        CR-93-301-3

KENNETH REAMS                                    DEFENDANT

<u>STATE'S RESPONSE TO DEFENDANT'S MOTION FOR RECORDATION</u>

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

The State of Arkansas has no objection to defendant's motion, and therefore joins in defendant's Motion for Complete Recordation in regard to the above-styled case.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _____
CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

FILED

DEC 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

027

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                              CR-93-301-3

KENNETH REAMS                                        DEFENDANT

STATE'S RESPONSE TO
MOTION TO PRECLUDE THE PROSECUTION
FROM USING ITS PREEMPTORY CHALLENGES
TO EXCLUDE BLACK PERSONS AND OTHER GROUPS

Comes now the State of Arkansas, by and through Wayne
Matthews, Prosecuting Attorney for the Eleventh Judicial District
West, and for its Response to the Defendant's Motion states as
follows:

1.  That, pursuant to A.C.A. 16-33-305(a), "[t]he state
shall be entitled to ten (10) peremptory challenges in
prosecutions for capital murder . . ."

2.  That the State has not and does not adhere to the
claimed method of systematically excluding blacks from jury
selection as suggested by the Defendant.

3.  That the State will comply with the procedures set forth
in relevant Arkansas case law in regard to jury selection and
will comply with the requirements of Batson v. Kentucky, 476 U.S.
79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in the exercise of the
allotted peremptory challenges.

4.  That in addition, the Fourteenth Amendment prohibits
criminal defendants from exercising preemptory challenges based
upon race and the procedure set out in Batson applies to
defendants as well.  Georgia v. McCollum, 505 U. S. _____.
Ct. 2348, 120 L.Ed 2d 33 (1992).

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

-2-

WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion to require the State to explain the use of each and every one of its preemptory challenges be denied unless the defendant can show a pattern of discrimination.

                              Respectfully submitted,

                              WAYNE MATTHEWS
                              PROSECUTING ATTORNEY
         BY:      _Carol Billings_____
                              CAROL BILLINGS
                              DEPUTY PROSECUTING ATTORNEY
                              P. O. Box 8051
                              Pine Bluff, AR 71611

929

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                                    DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT SUBMISSION OF ANY AGGRAVATING CIRCUMSTANCES COMPLETELY UNSUPPORTED BY THE EVIDENCE

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1.  That the State has no intention of submitting any aggravating circumstance not supported by the law or evidence.

2.  That the Arkansas Supreme Court in Miller v. State, 269 Ark. 341, 605 S.W.2d 430 (1980), also suggested that mitigating circumstances completely unsupported by any evidence should not be submitted to the jury as well.

                              Respectfully submitted,


                              WAYNE MATTHEWS
                              PROSECUTING ATTORNEY

                    BY:  _Carol Billings_
                              CAROL BILLINGS
                              DEPUTY PROSECUTING ATTORNEY
                              P. O. Box 8051
                              Pine Bluff, AR 71611


FILED

DEC 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                              DEFENDANT

STATE'S RESPONSE TO DEFENDANT'S MOTION TO QUASH INFORMATION
ON THE GROUND THAT STATUTORY AGGRAVATING CIRCUMSTANCES ARE
VAGUE AND OVERBROAD AND HAVE NOT BEEN NARROWLY CONSTRUED
BY THE APPELLATE COURT

Comes now the State of Arkansas, by and through Wayne
Matthews, Prosecuting Attorney for the Eleventh Judicial District
West, and for its Response to the Defendant's Motion states as
follows:

1.   The defendant's Motion is meritless, as the Arkansas
Supreme Court has, on numerous occasions, rejected the argument
that our capital murder statute is unconstitutionally vague.  In
this regard, see Simpson v. State, 278 Ark. 334, 645 S.W.2d 688
(1983); Ford v. State, 276 Ark. 98, 633 S.W.2d 3 (1982); Earl v.
State, 272 Ark. 5, 612 S.W.2d 98 (1981).

2.   In Henderson v. State, 279 Ark. 414, 652 S.W.2d 26
(1983), cert. denied, 464 U.S. 1012, 104 S.Ct. 536, 78 L.Ed.2d
716 (1983), petition denied, 281 Ark. 406, 664 S.W.2d 451 (1984),
the Arkansas Supreme Court rejected the defendant's argument that
the capital murder sentencing statute is unconstitutionally vague
in that the aggravating circumstances of A.C.A. 5-4-604 are too
closely related to the elements of capital felony murder.
Therefore, the court analyzed the aggravating circumstances and
did not hold them vague and overbroad.

3.   The Supreme Court reviewed A.C.A. 5-4-608 (198

FILED

-1-

DEC 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

031                    6613 Respondent's Exhibit E

-2-

great detail in Wilson v. State, 295 Ark. 682, 751 S.W.2d 734 (1988). The court held in Wilson that the eighth aggravating circumstance, A.C.A. 5-4-604(8), which was added in 1985 and which permitted the jury to consider whether the capital murder was committed in an especially heinous, atrocious, or cruel manner, was unconstitutionally vague.  The Court stated that "the words 'especially heinous, atrocious, or cruel' can mean nearly anything."

4.  That the Arkansas Supreme Court cited the very cases that the defendant now cites, Gregg V. Georgia, 428 U.S. 153 (1976), Maynard V. Cartwright, 486 U.S. 356 (1988) and Godfrey v. Georgia, 446 U.S. 420 (1980) to scrutinize the aggravating circumstances in Wilson.  By these cases, they did find that the eighth aggravating circumstance was vague and overbroad, but did not hold that the other seven aggravating circumstances contained the same error.  It is the contention of the State that the words used in the other seven aggravating circumstances are not subject to any "meaning," nor did the Court in Wilson state that they were, and therefore are not vague or overbroad.

WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion to quash be denied.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _____
CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY

Respondent's Exhibit E

032

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                        CR-93-301-3

KENNETH REAMS                              DEFENDANT

STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1.   The State will comply with the Arkansas Rules of Criminal Procedure; more specifically, Rule 17.1.

2.   The State will comply with the discovery requirements set forth in relevant case law. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.215 (1963).

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_

CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

FILED

DEC : 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

033

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                              DEFENDANT

<u>STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT
THE STATE FROM USING PECUNIARY GAIN
AS AN AGGRAVATING CIRCUMSTANCE</u>

Comes now the State of Arkansas, by and through Wayne
Matthews, Prosecuting Attorney for the Eleventh Judicial District
West, and for its Response to the Defendant's Motion states as
follows:

1.  The defendant's Motion is without merit.  Pursuant to
A.C.A. 5-4-604(6), it is an aggravating circumstance if the
capital murder was committed for pecuniary gain.

2.  It is true that in <u>Collins v. Lockhart</u>, 754 F.2d 258
(8th Cir. 1985), the Eighth Circuit Court of Appeals held that
the "pecuniary gain" aggravating circumstance could not be used
to impose the death penalty in cases where it would duplicate an
element of the underlying offense.

3.  However, <u>Collins</u>, <u>supra</u>, was effectively overruled in
<u>Lowenfield v. Phelps</u>, 484 U.S. 231 (1988), and the Eighth Circuit
Court of Appeals has so held in <u>Perry v. Lockhart</u>, 871 F.2d 1384,
1393 (8th Cir. 1989), <u>cert. denied</u>, 493 U.S. 959 (1989), and
<u>Singleton v. Lockhart</u>, 871 F2d 1395, 1401 (8th Cir. 1989), <u>cert.
denied</u>, 493 U.S. 874 (1989).  The Arkansas Supreme Court, in
<u>O'Rourke v. State</u>, 295 Ark. 57, 746 S.W.2d 52 (1988), stated that
<u>Lowenfield</u> resolved the issue in <u>Collins</u>.

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

-2-

4.  In Lowenfield, supra, the U.S. Supreme Court held that while a capital-sentencing scheme must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder, the narrowing function may be performed by jury findings at either the sentencing phase or the guilt phase of a trial.

5.  The Lowenfield decision also held that the fact that an aggravating circumstance duplicated one of the elements of the crime in question did not make the death sentence constitutionally infirm.

6.  A.C.A. 5-4-603 provides for the narrowing function in the penalty phase.  Johnson v. State, 308 Ark. 7, 823 S.W.2d 800 (1992).  The Constitution requires no more than a narrowing of the death eligible class in the penalty phase of a bifurcated trial.  Johnson, supra, citing, Lowenfield, supra.

7.  The Arkansas Supreme Court has held that Arkansas' capital sentencing scheme is constitutional.  Ward v. State, 300 Ark. 415, 827 S.W.2d 110 (1992).

8.  The Lowenfield decision further held that the death sentence could be imposed even though the sole aggravating circumstance found by the jury at the sentencing phase was identical to an element of the capital crime.

-2-

935

Respondent's Exhibit E

-3-

WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion be denied.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _____
CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                         CR-93-301-3

KENNETH REAMS                                    DEFENDANT

STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT
THE STATE FROM SEEKING THE DEATH PENALTY, ON THE
GROUNDS THAT HISTORICALLY THE DEATH SENTENCE HAS
BEEN ARBITRARILY AND CAPRICIOUSLY IMPOSED IN A
RACIALLY DISCRIMINATORY MANNER, IN VIOLATION OF
THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1. The Arkansas Supreme Court has repeatedly rejected the argument that Arkansas capital murder statutes are unconstitutional, as violative of the Eighth and Fourteenth Amendments to the United States Constitution. Miller v. State, 269 Ark. 341, 605 S.W.2d 430 (1980); Swindler v. State, 267 Ark. 418, 592 S.W.2d 91 (1979); Pickens v. State, 261 Ark. 756, 551 S.W.2d 212 (1977); Collins v. State, 261 Ark. 195, 548 S.W.2d 106 (1977).

2. That the cruel and unusual punishment argument of defendant's was rejected in Gregg v. Georgia, 428 U.S. 153 (1976), and by the Arkansas Supreme Court in Fairchild v. State, 284 Ark. 289, 681 S.W.2d 380 (1980).

3. That the Arkansas capital murder statutes provide adequate guidelines, so limiting and directing the exercise of the jury's discretion that an arbitrary, capricious, wanton or freakish 1993

FILED

DEC 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

937

-2-

exercise of that discretion is improbable. <u>Hill v. State</u>, 289 Ark. 387, 713 S.W.2d 233 (1986).

4.   That the argument that prosecutorial discretion in seeking the death penalty is arbitrary and capricious has been dealt with and rejected in <u>Bordenkircher v. Hayes</u>, 434 U.S. 359 (1978), and in <u>Miller v. State</u>, 269 Ark. 341, 605 S.W.2d 430 (1980).

5.   That the safeguards in our law whereby capital defendants are tried and sentenced are intended to prevent the arbitrary and capricious imposition of the death penalty. <u>Clines v. State</u>, 282 Ark. 541, 669 S.W.2d 883 (1984).

6.   That the constitutional guarantee afforded defendant is a guarantee against the arbitrary and capricious isolation of one group of offenders from more severe punishment than the punishment given some other group for the same offense. <u>Wilson v. State</u>, 271 Ark. 682, 611 S.W.2d 739 (1981); <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976).

WHEREFORE,   for   the   reasons   stated   above,   the   State respectfully prays that the defendant's motion be denied.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _____
CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                              CR-93-301-3

KENNETH REAMS                                    DEFENDANT

STATE'S RESPONSE TO MOTION TO REQUIRE INVESTIGATIVE OFFICERS
TO RETAIN ROUGH NOTES

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to the Defendant's Motion states as follows:

1.  That the State of Arkansas will comply with the rules of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) as well as the discovery rules as set forth in the Arkansas Rules of Criminal Procedure, specificially  Rule 17.1 (a).

2.  The defendant has not alleged any facts to indicate that any specific reports or rough notes contain anything which would tend to exculpate the defendant resulting in a reduction of his punishment or affect the outcome of the trial.

3.  That the prosecution is not obligated by constitutional mandate to make a complete and detailed accounting to the defense of all police investigatory work on the case.  Goodwin v. State, 263 Ark. 856, 568 S.W.2d 3 (1978); U. S. v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976).



FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

939

6621 Respondent's Exhibit E

-2-

WHEREFORE, for the reasons stated above, the State respectfully prays that the defendant's motion be denied.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: *Carol Billings*

CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

940

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                              CR-93-301-3

KENNETH REAMS                                             DEFENDANT

STATE'S RESPONSE TO DEFENDANT'S MOTION TO HOLD
THE SENTENCING PROVISION OF THE DEATH PENALTY STATUTE,
ARK. CODE ANN. 5-4-603, UNCONSTITUTIONAL

Comes now the State of Arkansas, by and through Wayne
Matthews, Prosecuting Attorney for the Eleventh Judicial District
West, and for its Response to the Defendant's Motion states as
follows:

1.   The defendant's motion is meritless, as the sentencing
scheme has been upheld by the United States Supreme Court and the
Arkansas Supreme Court.  See McClesky v. Kemp, 481 U.S. 279, 107
S.Ct. 1756, 95 L.Ed.2d 262 (1987); Bordenkircher v. Hayes, 434
U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); Gregg v. Georgia,
428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

2.   The Arkansas Supreme Court held in Hill v. State, 289
Ark. 387, 713 S.W.2d 233 (1986), that because the sentencing
statute does not require a mandatory death sentence but rather
establishes criteria which must be strictly met before a death
sentence shall be imposed, it is not unconstitutional.  In
addition, even if the jury were to determine that aggravating
circumstances outweigh mitigating circumstances they are not
bound under the Arkansas statutory scheme, A.C.A. 5-4-603, to
return a verdict of death.  Clines v. State, 280 Ark. 77, 656
S.W.2d 684 (1983).  See also Williams v. State, 274 [Ark.] 221
S.W.2d 681 (1981).

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

941

Respondent's Exhibit E

-2-

Accordingly, the State submits that the sentencing procedure utilized in Arkansas does not suffer from the constitutional infirmities complained of by the defendant.  Therefore, the State respectfully requests this Court to deny the defendant's Motion and to deny defendant's request to instruct the jury.

Respectfully submitted,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: Carol Billings

CAROL BILLINGS
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

Respondent's Exhibit E

942

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                              CR-93-301-3

KENNETH REAMS                                                  DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY, INSPECTION AND TESTING OF PHYSICAL EVIDENCE

Comes now the State of Arkansas, by and through its attorney, Carol Billings, Deputy Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to Defendant's Motion states:

1.  The State of Arkansas will comply with the Arkansas Rules of Criminal Procedure including Rules 17 and 19.

2.  The State will comply with the discovery requirements set forth in relevant case law.  Brady v. Maryland, 373 U.S. 83 (1963).

RESPECTFULLY SUBMITTED,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: Carol Billings
DEPUTY PROSECUTING ATTORNEY

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

943

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                             PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                                                 DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF AGGRAVATING AND MITIGATING FACTORS

Comes now the State of Arkansas, by and through its attorney, Carol Billings, Deputy Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to Defendant's Motion states:

1.   That the aggravating circumstances known to the State at this time are: (1) that the murder was committed for pecuniary gain, A.C.A. 5-4-604(6), and, (2) that the defendant previously commmitted another felony, an element of which was the use or threat of violence to another person or the creation of a substantial risk of death or serious physical injury to another person, A.C.A. 5-4-604(3).

2.   That the State knows of no mitigating circumstances at this time.

RESPECTFULLY SUBMITTED,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_
DEPUTY PROSECUTING ATTORNEY

FILED

DEC ∴ 8 1993.

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6626 Respondent's Exhibit E                    044

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                          CR-93-301-3

KENNETH REAMS                                               DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF AGREEMENT ENTERED INTO BETWEEN THE STATE AND PROSECUTION WITNESSES

Comes now the State of Arkansas, by and through its attorney, Carol Billings, Deputy Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to Defendant's Motion states:

At this time, the State does not intend to enter into any agreements regarding immunity or any other form of leniency to a witness in the above-referenced case.

RESPECTFULLY SUBMITTED,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_
DEPUTY PROSECUTING ATTORNEY

FILED

DEC  8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

945

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                              CR-93-301-3

KENNETH REAMS                                                  DEFENDANT

## STATE'S RESPONSE TO DEFENDANT'S MOTION FOR ADDDITIONAL TIME TO FILE DEFENSE MOTIONS

Comes now the State of Arkansas, by and through its attorney, Carol Billings, Deputy Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to Defendant's Motion states:

That the filing of motions is governed by the Court's rules setting the case for trial.  That the State will abide by those rules as closely as possible and has no reason to anticipate that defense counsel will not do likewise.

RESPECTFULLY SUBMITTED,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_
DEPUTY PROSECUTING ATTORNEY

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

946

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                        CR-93-301-3

KENNETH REAMS                                        DEFENDANT

STATE'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

Comes now the State of Arkansas, by and through its
attorney, Carol Billings, Deputy Prosecuting Attorney for the
Eleventh Judicial District West, and for its Response to
Defendant's Motion in Limine states:

1.   The Defendant cannot admit the facts portrayed in the
photographs and thereby prevent the State from putting on its
proof.  Allen v. State, 296 Ark. 33, 751 S.W.2d 347 (1988);
Parker v. State, 292 Ark. 421, 731 S.W.2d 756 (1987).  Thus, the
fact that the Defendant stipulated to the cause and manner of
death and to the position of the bodies does not prohibit the
admission of relevant photographs into evidence.

2.   The admissibility of photographs is in the sound
discretion of the trial judge and will not be set aside absent an
abuse of that discretion.  Johnson v. State, 308 Ark. 7, 823
S.W.2d 800 (1992); Owens v. State, 300 Ark. 73, 777 S.W.2d 205
(1989). See also Ashley v. State, 310 Ark. 575, 840 S.W.2d 793
(1992), wherein the defendant alleged that the photographs of
gunpowder inside the deceased's mouth were too inflammatory and
gruesome.  The Court noted that the photographs went to the proof
on the issue of premeditation and deliberation and affirmed their
use.

The fact that photographs are inflammatory or gruesome alone

FILED
DEC - 8 1993.
DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

947

Respondent's Exhibit E

is not sufficient to exclude them.  Parker, supra.; Barker v.
State, 21 Ark. App. 56, 728 S.W. 2d 204 (1987).  Therefore, even
if the photographs are extremely grotesque, as the defendant
alleges, that fact alone does not prevent the admission of the
photographs into evidence.

3.  An element of the crime charged in the case before the
bar is that the defendant's conduct manifested extreme
indifference to the value of human life.  The State submits this
is no different than the order of proof in Ashley, supra.  The
Court has said over and over that a photograph is admissible to
corroborate the testimony of a witness, show the nature and
extent of the wounds or the savagery of the attack, or when
useful to enable a witness to better describe objects portrayed
or the jury to better understand the testimony.  Barker, supra.

RESPECTFULLY SUBMITTED,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billigs_
DEPUTY PROSECUTING ATTORNEY

Respondent's Exhibit E

048

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                        CR-93-301-3

KENNETH REAMS                                       DEFENDANT

STATE'S RESPONSE TO MOTION TO SEQUESTER WITNESSES

Comes now the State of Arkansas, by and through its attorney, Carol Billings, Deputy Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to Defendant's Motion to Sequester Witnesses states:

That the State of Arkansas will comply with rulings of the Court pertaining to the exclusion of witnesses pursuant to Arkansas Rules of Evidence, specifically Rule 615.

RESPECTFULLY SUBMITTED,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _Carol Billings_
DEPUTY PROSECUTING ATTTORNEY

FILED

DEC 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

049

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                            CR-93-301-3

KENNETH REAMS                                                  DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION

Comes now the State of Arkansas, by and through its attorney, Carol Billings, Deputy Prosecuting Attorney for the Eleventh Judicial District West, and for its Response to Defendant's Motion states:

1.  That the State of Arkansas is not giving any consideration or promises of consideration to or on behalf of the State's witnesses.

2.  That the State will comply with the Arkansas Rules of Criminal Procedure, specifically Rule 17.1 regarding information relating to witnesses who will be called by the prosecuting attorney.

RESPECTFULLY SUBMITTED,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY: _____
DEPUTY PROSECUTING ATTORNEY

FILED

DEC - 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6632

Respondent's Exhibit E

950

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                         CR-93-301-3

KENNETH REAMS                                        DEFENDANT

### STATE'S RESPONSE TO DEFENDANT'S MOTION TO PREVENT VICTIM IMPACT EVIDENCE OR, IN THE ALTERNATIVE, FOR DISCOVERY OF VICTIM IMPACT EVIDENCE

Comes now the State of Arkansas, by and through Wayne Matthews, Prosecuting Attorney for the 11th Judicial District West, and for its Response to Defendant's Motion states as follows:

1.   That the United States Supreme Court held in Payne v. Tennessee, 501 U.S. ___, 111 S.Ct. 2597 (1991), that a state may legitimately conclude that evidence about the victim and about the impact of the murder on the victim's family is relevant to the jury's decision as to whether or not the death penalty should be imposed.  Payne specifically overruled Booth v. Maryland, 482 U.S. 496 (1987) and South Carolina v. Gathers, 490 U.S. 805 (1989), cited by the Defendant in his motion.

2.   The Arkansas General Assembly has passed legislation that expressly permits the prosecution to introduce victim impact evidence as permitted by Payne, supra.  See Act 1089 of 1993, attached.  Thus, victim impact evidence is admissible in Arkansas.

3.   The State will comply with Rule 17.1 of the Arkansas Rules of Criminal Procedure in providing discovery material on

FILED

DEC · 8 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

951

Respondent's Exhibit E

victim impact evidence to the defense.

WHEREFORE, the State of Arkansas prays that this Court will deny the Defendant's motion and allow the State to introduce victim impact evidence in the above-referenced case.

RESPECTFULLY SUBMITTED,

WAYNE MATTHEWS
PROSECUTING ATTORNEY

BY:

DEPUTY PROSECUTING ATTORNEY

6634   Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

V.                              NO.  CR-93-301-3

KENNETH REAMS                                             DEFENDANT

<u>ORDER TO DELIVER PRISONER</u>

TO THE SHERIFF OF JEFFERSON COUNTY, OR HIS AUTHORIZED REPRESENTA-
TIVE:

You are hereby ordered and directed to take custody from the
Superintendent of the Varner Unit, Arkansas Department of Correc-
tion, KENNETH REAMS, ADC #101546, a prisoner now confined at the
Varner Unit, Arkansas Department of Correction, and to deliver said
prisoner to the Jefferson County Jail/Correctional Facility, Pine
Bluff, Arkansas, on <u>Wednesday, December 8, 1993, at 1 p.m.</u>

The Clerk is directed to deliver, or cause to be delivered, a
certified copy of this order to the Jefferson County Sheriff and
the Arkansas Department of Correction.

IT IS SO ORDERED this 8 day of December, 1993.

_____
FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney
     Mr. Maxie G. Kizer
     Arkansas Department of Correction
       Varner Unit
     JEFFERSON COUNTY SHERIFF

FILED
DEC 8 1993
DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

953

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                      PLAINTIFF

V.                          NO.  CR-93-301-3

KENNETH REAMS                                          DEFENDANT

### ORDER TO DELIVER PRISONER

TO THE SHERIFF OF JEFFERSON COUNTY, ARKANSAS, OR HIS AUTHORIZED
REPRESENTATIVE:

You are hereby ordered and directed to take custody from the Superintendent of the Jefferson County Jail/Correctional Facility, KENNETH REAMS, ADC #101546, a prisoner now confined at the Jefferson County Jail/Correctional Facility, and to deliver said prisoner to the Jefferson County Courthouse, Pine Bluff, Arkansas, for the purpose of a jury trial beginning on Monday, December 13, 1993, at 9 a.m., and continuing through Thursday, December 15, 1993, and to return the above-named prisoner safely thereafter to the Jefferson County Jail/Correctional Facility.

The Clerk is directed to deliver, or cause to be delivered, a certified copy of this order to the Jefferson County Jail, Correctional Facility.

IT IS SO ORDERED this _10_ day of December, 1993.

_____
FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney
     ✓Mr. Maxie G. Kizer
     Jefferson County Jail/Correctional Facility

FILED

DEC 1 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

6636 Respondent's Exhibit E

954

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

V.                              NO.  CR-93-301-3

KENNETH REAMS                                              DEFENDANT

<u>ORDER TO DELIVER PRISONER</u>

TO THE SHERIFF OF JEFFERSON COUNTY, ARKANSAS, OR HIS AUTHORIZED
REPRESENTATIVE:

You are hereby ordered and directed to take custody from the
Superintendent of the Varner Unit, Arkansas Department of Correc-
tion, PHILLIP CURRY, ADC #102222, a prisoner now confined at the
Varner Unit, Arkansas Department of Correction, and to deliver said
prisoner to the Jefferson County Courthouse, Pine Bluff, Arkansas,
for the purpose of a jury trial beginning on <u>Tuesday, December 14,</u>
<u>1993, at 9 a.m., and continuing through Thursday, December 15,</u>
<u>1993</u>, and to return the above-named prisoner safely thereafter to
the Varner Unit of the Arkansas Department of Correction.

The Clerk is directed to deliver, or cause to be delivered, a
certified copy of this order to the Varner Unit, Arkansas Depart-
ment of Correction.

IT IS SO ORDERED this _10_ day of December, 1993.

_____
FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney
     ✓ Mr. Maxie G. Kizer
     Arkansas Department of Correction
        Varner Unit

FILED

DEC 1 0 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

955

Respondent's Exhibit E

Judge's
ruling

State vs. REAMS

12/14/93

ORDERS

① Continue — granted
② Additional time — moot
③ Agreement — granted
④ Sentencing provision — ? unconstitutional — May impose / must give △
⑤ Cross section jury △ granted moot by compliance
⑥ Motion to quash — dny
⑦ Motion to compell △ granted
⑧ Prohibit seeking death △ dny
⑨ Motion to prohibit death — dny
⑩ Motion — circumstances — grant / Comply
⑪ Full recordation — granted
⑫ Motion — sentencing — unconstitutional — duplicative — w/H ruling —
⑬ Unconstitutional — dny
⑭ Aggravating — granted
⑮ Discovery — granted
⑯ Investigative △ granted
⑰ Victim impact — granted — State not seeking
⑱ Pecuniary gain — dny
⑲ Discovery △ granted
⑳ Witnesses sequestered — granted
㉑ Individual voir dire — granted
㉒ Batson — denied — no finding — granted —
㉓ Aggravating — denied —

Respondent's Exhibit E

6638

956

IN THE CIRUCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                          NO. CR-93-301-3

KENNETH REAMS                                              DEFENDANT

### MOTION TO CITE A WITNESS WHO FAILED TO APPEAR PURSUANT TO A SUBPOENA TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT OF COURT

Comes the Defendant, Kenneth Reams, by and through his attorney, Maxie G. Kizer, and for his Motion, states:

1.   That the Defendant, by and through his attorney, caused a subpoena to be issued and served by the Sheriff on Patrick Caffey, a pyschologist with the Southeast Arkansas Mental Health Center, on November 16, 1993.

2.   That the subpoena commanded the witness to appear at the trial of this matter held on December 13-15, 1993, in Jefferson County, Arkansas.

3.   That the Defendant failed and refused to appear at the trial of this matter despite being properly subpoenaed and despite being contacted by the Court to inquire as to his presence on the date of the trial when his testimony was needed.

4.   That the Defendant specifically requests that the witness be ordered and directed to appear before this Court and show cause, if any he can, why he should not be held in contempt of this Court for his failure to honor said subpoena.

FILED

DEC 2 2 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

957

 Respondent's Exhibit E

WHEREFORE, the Defendant, Kenneth Reams, prays that he be granted the relief outlined above; and for all other relief to which he may be entitled.

KENNETH REAMS, Defendant

By: _____

MAXIE G. KIZER (83101)
Attorney at Law
Post Office Box 7423
Pine Bluff, Arkansas  71611
(501) 534-7004

## CERTIFICATE OF SERVICE

I, Maxie G. Kizer, do hereby certify that a copy of the foregoing Motion has been forwarded to Ms. Carol Billings and Mr. Wayne Juneau, Deputy Prosecuting Attorneys, Jefferson County Courthouse, Pine Bluff, Arkansas 71601, on this 22 day of December, 1993.

_____
MAXIE G. KIZER

958

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                          NO. CR-93-301-3

KENNETH REAMS                                                  DEFENDANT

## STAY OF EXECUTION

Now on this day comes on the above named matter and the State of Arkansas, appeared by and through it Prosecuting Attorney, Carol Billings and the Defendant, Kenneth Reams, appeared by and through his attorney, Maxie G. Kizer, and from the pleadings, the arguments of counsel, and other matters of fact and law properly before the Court, the Court doth find and order as follows:

1.   That the Defendant was found guilty at a jury trial held in this matter on December 13-15, 1993, of the crime of Capital Murder and was sentenced to death by lethal injection.

2.   That an Amended Judgment and Commitment Order was filed on the 29th day of December, 1993, setting the Defendant's execution date for January 14, 1994.

3.   That subsequently on the 5th day of January, 1994, the Defendant filed a Notice of Appeal in this matter for review of this case by the Arkansas Supreme Court.

4.   Therefore, the Court's Order of Execution in this matter is hereby stayed pending the completion of the appeal to the Arkansas Supreme Court.

FILED

JAN 1 0 1994

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

959

IT IS SO ORDERED this __10__ day of __January__, 1994.

_____
FRED D. DAVIS, III, Circuit Judge

960

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

V.                          NO.   CR-93-301-3

KENNETH REAMS                                        DEFENDANT

## ORDER OF BODY ATTACHMENT

Now on this day the above cause came on to be heard, the
Defendant, Kenneth Reams, appearing by and through his attorney,
Maxie G. Kizer, and from the matters and things before the Court,
the Court doth find and order as follows:

That the Sheriff of Jefferson County, Arkansas is hereby
ordered and directed to take Patrick Caffey into custody and
incarcerate him until such time that a hearing can be held to show
cause, if any he can, why he should not be held in contempt of this
Court for his failure to honor a subpoena.

IT IS SO ORDERED this _14_ day of January, 1994.

_____
FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Prosecuting Attorney

    Mr. Maxie G. Kizer
    Bynum and Kizer, P. A.
    P. O. Box 7268
    Pine Bluff, AR 71611-7268

    Jefferson County Sheriff

FILED

JAN 14 1994

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

061

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                              PLAINTIFF

V.                              NO.   CR-93-301-3

KENNETH REAMS                                                 DEFENDANT

### ORDER

On December 17, 1993, the Defendant/Appellant, filed a Notice of Appeal in the above-captioned case.  The deadline for filing the transcript is March 17, 1994.

On March 14, 1994 Defendant/Appellant having filed Notice of Appeal in this case and it being shown to the satisfaction of the Court that it is impossible to file the Court's Reporter transcript of the evidence and proceedings included in the designation of record on appeal within the statutory period after taking of appeal, the time within which the appellant may file the Court's Reporter transcript of the evidence and the proceedings is hereby extended for 90 days from March 17, 1994.

IT IS SO ORDERED THIS 14 DAY OF MARCH, 1994.

_____
FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

xc:  Ms. Carol Billings
     Mr. Wayne Juneau
     Deputy Prosecuting Attorneys
     Jefferson County Courthouse
     Pine Bluff, AR 71601

     Mr. Maxie G. Kizer
     Attorney at Law
     P. O. Box 7423
     Pine Bluff, AR 71611-7808

FILED

MAR 1 4 1994

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

Respondent's Exhibit E                    962

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                        NO. CR 93-301-3

KENNETH REAMS                                               DEFENDANT

### SUPPLEMENTAL JUROR QUESTIONNAIRE

A jury must be selected from the panel of which you are a member to hear the above-captioned case. As part of the jury selection process, the questions asked in this questionnaire could be asked in open court. You are given more privacy by answering them in this questionnaire. Please answer each question. If you need more space, please use the back and so indicate on the front.

By court order, none of the information you reveal in response to these questions is to be used for any purpose other than the selection of qualified jurors to serve in this case. Attorneys will be required to return all copies of these questionnaires to the Clerk of the Court for destruction after a final resolution of this case.

NAME (PRINT): _____
                (Last)            (First)           (Middle)

ADDRESS: _____
            (Street, P.O. Box)      (City)        (State)
OCCUPATION: _____
                      (If retired so indicate.)

SPOUSE'S OCCUPATION: _____
                      (If retired so indicate.)

1.   Has your marital status changed in the last 10 years?
     Yes____  No____  If yes, was that by: Death of Spouse____
     Divorce____  Marriage____  Remarriage____

2.   Total number of children_____ or stepchildren_____
     Number of boys _____      Their ages _____
     Number of girls _____     Their ages _____
     Have you ever had any foster children? _____
     How many live with you? _____

3.   Does anyone live in your home other than your spouse or
     children? Yes ____  No ____

4.   What is your highest level of education? _____

5.   What is your spouse's highest level of education? _____

6.   Where did you attend high school? _____

063

Respondent's Exhibit E

If you attended college, name the college and its location.
_____
What was your major? _____
What was your minor? _____
If you attended graduate school?  If so, name of institution
and degree obtained. _____
_____

7.  Please indicate by the organizations, clubs and religious
    activities in which you actively participate:

    Civic _____  Fraternal _____
    Religious _____  Volunteer _____
    Social _____  Other _____

8.  Have you or any member of your family been a party to a
    lawsuit?  Yes____  No____  If yes, please specify _____
    _____

9.  Have you or any member of your family been a witness in a
    lawsuit?  Yes____  No____  If yes, please specify _____
    _____

10. Have you ever been the victim of a crime?  Yes____  No____
    Was the crime reported to the police or were the police
    involved?  Yes____  No____  Was the crime prosecuted?  Yes____
    No____  If yes, was it resolved to your satisfaction?_____
    _____

11. Has any member of your family ever been a victim of murder,
    manslaughter or negligent homicide?  Yes____  No____  If yes,
    please specify and state whether resolved to your
    satisfaction. _____
    _____

12. Have you, any member of your family, or a close friend ever
    been accused of any action related to murder, manslaughter
    or negligent homicide?  Yes____  No____

13. Have you ever been convicted of a crime other than traffic
    offenses?  Yes____  No____

14. Have you ever been arrested and charged with any crime other
    than a traffic offense?  Yes____  No____  If yes, please
    specify. _____
    _____

15. Have you, any member of your family, or close friend ever
    had any special training in law or law enforcement?  Yes____
    No____  If yes, please specify. _____
    _____

2

Respondent's Exhibit E

964

16. Do you or any member of your family have personal or business relationships with any member or employee of the following state or county offices?

PLEASE PLACE A CHECK IN THE APPROPRIATE BLANK

| | Yes | No |
|---|---|---|
| Police Department | | |
| County Sheriff's Office | | |
| Other Law Enforcement Agency | | |
| Prosecuting Attorney's Office | | |
| Arkansas Department of Correction | | |

17. Do you or any member of your family, or close friend, have any knowledge of or any personal relationship with _____?
Yes____   No____

18. Do you have any knowledge of or have you had any contact or relationship with any of the following individuals who may appear as witnesses in this case?  Please check the appropriate blank to indicate any relationship or knowledge you or any member of your family may have of that witnesses or any member of that witness' family.

| List of Witnesses | I have heard of | I know | I know member of witness' family | Family knows witness or family |
|---|---|---|---|---|
| Greg Taylor | | | | |
| James Nelson | | | | |
| Taquante Nelson | | | | |
| Bud Phillips | | | | |
| Terry Addison | | | | |
| Jo Ann Reams | | | | |
| Dr. Sturner | | | | |
| Ron Andrejack | | | | |
| Phillip Curry | | | | |
| Kenny Heroman | | | | |
| David A. Nanak | | | | |
| Patrick Coffey | | | | |
| Elgin Anders | | | | |
| Amelia Reams | | | | |
| John Cone | | | | |
| George McDaniel | | | | |
| Jeannie Mack | | | | |
| Mike Moss | | | | |

19. Have you read any newspaper articles about this?  Yes____ No____  Have you formed any opinion regarding this case after reading the newspaper articles?  Yes____  No____

3

6647 Respondent's Exhibit E

20.  Have you discussed this case with anyone? Yes____ No____ If yes, what was the nature of this discussion? _____

_____
If yes, did anyone offer any opinions or facts about the case? Yes____ No____

21.  Have you heard this case discussed by anyone even if you were not a participate in the conversation? Yes____ No____ If yes, did anyone offer any opinions about it? Yes____ No____

22.  What opinions, if any, have you formed concerning this case? Please explain in detail. _____

_____
_____
_____
_____

Have you expressed your opinion to others? Yes____ No____ If yes, to whom? _____

23.  Do you have any specific problems at home or on the job that might cause you to lose concentration during the trial? Yes____ No____ If yes, please explain in detail. _____

_____
_____
_____

24.  Do you have any physical or emotional disabilities which would make it difficult or impossible to serve on this jury? Yes____ No____ If yes, please explain in detail. _____

_____
_____
_____

25.  Are you taking any medication regularly? Yes____ No____ If so, what? _____

_____

4

966

26. Do you have religious, moral or philosophical beliefs which would prevent you from sitting in judgment on another person?  Yes_____ No_____ If yes, please explain. _____
_____
_____

27. Would your religious beliefs in any way make it difficult for you to serve as a juror on this case and to reach a verdict based on the laws of the State of Arkansas as given to you in this case by the Judge?  Yes_____ No_____ If yes, please explain fully. _____
_____
_____

28. Have you formed an opinion concerning what would be a desirable verdict in this case?  Yes_____ No_____ If yes, what is that opinion? _____
_____
_____
_____

29. What do you do in your spare time? _____
_____

30. What is the last book you have read? _____

31. Are there certain types of books you prefer to read over others (for example, mysteries, biographies, nonfiction?)
_____
_____

32. What magazines do you read regularly? _____
_____

33. To what magazines do you subscribe? _____
_____

34. Do you have a newspaper subscription?  Daily_____ Weekly_____
What paper(s)? _____

35. How often do you watch television? _____
Please estimate the number of hours per day. _____

36. What kind of television shows do you watch (sports, movies, situation comedies, soap operas, talk shows?) _____
_____

37. Do you watch local news programs?  Yes_____ No_____ How
often?_____ What channel(s)? _____

38. Do you watch national news programs?  Yes_____ No_____ How
often?_____ What channel(s)? _____

6649 Respondent's Exhibit E

39. Do you know of any reason you could not serve as a fair and impartial juror in this particular case which involves a violent crime?  Yes____  No____   If yes, please explain fully.

_____

_____

_____

40. Would you find it difficult to listen to or to concentrate on evidence relating to:

(a)  Acts of violence                    Yes____    No____
(b)  Abnormal human behavior             Yes____    No____
(c)  Psychological disorders             Yes____    No____
(d)  Troubled or disturbed childhood     Yes____    No____

41. Is there any reason why you feel that you would not want to serve on this jury?  Yes____   No____   If yes, please explain fully.  _____

_____

_____

42. Can you think of any reason, no matter how insignificant it might seem to be, whether addressed in this questionnaire or not, why you could not be a fair juror in this case?  Yes____ No____   If yes, please explain fully.  _____

_____

_____

_____

        I SWEAR THAT THE ANSWERS GIVEN ABOVE ARE TRUTHFUL TO
    THE SAME EFFECT AS IF I WERE SWORN UNDER OATH IN OPEN
    COURT TO GIVE TRUTHFUL ANSWERS TO THE SAME.


            _____
            (Signature)


6

968

IN THE CIRCUIT COURT OF JEFFERSON/LINCOLN COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                          CR- 93-298-3
Kenneth Reams                    93-299-3                  DEFENDANT
                                 93-300-3
                                 93-301-3
                    REPORT OF PLEA NEGOTIATIONS

     Now  on  this  day  comes  the  parties  hereto,  the State of
Arkansas,  by  the  Prosecuting  Attorney,  and  the  Defendant, and
his/her attorney, and report the results of their negotiations.

     Subject to  the approval  of this  honorable Court, the above-
styled case will be disposed of by:

     ✓ Plea of Guilty to _Burglary & Theft of Property in CR-93-298-3,_
_Aggravated Robbery (1 count each) in CR-93-299-3 & CR-93-300-3_
_and Capital Murder in CR-93-301-3_

with the State's recommendation of:

     ✓ Term of Years in Arkansas Department of Correction of:

     _10 years each on Burglary and Theft of Property, 40_
_years each Aggravated Robbery and Life without parole_
_on Capital Murder, all concurrent_

     ✓ Other Special Provisions: _Void after Sept. 15, 1993._
_Plea must be entered by Sept. 15, 1993._

APPROVED:

WAYNE MATTHEWS
PROSECUTING ATTORNEY                    _____
                                        DEFENDANT
BY: _Carol Billings_
DEPUTY PROSECUTING ATTORNEY             _____
                                        DEFENDANT'S ATTORNEY

DATE OFFERED: _8/30/93_                  DATE ACCEPTED: _____
069                      6651 Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR-93-299-3

KENNETH REAMS                                        DEFENDANT

### MOTION

Comes now the State of Arkansas by and through its attorney, Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West of which Jefferson County is a part, and as and for its Motion herein states:

That pursuant to 18.3 of the Rules of Criminal Procedure as adopted by the Arkansas Supreme Court, the State respectfully requests to be informed of any defense which the defense counsel intends to use at trial and the names and addresses of persons whom the defense counsel intends to call as witnesses in support thereof.

DATED this 20th day of August, 1993.

                              _Wayne Matthews_
                              WAYNE MATTHEWS
                              PROSECUTING ATTORNEY

                        BY: _Jane J. Townsend_      **FILED**
                              DEPUTY PROSECUTING ATTORNEY
                              P. O. Box 8051
                              Pine Bluff, AR 71611      **AUG 20 1993**

### CERTIFICATE OF SERVICE

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

I, Jane Townsend, do hereby certify that a copy has been forwarded to Maxie Kizer, Attorney at Law, P.O. Box 7423, Pine Bluff, Arkansas 71611, this 20th day of August, 1993.

                              _Jane J. Townsend_

Respondent's Exhibit E                        970

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR-93-298-3

KENNETH REAMS                                        DEFENDANT

## MOTION

Comes now the State of Arkansas by and through its attorney, Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West of which Jefferson County is a part, and as and for its Motion herein states:

That pursuant to 18.3 of the Rules of Criminal Procedure as adopted by the Arkansas Supreme Court, the State respectfully requests to be informed of any defense which the defense counsel intends to use at trial and the names and addresses of persons whom the defense counsel intends to call as witnesses in support thereof.

DATED this _16th_ day of August, 1993.

_Wayne Matthews_
WAYNE MATTHEWS
PROSECUTING ATTORNEY

**FILED**

**AUG 19 1993**

DOROTHY G. PEARSON, Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

BY: _Carol Billings_
DEPUTY PROSECUTING ATTORNEY
P. O. Box 8051
Pine Bluff, AR 71611

## CERTIFICATE OF SERVICE

I, Jane Townsend, do hereby certify that a copy has been forwarded to Maxie Kizer, Attorney at Law, P.O. Box 7423, Pine Bluff, Arkansas 71611, this _16th_ day of August, 1993.

_Carol Billings_

071

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                              CR-93-300-3

KENNETH REAMS                                            DEFENDANT

### MOTION

Comes now the State of Arkansas by and through its attorney, Wayne Matthews, Prosecuting Attorney for the Eleventh Judicial District West of which Jefferson County is a part, and as and for its Motion herein states:

That pursuant to 18.3 of the Rules of Criminal Procedure as adopted by the Arkansas Supreme Court, the State respectfully requests to be informed of any defense which the defense counsel intends to use at trial and the names and addresses of persons whom the defense counsel intends to call as witnesses in support thereof.

DATED this _18th_ day of August, 1993.

            _Wayne Matthews_
            WAYNE MATTHEWS
            PROSECUTING ATTORNEY

                                        FILED

                                        AUG 19 1993

BY:     _Caral Billings_
        DEPUTY PROSECUTING ATTORNEY     DOROTHY G. PEARSON, Circuit Clerk
        P. O. Box 8051                  JEFFERSON COUNTY, ARKANSAS
        Pine Bluff, AR 71611

### CERTIFICATE OF SERVICE

I, Jane Townsend, do hereby certify that a copy has been forwarded to Maxie Kizer, Attorney at Law, P.O. Box 7423, Pine Bluff, Arkansas 71611, this _18th_ day of August, 1993.

            _Caral Billings_

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                 NO. CR-93-298-3; CR-93-299-3
                        CR-93-300-2; CR-93-301-3

KENNETH REAMS                                            DEFENDANT

### ORDER FOR COMMITMENT TO THE SOUTHEAST
### ARKANSAS MENTAL HEALTH CENTER FOR MENTAL EXAMINATION

WHEREAS, the Defendant, Kenneth Reams, has been arrested, and WHEREAS, there is evidence suggesting that the competency or mental culpability of the Defendant might be an issue at the trial of this matter; the Defendant, Kenneth Reams, should be committed for purposes of observation and examination to the Southeast Arkansas Mental Health Center.

IT IS THEREFORE, BY THE COURT, CONSIDERED, ORDERED AND ADJUDGED that the Defendant be, and he is hereby committed to the Southeast Arkansas Mental Health Center for observation and examination to determine his sanity or insanity, and whether or not he lacks capacity, as a result of mental disease or defect, to understand the proceedings against him and to effectively assist in his own defense; such observation and examination not to exceed thirty (30) days.

IT IS FURTHER ORDERED AND ADJUDGED that the Director of the Southeast Arkansas Mental Health Center conduct or cause to be conducted such examination and observations as are now required by law, pursuant to A.C.A. 5-14-108, et seq., to determine the mental condition of the Defendant, and to prepare and submit this

973

FILED

JUN 14 1993

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY

6655 Respondent's Exhibit E

Court, with copies to the office of the Prosecuting Attorney of the Eleventh Judicial District West and the attorney for the Defendant, Maxie G. Kizer, a written report with the findings property certified as by law provided. The report of the Southeast Arkansas Mental Health Center shall include but not be limited to the following:

(a) A description of the nature of the examination;

(b) A diagnosis of the mental condition of the Defendant;

(c) An opinion as to his capacity to understand the proceedings against him and to assist effectively in his own defense;

(d) An opinion as to the extent, if any, to which the capacity of the Defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired at the time of the alleged conduct; and,

(e) When directed by the Court, an opinion as to the capacity of the Defendant to have the culpable mental state that is required to establish an element of the offense charged.

The Sheriff of Jefferson County, Arkansas, or any officer acting in his capacity is hereby ordered and directed to present Kenneth Reams to the custody and control of the Southeast Arkansas Mental Health Center in Pine Bluff, Arkansas, for said examination.

IT IS SO ORDERED this _14_ day of _June_, 1993.

_____
FRED D. DAVIS, III
'Circuit Judge

6656 Respondent's Exhibit E

974

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                    NO. CR-93-298-3; CR-93-299-3
                           CR-93-300-2; CR-93-301-3

KENNETH REAMS                                        DEFENDANT

## MOTION FOR COMMITMENT TO THE SOUTHEAST ARKANSAS MENTAL HEALTH CENTER FOR MENTAL EXAMINATION

Comes now the Defendant, Kenneth Reams, by and through his attorney, Maxie G. Kizer, and as and for his Motion to Commit the Defendant to the Southeast Arkansas Mental Health Center herein, states:

1.    That the Defendant was charged by way of criminal information with a violation of Aggravated Robbery, Theft of Property, Burglary and Capital Felony Murder.

2.    That the Defendant feels that it would be in his best interest, as well as the State and all parties involved, that he be committed to the Southeast Arkansas Mental Health Center for a period of thirty (30) days for the purpose of determining whether or not the Defendant, as a result of mental disease or defect, lacked capacity at the time of the alleged occurrence to conform his conduct to the requirements of law or to appreciate the criminality of his conduct, or whether the Defendant lacks capacity to understand the proceedings against him, or to assist effectively in his own defense.

WHEREFORE, the Defendant respectfully petitions this honorable court to issue its order committing him to the Southeast Arkansas

FILED

JUN 1 0 1993

..THY G. PEARSON
Cuit & Chancery Clerk
'N COUNTY, ARKANSAS

0975

6657 Respondent's Exhibit E

Mental Health Center for a period of thirty (30) days or such longer period as the court deems to be necessary for the purpose of determining whether or not the Defendant, as a result of mental disease or defect, lacked capacity at the time of the alleged occurrence to conform his conduct to the requirements of law or to appreciate the criminality of his conduct, or whether the Defendant lacks the capacity to understand the proceedings against him, or to assist effectively in his own defense.

WHEREFORE, Defendant requests that this honorable court further order that the Director of the Southeast Arkansas Mental Health Center be required to make detailed examinations of him, including, but not limited to, the following:

    (a)  A description of the nature of the examination;

    (b)  A diagnosis of the mental condition of the Defendant;

    (c)  An opinion as to his capacity to understand the proceedings against him and to assist effectively in his own defense;

    (d)  An opinion as to the extent, if any, to which the capacity of the Defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired at the time of the alleged conduct; and,

    (e)  When directed by the Court, an opinion as to the capacity of the Defendant to have the culpable mental state that is required to establish an element of the offense charged.

WHEREFORE, the Defendant moves the Court to commit him to the care, custody and control of the Director of the Southeast Arkansas Mental Health Center to examine the Defendant and to report to this Court upon the Defendant's mental condition, with copies to the Office of the Prosecuting Attorney of the Eleventh Judicial District West and the attorney of record, Maxie G. Kizer.

076

Respondent's Exhibit E

DATED this 10ᵗʰ day of ___June___, 1993.

Respectfully Submitted:

KENNETH REAMS, Defendant

By: _____
BYNUM & KIZER
Attorneys at Law
F. Wilson Bynum, Jr. (72015)
Maxie G. Kizer (83101)
Post Office Box 7268
Pine Bluff, Arkansas  71611
536-4444 or 534-7004


## CERTIFICATE OF SERVICE

I, Maxie G. Kizer, do hereby certify that a copy of the foregoing pleading has been forwarded to the Deputy Prosecuting Attorney, Jefferson County, Courthouse, Pine Bluff, Arkansas 71601, on this 10ᵗʰ day of June, 1993.

_____
MAXIE G. KIZER

977

Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                              PLAINTIFF

VS                          NO.   CR-93-301-2-3

*Kenneth Reams*                                               DEFENDANT

## APPOINTMENT OF COUNSEL

Upon preliminary determination of indigency, MAXIE G. KIZER, P. A., is appointed to represent the Defendant in the above-styled case.

Defendant is directed to immediately report to Counsel's office at 721 Pine Street, Pine Bluff, Arkansas, for scheduling of appointments, and shall cooperate fully with Counsel in preparing and presenting his defense herein.

The obligations of appointed counsel are not limited to, but shall include the following:

1. Determine whether or not the Defendant is indigent and if it is found that the Defendant is not indigent, report same to the Court promptly.

2. Counsel will either enter a written waiver of arraignment or appear at the next regularly scheduled plea day for arraignment.

3. Appointed counsel shall continue to represent the Defendant until relieved by this Court, the Supreme Court, or where a trial is had, upon the filing in this case a written statement, signed by appointed counsel and the Defendant, that he has been fully advised of his right to appeal and that the Defendant does not wish to appeal. If appeal is desired, appointed counsel shall perfect the appeal.

4. Appointed counsel may request and accept payment or promise of payment from or in behalf of the Defendant for his services, provided any payment or promise of payment shall be reported to the Court at or prior to the time of filing a claim of payment.

DATED this ___ day of May, 1993.

FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

FILED
MAY 24 1993
DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

xc:   Prosecuting Attorney
      Defendant

Respondent's Exhibit E                              978

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                              PLAINTIFF

VS

*Kenneth Reams*                 NO. CR 93-300-3

                                                              DEFENDANT

## APPOINTMENT OF COUNSEL

Upon preliminary determination of indigency, MAXIE G. KIZER, P. A., is appointed to represent the Defendant in the above-styled case.

Defendant is directed to immediately report to Counsel's office at 721 Pine Street, Pine Bluff, Arkansas, for scheduling of appointments, and shall cooperate fully with Counsel in preparing and presenting his defense herein.

The obligations of appointed counsel are not limited to, but shall include the following:

1. Determine whether or not the Defendant is indigent and if it is found that the Defendant is not indigent, report same to the Court promptly.

2. Counsel will either enter a written waiver of arraignment or appear at the next regularly scheduled plea day for arraignment.

3. Appointed counsel shall continue to represent the Defendant until relieved by this Court, the Supreme Court, or where a trial is had, upon the filing in this case a written statement, signed by appointed counsel and the Defendant, that he has been fully advised of his right to appeal and that the Defendant does not wish to appeal. If appeal is desired, appointed counsel shall perfect the appeal.

4. Appointed counsel may request and accept payment or promise of payment from or in behalf of the Defendant for his services, provided any payment or promise of payment shall be reported to the Court at or prior to the time of filing a claim of payment.

DATED this 21 day of May, 1993.

                                        FRED D. DAVIS, III
                                        CIRCUIT-CHANCERY JUDGE

FILED
MAY 24 1993
DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

xc:   Prosecuting Attorney
      Defendant

379                     6661 Respondent's Exhibit E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS

PLAINTIFF

VS

*Kenneth Reams*

NO. CR-93 299-1-3

DEFENDANT

## APPOINTMENT OF COUNSEL

Upon preliminary determination of indigency, MAXIE G. KIZER, P. A., is appointed to represent the Defendant in the above-styled case.

Defendant is directed to immediately report to Counsel's office at 721 Pine Street, Pine Bluff, Arkansas, for scheduling of appointments, and shall cooperate fully with Counsel in preparing and presenting his defense herein.

The obligations of appointed counsel are not limited to, but shall include the following:

1. Determine whether or not the Defendant is indigent and if it is found that the Defendant is not indigent, report same to the Court promptly.

2. Counsel will either enter a written waiver of arraignment or appear at the next regularly scheduled plea day for arraignment.

3. Appointed counsel shall continue to represent the Defendant until relieved by this Court, the Supreme Court, or where a trial is had, upon the filing in this case a written statement, signed by appointed counsel and the Defendant, that he has been fully advised of his right to appeal and that the Defendant does not wish to appeal. If appeal is desired, appointed counsel shall perfect the appeal.

4. Appointed counsel may request and accept payment or promise of payment from or in behalf of the Defendant for his services, provided any payment or promise of payment shall be reported to the Court at or prior to the time of filing a claim of payment.

DATED this 21 day of May, 1993.

FILED

MAY 24 1993

FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

xc:   Prosecuting Attorney
      Defendant

Respondent's Exhibit E

080

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, THIRD DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

VS

*Kenneth Rooms*                    NO. CR-93-298-3

                                                          DEFENDANT

## APPOINTMENT OF COUNSEL

Upon preliminary determination of indigency, MAXIE G. KIZER, P. A.,
is appointed to represent the Defendant in the above-styled case.

Defendant is directed to immediately report to Counsel's office at
721 Pine Street, Pine Bluff, Arkansas, for scheduling of appointments,
and shall cooperate fully with Counsel in preparing and presenting his
defense herein.

The obligations of appointed counsel are not limited to, but shall
include the following:

1. Determine whether or not the Defendant is indigent and if
it is found that the Defendant is not indigent, report same to
the Court promptly.

2. Counsel will either enter a written waiver of arraignment
or appear at the next regularly scheduled plea day for arraign-
ment.

3. Appointed counsel shall continue to represent the Defendant
until relieved by this Court, the Supreme Court, or where a
trial is had, upon the filing in this case a written statement,
signed by appointed counsel and the Defendant, that he has been
fully advised of his right to appeal and that the Defendant
does not wish to appeal.   If appeal is desired, appointed
counsel shall perfect the appeal.

4. Appointed counsel may request and accept payment or promise
of payment from or in behalf of the Defendant for his services,
provided any payment or promise of payment shall be reported to
the Court at or prior to the time of filing a claim of payment.

DATED this 21 day of May, 1993.

FILED

MAY 24 1993

FRED D. DAVIS, III
CIRCUIT-CHANCERY JUDGE

DOROTHY G. PEARSON
Circuit & Chancery Clerk
JEFFERSON COUNTY, ARKANSAS

xc:  Prosecuting Attorney
     Defendant

981

6665   Respondent's Exhibit E

# KENNETH REAMS

# VOLUME 4

**(Kizer's Files)**



EXHIBIT

2-D

Respondent's

Respondent's Exhibit E

# IN THE SUPREME COURT OF ARKANSAS

KENNETH REAMS                                                    APPELLANT

v.                              No. CR 94-558

STATE OF ARKANSAS                                               APPELLEE

---

An Appeal from the
Circuit Court of Jefferson County

---

The Honorable Fred D. Davis, *Judge*

---

Abstract and Brief
for the Appellant

---

Maxie G. Kizer, Esq.
Ark. Bar Reg. No. 83101721
721 Pine Street - Post Office Box 7423
Pine Bluff, Arkansas  71611
(501) 534-7004

*Attorney for Appellant*

982

Respondent's Exhibit E
6665

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

POINTS ON APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

ABSTRACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiv

*PLEADINGS*

    INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiv

    APPOINTMENT OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiv

    MOTION TO REQUIRE STATE TO REVEAL ANY AGREEMENT ENTERED
    INTO BETWEEN THE STATE AND ANY PROSECUTION WITNESS THAT
    COULD CONCEIVABLY INFLUENCE THE TESTIMONY . . . . . . . . . . . . . . . xv

    MOTION TO HOLD THE SENTENCING PROVISION OF THE DEATH
    PENALTY STATUTE, ARK. CODE ANN. § 5-4-603 (1987),
    UNCONSTITUTIONAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xvi

    MOTION TO QUASH INFORMATION ON GROUNDS THAT DEATH
    PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT VIOLATIVE OF
    THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED
    STATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xviii

    MOTION TO PROHIBIT THE STATE FROM SEEKING THE DEATH
    PENALTY ON THE GROUND THAT IT HAS HISTORICALLY BEEN
    IMPOSED ARBITRARILY AND CAPRICIOUSLY IN A RACIALLY
    DISCRIMINATORY MANNER IN VIOLATION OF THE EIGHTH AND
    FOURTEENTH AMENDMENTS TO THE UNITED STATES
    CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xix

    MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY . . . . . . . . . . . xx

MOTION TO HOLD THE SENTENCING PROVISIONS OF THE DEATH PENALTY

i

STATUTE, ARK. CODE ANN. § 5-4-603 (1987), UNCONSTITUTIONAL . . . . . . . . . . . . . xx

MOTION TO HOLD THE PROVISION OF THE DEATH PENALTY
STATUTE, ARK. CODE ANN. § 5-4-604, *et seq.*, UNCONSTITUTIONAL . . . . . . xxii

MOTION TO PROHIBIT SUBMISSION TO THE JURY OF THE
AGGRAVATING CIRCUMSTANCE, FOR PECUNIARY GAIN, AT THE
PENALTY PHASE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxiii

MOTION TO QUASH INFORMATION ON THE GROUND THAT ARK.
CODE ANN. § 5-10-101(a)(1) (1987), THE CAPITAL FELONY MURDER
STATUTE, IS UNCONSTITUTIONAL DUE TO ITS OVERLAP WITH ARK.
CODE ANN. § 5-10-102(a)(1) (1987), THE FIRST DEGREE MURDER
STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxv

MOTION TO QUASH INFORMATION ON THE GROUNDS THAT THE
STATUTORY AGGRAVATING CIRCUMSTANCES ARE VAGUE AND
OVERBROAD AND HAVE NOT BEEN NARROWLY CONSTRUED BY THE
APPELLATE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxvii

STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS CAPITAL
MURDER CHARGE BASED ON OVERLAP OF ARKANSAS STATUTES . . . . . xxix

STATE'S RESPONSE TO DEFENDANT'S MOTION THAT THE DEATH
PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT VIOLATIVE OF
THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED
STATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxx

STATE'S RESPONSE TO DEFENDANT'S MOTION TO HOLD THE
PROVISIONS OF THE DEATH PENALTY STATUTE, ARK. CODE ANN. §
5-4-604, *et seq.*, UNCONSTITUTIONAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxx

STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT DEATH
QUALIFICATION OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxi

STATE'S RESPONSE TO DEFENDANT'S MOTION TO QUASH
INFORMATION ON THE GROUND THAT STATUTORY AGGRAVATING
CIRCUMSTANCES ARE VAGUE AND OVERBROAD AND HAVE NOT
BEEN NARROWLY CONSTRUED BY THE APPELLATE COURT . . . . . . . . . . xxxi

STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT STATE
FROM USING PECUNIARY GAIN AS AGGRAVATING CIRCUMSTANCE . . . xxxii

STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT THE

ii

984

STATE FROM SEEKING THE DEATH PENALTY ON THE GROUNDS
THAT HISTORICALLY THE DEATH SENTENCE HAS BEEN
ARBITRARILY AND CAPRICIOUSLY IMPOSED IN A RACIALLY
DISCRIMINATORY MANNER IN VIOLATION OF THE EIGHTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxiii

STATE'S RESPONSE TO DEFENDANT'S MOTION TO HOLD THE
SENTENCING PROVISION OF THE DEATH PENALTY STATUTE, ARK.
CODE ANN. § 5-4-603, UNCONSTITUTIONAL . . . . . . . . . . . . . . . . . . . . xxxiv

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxiv

FORM ONE - AGGRAVATING CIRCUMSTANCES . . . . . . . . . . . . . . . . . . xxxiv

FORM TWO - MITIGATING CIRCUMSTANCES . . . . . . . . . . . . . . . . . . . . xxxv

FORM THREE - CONCLUSIONS . . . . . . . . . . . . . . . . . . . . . . . . . xxxvi

FORM FOUR - VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxvii

JUDGMENT AND COMMITMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxvii

NOTICE OF APPEAL AND DESIGNATION OF RECORD . . . . . . . . . . . . . . xxxvii

AMENDED JUDGMENT AND COMMITMENT . . . . . . . . . . . . . . . . . . . . xxxvii

SECOND NOTICE OF APPEAL AND DESIGNATION OF RECORD . . . . . . . xxxviii

STAY OF EXECUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxviii

*VOIRE DIRE EXAMINATION OF PROSPECTIVE JURORS*

IRMA JOHNSON, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . xxxix

LINDA MESSINA, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . xliii

DELLA MARIE HORACE, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . xlvi

DWIGHT A. ROBINSON, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . xlviii

MARY H. JOHNSON, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . li

BRUCE E. HORNSBY, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . liv

iii

Respondent's Exhibit E

6668

JERRY LINDSEY, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lvi

KELLY NOELLE RUGGERI, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . lvii

LARRY R. TIPTON, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lx

MATTHEW HENRY, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . lxii

CAROLYN PHILLIPS, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . lxviii

MARY DENISE HOFFMAN, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . lxxi

MURIEL M. HAYES, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . lxxiii

JIM SHAW, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lxxiv

DOROTHY HODGES, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . lxxvi

DAVID STELOW, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . lxxviii

MERLE COBBS, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . . . lxxxi

BRENDA SILVEY, ALTERNATE JUROR . . . . . . . . . . . . . . . . . . . . . . lxxxii

MAY CATHERINE NEAL, VENIRE MEMBER . . . . . . . . . . . . . . . . . . lxxxiii

DARLENE FRYE, ALTERNATE JUROR . . . . . . . . . . . . . . . . . . . . . . lxxxvi

*WITNESSES - GUILT PHASE*

GREG TAYLOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xciv

JAMES NELSON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xcvi

KENNY HEROMAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xcvii

WILLIAM STURNER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ci

IVAN PHILLIPS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cii

TERRY ADDISON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cv

RON ANDREJACK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cvii

iv

Respondent's Exhibit E

086

KENNETH REAMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cx

*WITNESSES - PENALTY PHASE*

DAVID NANAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cxxxii

REV. GEORGE McDANIEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cxxxv

BEATRICE WHITESIDE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cxxxvi

AMELIA REAMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cxxxix

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

## JURISDICTIONAL STATEMENT

This case is properly filed in the Supreme Court of Arkansas pursuant to Ark. Sup. Ct. R. 1-2 (a)(2), which provides for appeal to this court in criminal cases where a cumulative sentence of more than thirty (30) years' imprisonment, life imprisonment or death was imposed. In this case the appellant was sentenced to death by lethal injection.

## STATEMENT OF THE CASE

The appellant and Alford Goodwin were alleged to have caused the death of Gary W. Turner in the course of or in immediate flight from a robbery and charged with capital felony murder. A jury found the appellant guilty as charged and sentenced him to death by lethal injection. Kenneth Reams appeals herein, raising several arguments.

During voire dire examination of prospective jurors, the defense raised what are now known as *Batson* objections, alleging that the state was using its peremptory strikes in order to keeps blacks off of the petit jury. After the second of these objections, the trial court asked the state for its reasons for peremptorily excusing a black man. The response was that the venire

v

987

member had stated he could not consider the death penalty unless Reams had been the shooter. Further examination of this venire member showed that he had not made that statement. Although the trial court did not accept that as a race-neutral explanation, it overruled the objection and allowed the peremptory strike on the basis that its finding of a prima facie case had been improvidently made.

The appellant argues that he should not have been subjected to the death penalty because he is mildly mentally retarded with an intelligence quotient of 66 and with significant adaptive deficits as per the definition of mental retardation in Act 420 of 1993. The trial court's ruling that Act 420 simply did not apply is argued to have been erroneous.

The appellant argues that it was error for the trial court to instruct the jury on the aggravating circumstance, pecuniary gain.

The appellant argues that he should not have been subjected to the death penalty because he was not the shooter and the person who was the shooter, Alford Goodwin, pleaded guilty and received a sentence of life imprisonment without parole.

The appellant argues that the instructions given the jury as regards the mitigating factor of youth and non-statutory mitigating factors were inadequate. Further, the appellant argues that the instructions given the jury on how to weigh mitigating factors that some but not all of the juror found existed were erroneous and misleading.

POINTS ON APPEAL

vi

Respondent's Exhibit E

088

6671

I.

THE STATE UNCONSTITUTIONALLY USED ITS PEREMPTORY STRIKES
TO EXCLUDE BLACKS FROM THE PETIT JURY

*Hernandez v. New York*, 500 U.S. 352, 114 L.Ed.2d 395, 111 S.Ct. 185 (1991)
*Pacee v. State*, 306 Ark. 563, 816 S.W.2d 856 (1991)

II.

BECAUSE OF KENNETH REAMS'S MENTAL RETARDATION,
HIS EXECUTION WOULD VIOLATE THE STATE AND FEDERAL
GUARANTEES AGAINST CRUEL AND UNUSUAL PUNISHMENT AND
DEPRIVE HIM OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW

*Penry v. Lynaugh*, 492 U.S. 302 (1989)
*Fleming v. Zant*, 259 Ga. 687, 386 S.E.2d 339 (1989)

III.

THE SUBMISSION OF PECUNIARY GAIN TO THE JURY AS AN
AGGRAVATING CIRCUMSTANCE IN THE PENALTY PHASE WAS AN
UNCONSTITUTIONAL DOUBLE COUNTING AWRY OF THE EIGHTH AMENDMENT

*Collins v. Lockhart*, 754 F.2d 258 (8th Cir. 1985), *cert. denied*, 474 U.S. 1013 (1986)
*State v. Middlebrooks*, 840 S.W.2d 317 (Tenn. 1992) .

IV.

THE IMPOSITION OF THE DEATH PENALTY ON THE APPELLANT
IS DISPROPORTIONATE TO HIS PARTICIPATION AND UNDULY HARSH

*Sumlin v. State*, 273 Ark. 185, 617 S.W.2d 372 (1981)
*Henry v. State*, 278 Ark. 478, 647 S.W.2d 419 (1983)

V.

THE JURY DID NOT ADEQUATELY CONSIDER
THE MITIGATING CIRCUMSTANCE OF YOUTH AS IT BORE ON
THE APPELLANT'S MORAL CULPABILITY

VI.

FORM TWO, WHICH DEALT WITH MITIGATING CIRCUMSTANCES,

vii

989

Respondent's Exhibit E

LED THE JURY TO BELIEVE THAT UNANIMITY WAS REQUIRED FOR
CONSIDERATION OF ANY MITIGATING CIRCUMSTANCES IN THE WEIGHING
PROCESS, OR THAT THE JURY DID NOT HAVE TO CONSIDER COLLECTIVELY
MITIGATING FACTORS FOUND BY SOME OF THE JURORS

*Mills v. Maryland,* 486 U.S. 367 (1988)

VII.

THE JURY RECEIVED NO ADEQUATE INSTRUCTION ON THE
CONSIDERATION OF NON-STATUTORY MITIGATING EVIDENCE

*Hitchcock v. Dugger,* 481 U.S. 393 (1987)

## TABLE OF AUTHORITIES

*CASES*

*Adams v. State,* 862 S.W.2d 139 (Tex.Ct.App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

*Anderson v. Bessemer City,* 470 U.S. 564 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Batson v. Kentucky,* 476 U.S. 79 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Bly v. State,* 263 Ark. 138, 562 S.W.2d 605 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Carter & Burkhead v. State,* 255 Ark. 225, 500 S.W.2d 368 (1973), *cert. denied,* 416 U.S. 905 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Clines, Holmes, Richley & Orndorff v. State,* 280 Ark. 77, 656 S.W.2d 684 (1983), *cert. denied,* 465 U.S. 1051 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Coker v. Georgia,* 433 U.S. 584 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Colbert v. State,* 304 Ark. 250, 801 S.W.2d 643 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Collins v. Lockhart,* 758 F.2d 258 (8th Cir. 1985), *cert. denied,* 106 S.Ct. 46 (1986) . . . . . . . 22

*Collins v. Lockhart,* 758 F.2d 258 (8th Cir. 1985), *cert. denied,* 106 S.Ct. 46 (1986) . . . . . . . 33

*Cooper v. State,* 540 N.E.2d 1216 (Ind. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

900

Respondent's Exhibit E

*Eddings v. Oklahoma*, 455 U.S. 104 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Engberg v. Meyer*, 820 P.2d 70 (Wyo. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Engberg v. State*, 686 P.2d 541 (Wyo. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Enmund v. Florida*, 458 U.S. 782 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Fairchild v. State*, 284 Ark. 289, 681 S.W.2d 380 (1984), *cert.*
*denied*, 471 U.S. 1111 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Fleming v. Zant*, 259 Ga. 687, 386 S.E.2d 339 (1989) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Floyd v. State*, 511 So.2d 762 (Fla.Dist.Ct.App. 1987) . . . . . . . . . . . . . . . . . . . . . . . 6

*Franklin v. State*, 314 Ark. 329, 863 S.W.2d 268 (1993) . . . . . . . . . . . . . . . . . . . . . . 20

*Furman v. Georgia*, 408 U.S. 238 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Giles v. State*, 261 Ark. 413, 549 S.W.2d 479, *cert. denied*, 434 U.S. 894 (1977) . . . . . . . . . . 5

*Givens v. State*, 42 Ark.App. 173, 856 S.W.2d 33 (1993) . . . . . . . . . . . . . . . . . . . . . . . 18

*Great Northern Railway Co. v. Sunburst Oil Co.*, 287 U.S. 358 (1932) . . . . . . . . . . . . . . . . . 19

*Gregg v. Georgia*, 428 U.S. 153 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Henry v. State*, 278 Ark. 478, 647 S.W.2d 419 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hernandez v. New York*, 500 U.S. 352, 114 L.Ed.2d 395, 111 S.Ct. 1859 (1991) . . . . . . . . . 38

*Hitchcock v. Dugger*, 481 U.S. 393 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hollamon v. State*, 312 Ark. 48, 846 S.W.2d 663 (1993) . . . . . . . . . . . . . . . . . . . . . . . . 8

*J.E.B. v. Alabama ex rel. T.B.*, 511 U.S.__, 114 S.Ct.__, 128 L.Ed.2d 89 (1994) . . . . . . . 27, 28

*Johnson v. State*, 308 Ark. 7, 823 S.W.2d 800, *cert. denied*, 505 U.S.__, 120
L.Ed.2d 911, 112 S.Ct. 3043 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jones v. Jones*, 938 F.2d 838 (8th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jones v. State*, 45 Ark.App. 28, 871 S.W.2d 403 (1994) . . . . . . . . . . . . . . . . . . . . . . . . 27

ix

Respondent's Exhibit E

6674

*Life Insurance Company of Arkansas v. Ashley*, 308 Ark. 335, 824 S.W.2d 393 (1992) . . . . . 34

*Lockett v. Ohio*, 438 U.S. 586 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Lockhart v. Fretwell*, 506 U.S.___, 122 L.Ed.2d 180, 113 S.Ct. 838 (1993) . . . . . . . . . . . . . . 22

*Lowenfield v. Phelps*, 484 U.S. 231 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Maynard v. Cartwright*, 486 U.S. 356 (1988) . . . . . . . . . . . . . . . . . . . . . . . . 36-38

*Mills v. Maryland*, 486 U.S. 367 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . 13-15, 20

*Mings v. State*, 316 Ark. 650, 873 S.W.2d 559 (1994) . . . . . . . . . . . . . . . . . . . . . . . 5

*Mitchell v. State*, 295 Ark. 341, 750 S.W.2d 936 (1988) . . . . . . . . . . . . . . . . . . . . . 22

*Neal v. State*, 259 Ark. 27, 531 S.W.2d 17 (1975), *vacated on other grounds*
429 U.S. 966 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31-34

*Neal v. State*, 274 Ark. 217, 623 S.W.2d 191 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . 27

*O'Rourke v. State*, 295 Ark. 57, 746 S.W.2d 52 (1988) . . . . . . . . . . . . . . . . . . . . . 8, 9

*Pacee v. State*, 306 Ark. 563, 816 S.W.2d 856 (1991) . . . . . . . . . . . . . . . . . . . . . . 19

*Palko v. Connecticut*, 302 U.S. 319 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Penry v. Lynaugh*, 492 U.S. 302 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Perry v. Lockhart*, 871 F.2d 1384 (8th Cir.), *cert. denied* 493 U.S. 959 (1989) . . . . . . . . . . . 19

*Poe v. Ullman*, 367 U.S. 497 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Roberts v. Louisiana*, 431 U.S. 633 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Rochin v. California*, 342 U.S. 165 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rucker v. State*, 41 Ark.App. 164, 852 S.W.2d 139 (1993) . . . . . . . . . . . . . . . . . . . . 22

*Ruiz v. Norris*, No. PB-C-395, Slip Op. (E.D.Ark. 2 August 1994) . . . . . . . . . . . . . . . . 30

*Sanders v. State*, 317 Ark. 328, ___S.W.2d ___ (1994) . . . . . . . . . . . . . . . . . . . . . . 27

*Sargent v. Cole*, 269 Ark. 121, 598 S.W.2d 749 (1980) . . . . . . . . . . . . . . . . . . . . . 23

x

992

*Sawyer v. Whitley*, 505 U.S. __, 120 L.Ed.2d 269, 112 S.Ct. 2514 (1992) . . . . . . . . . . . . . . . 31

*Sheridan v. State*, 313 Ark. 23, 852 S.W.2d 772 (1993) . . . . . . . . . . . . . . . . . 9, 10

*Slappy v. State*, 503 So.2d 350 (Fla.Dist.Ct.App. 1987) . . . . . . . . . . . . . . 26

*Sochor v. Florida*, 504 U.S. __, 119 L.Ed.2d 326, 112 S.Ct. 2114 (1992) . . . . . . . . . . . . . . . 13

*State v. Gaylean*, 315 Ark. 699, 870 S.W.2d 706 (1994) . . . . . . . . . . . . . . . . . . . . . . 22

*State v. Middlebrooks*, 840 S.W.2d 317 (Tenn. 1992) . . . . . . . . . . . . . . . . . . . . . . 13

*State v. Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994) . . . . . . . . . . . . . . . . . . . . . . 12

*State v. Ziegenbein*, 282 Ark. 162, 666 S.W.2d 698 (1984) . . . . . . . . . . . . . . . . . . . . . 26

*Stringer v. Black*, 503 U.S.__, 117 L.Ed.2d 367, 112 S.Ct. 1130 (1992) . . . . . . . . . . . . 31, 32

*Sumlin v. State*, 273 Ark. 185, 617 S.W.2d 372 (1981) . . . . . . . . . . . . . . . . . . . . . . 20

*Sumner v. Shuman*, 483 U.S. 66 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Thompson v. State*, 301 Ark. 488, 785 S.W.2d 29 (1990) . . . . . . . . . . . . . . . . . . . 24, 25

*Tison v. Arizona*, 481 U.S. 137 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tucker v. State*, 313 Ark. 624, 855 S.W.2d 948 (1993) . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Battle*, 836 F.2d 1084 (8th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Brooks*, 2 F.3d 838 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Childs*, 5 F.3d 1328 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Johnson*, 941 F.2d 1102 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . 19

*United States v. Salerno*, 481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wainwright v. State*, 302 Ark. 371, 790 S.W.2d 420 (1990), *cert.*
*denied* __U.S.__, 111 S.Ct. 1123 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ward v. State*, 293 Ark. 88, 733 S.W.2d 728 (1987) . . . . . . . . . . . . . . . . . . . . . . 5

*Watson v. State*, 308 Ark. 444, 825 S.W.2d 569 (1992) . . . . . . . . . . . . . . . . . . . . . 5

xi

993

*STATUTES/RULES*

A.R.Cr.P. Rule 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Act 420 of 1993 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Ark. Code Ann. § 5-10-101 (Repl. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Ark. Code Ann. § 5-4-616 (Repl. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Ark. Code Ann. § 5-4-618 (Repl. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

La. Rev. Stat. Ann. §14.30(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Title VII of the Civil Rights Act of 1964 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V. Tex. C.A. Penal Code §19.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*BOOKS AND TREATISES*

Aichorn, *Wayward Youth* at 6 (Viking ed. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Brennan, *State Constitutions and the Protection of Individual Rights,*          90
Harv. L. Rev. 489 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Erik Erikson, *Childhood and Society* (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Feifel, ed., *The Meaning of Death* 99 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Kastenbaum, "Time and Death in Adolescence." in
Feifel, ed., *The Meaning of Death* 99 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Streib, *Death Penalty for Juveniles* (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35, 36

W. LaFave and J. Israel, *Criminal Procedure* §21.3, p. 255 (Cum. Supp. 1991) . . . . . . . . . . . 9

Ark. Const., art. 2, § 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Ark. Const, Amend. 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

xii

Respondent's Exhibit E

994

ARGUMENT

I.

## THE STATE UNCONSTITUTIONALLY USED ITS PEREMPTORY STRIKES TO EXCLUDE BLACKS FROM THE PETIT JURY

The state used its peremptory challenges in this case to exclude blacks from the petit jury in violation of the Equal Protection Clause of the Fourteenth Amendment as construed in *Batson v. Kentucky*, 476 U.S. 79 (1986), and its progeny. The first *Batson* motion came after the state struck the first venire member examined, Ms. Irma Johnson. The trial court did not have the state explain its reasons for peremptorily striking Ms. Johnson because no pattern had been established at that time, and the objection was overruled. (T. 226)

The second *Batson* objection came after the examination of venire member Matthew Henry. At that point the state had used four peremptory challenges, two for black venire members and two for white venire members. One black venire member had been seated as a juror. (T. 444, 445) The state proffered as its explanation of the striking of Mr. Henry that he had indicated that he would not consider the death penalty unless the defendant was the shooter. Defense counsel disagreed, saying that he had stated that he would consider the death penalty under appropriate circumstances, which is exactly what white jurors Tipton and Hornsby, who had been seated earlier, (T. 361, 414), had stated. The trial court stated that he did not hear Mr. Henry indicate that he would be reluctant to impose the death penalty if the circumstances warrant it, but he did think that his responses about the defendant's intent were worrisome. The state agreed with the trial court, stating that it appeared that Henry made normal responses to the state's questioning, but "started vacillating" while under questioning from the defense about such things as state of mind. (T. 446, 447)

1

995

Respondent's Exhibit E
6678

Mr. Henry was then questioned further by both parties. To the deputy prosecutor's question, " Would you require the State to prove . . . beyond a reasonable doubt that Mr. Reams actually fired the shot that killed the victim before you could consider the death penalty," Henry replied, "No, I think -- you asked the question about accomplice liability. And my view . . . is that any phase of action is an integral part of the whole regardless." (T. 451) The deputy prosecutor asked the question again: "[W]ould you require the State to prove that the defendant beyond a reasonable doubt actually pulled the trigger and killed the victim before you could consider the death penalty in this case?" This time Mr. Henry's response was clear: "That wouldn't be necessary." (T. 451, 452) In attempting to discern what Mr. Henry meant by intent, the deputy prosecutor and the trial court questioned him further and ascertained that he would consider intent as well as the evidence of mitigating and aggravating circumstances introduced. (T. 452, 453)

The trial court then reversed itself and found that there had been no pattern of racially discriminatory peremptory strikes shown that would require the state to proffer an explanation for its strikes. Even so, the trial court stated that it was not satisfied with the explanation that the state did give. (T. 455, 456) Given its pleasure, the state excused Mr. Henry. (T. 457)

The *Batson* motion was later renewed after the state used a peremptory strike to excuse venire member Muriel M. Hayes. (T. 498, 505) The state explained that the peremptory strike was used because of Ms. Hayes's reservations about imposing the death penalty. The trial court denied the motion without comment. (T. 505, 506)

To prevail on the argument that the state in a criminal case has unconstitutionally excluded blacks, one must first show a prima facie case of racial discrimination in the state's use

2

of its peremptory challenges, after which the burden shifts to the state to make a race neutral explanation for the use of its challenges. As the court stated recently in *Tucker v. State*, 313 Ark. 624, 629, 855 S.W.2d 948 (1993), quoting *Colbert v. State*, 304 Ark. 250, 801 S.W.2d 643 (1990):

> [U]pon a showing by a defendant of circumstances which raise an inference that the prosecutor exercised one or more of his peremptory challenges to exclude venire persons from the jury on account of race, the burden shifts to the state to establish that the peremptory strike(s) were for racially neutral reasons. The trial court shall then determine from all relevant circumstances the sufficiency of the racially neutral explanation. If the state's explanation appears insufficient, the trial court must then conduct a sensitive inquiry into the basis for each of the challenges by the state
>
> The standard of review for reversal of the trial court's evaluation of the sufficiency of the explanation must test whether the court's findings are clearly against a preponderance of the evidence. In every instance, however, the court shall state, in response to the defendant's objections, its ruling as to the sufficiency or insufficiency of the racially neutral explanation provided by the state.

In this case the trial court held that the appellant had not made a prima facie case of racial discrimination, yet found the proffered explanation of the state for striking Mr. Henry unconvincing. The trial court committed reversible error in failing to find the issue of a prima facie case moot or, alternatively, in failing to find a prima facie case, and in denying the *Batson* objection after finding the state's explanation not race neutral.

*A. PRIMA FACIE CASE.* The appellant submits first that because the state had given its purported race neutral explanation, the issue of whether a prima facie case had been made is moot. The only issue left is whether the explanation was race neutral.

In *Hernandez v. New York*, 500 U.S. 352, 114 L.Ed.2d 395, 111 S.Ct. 1859 (1991), the prosecutor stated his race neutral explanation for having used peremptory strikes to excuse several Hispanic venire members after a *Batson* objection was made, not waiting for the trial

3

997

court to find a prima facie case. In that case, the Court ruled, the issue of whether a prima facie

case had been established was moot. Analogizing to a case of employment discrimination under

Title VII of the Civil Rights Act of 1964, the Court stated that

> "[w]here the defendant has done everything that would be required of him if the
> plaintiff had properly made out a prima facie case, whether the plaintiff really did
> so is no longer relevant." *United States Postal Service Bd. of Govs. v. Aikens,* 460
> US 711, 715 . . . (1983). The same principle applies under Batson. Once a
> prosecutor has offered a race-neutral explanation for the peremptory challenges
> and the trial court has ruled on the ultimate question of intentional discrimination,
> the preliminary issue of whether the defendant has made a prima facie showing
> becomes moot.

*Hernandez v. New York,* 114 L.Ed.2d at 405.

In this case the prosecution had done all it was supposed to have done following the

appellant's *Batson* objection, and the trial court had ruled that its explanation did not make the

grade. Hence, whether a prima facie case had been established was and is moot. That the

prosecution did not volunteer the explanation out of turn, as was done in *Hernandez,* is of no

moment. The point of *Hernandez* was not that the defense is relieved of establishing a prima

facie case when the prosecution acts out of turn, but that when an explanation is before a trial

court, regardless of how or when it arrived, it will must be examined and a determination of race

neutrality made. *United States v. Brooks,* 2 F.3d 838, 840 (8th Cir. 1993); *United States v.*

*Johnson,* 941 F.2d 1102, 1108 (10th Cir. 1991); *United States v. Childs,* 5 F.3d 1328, 1338, n. 7

(9th Cir. 1993); *Adams v. State,* 862 S.W.2d 139, 144, n. 3 (Tex.Ct.App. 1993). Cf. *Tucker v.*

*State, supra.*

It is clear from the foregoing that the issue of whether a prima facie case was made is

moot. Assuming, *arguendo,* that the court disagrees, the appellant submits that a prima facie

case was established, anyway.

4

Respondent's Exhibit E

The trial court was under the impression that the only way in which to make out a prima facie case of racial discrimination was to show a pattern of peremptory strikes by the state against blacks. This was a misconception. Although a pattern of strikes is the method of establishing a prima facie case most often noted, it is not the only method. Caselaw usually discusses thee ways of showing a prima facie case, to wit:

> (1) showing that the totality of the relevant facts gives rise to an inference of a discriminatory purpose, (2) demonstrating total or seriously disproportionate exclusion of blacks from the jury, or (3) showing a pattern of strikes, questions or statements by a prosecuting attorney during voire dire.

*Thompson v. State*, 301 Ark. 488, 489, 785 S.W.2d 29 (1990). *See also Watson v. State*, 308 Ark. 444, 825 S.W.2d 569 (1992); *Wainwright v. State*, 302 Ark. 371, 790 S.W.2d 420 (1990), *cert. denied* 499 U.S.913 (1991); *Ward v. State*, 293 Ark. 88, 733 S.W.2d 728 (1987); *Givens v. State*, 42 Ark.App. 173, 856 S.W.2d 33 (1993).

As the Supreme Court said in *Batson*, these methods are merely illustrative. *Id.* at 98. As this and many other courts have held, one peremptory strike can make a prima facie case where it results in the exclusion of all black venire members and an all white jury. *Hollamon v. State*, 312 Ark. 48, 846 S.W.2d 663 (1993); *Mitchell v. State*, 295 Ark. 341, 750 S.W.2d 936 (1988); *Rucker v. State*, 41 Ark.App. 164, 852 S.W.2d 139 (1993). It is the totality of relevant facts that is important, and no set scenario must be presented in order to show a prima facie case.

Indeed, "the striking of a single black juror for racial reasons violates the equal protection clause, even though other black jurors are seated, and even when there are valid reasons for the striking of some black jurors. *United States v. Gordon*, 817 F.2d 1538, 1541 (11th Cir. 1987); *United States v. David*, 803 F.2d 1567, 1571 (11th Cir. 1986)." *United States v. Battle*, 836 F.2d

5

999

 Respondent's Exhibit E

1084, 1086 (8th Cir. 1987). An example of this type of prima facie case is *Franklin v. State*, 314 Ark. 329, 863 S.W.2d 268 (1993), also the appeal of a capital murder conviction of a young black male for the murder of a white person. In that case, as here, the first black venire member called was challenged for cause. The evidence had shown that just before the murder Franklin said something about killing some white people. Disagreeing with the trial court, this court held, "We disagree with the circuit court which concluded that Franklin failed to make a prima facie case. The first black juror called was challenged by the State in a case fraught with racial overtones." *Id.*, at 314 Ark. 338. Granted, the jury in *Franklin* was all white, but it was not all white when the first venire member was challenged by the state, and that is when a prima facie case was held to have been made.

In this case the totality of the circumstances showed a prima facie case in three ways, to wit, by the first strike, by the state's explanation for the strike of Mr. Henry and by a pattern of strikes. The state's explanation and the pattern are intertwined, as one is needed to see the other.

In this case, as in *Franklin*, there were racial overtones. The jurors were asked throughout *voire dire* whether it would make any difference that the victim of this murder was white and the appellant was black. Further, as would come out later in the trial and as the parties full well knew before trial, the co-defendant, who actually was the trigger man, told the appellant that he shot the victim because he, a white man, called the co-defendant a "nigger." (T. 740) Also as in *Franklin*, the state used a peremptory strike to excuse the very first black venire member called. That strike in and of itself raised a prima facie case, and the trial court should have asked for a race neutral explanation then in response to the appellant's *Batson* objection. (T. 226, 227)

6

1000

When the state finally was asked for a race neutral explanation for its strike of Mr.
Henry, the deputy prosecutor said he was excused because he stated that he could consider the
death penalty only if the appellant had been the trigger man and had actually shot the deceased.
As set out above, further examination of Mr. Henry refuted that assertion, yet the state used a
peremptory strike, anyway. These comments of the prosecution become compelling indicators
of a prima facie case of racial discrimination when compared with the state's questioning and use
of peremptory strikes with other jurors, which show a pattern.

Ms. Irma Johnson, the first black venire member called, stated in discussing accomplice
liability that she would treat the trigger man differently. She was asked, " if one of them shot
and killed a person and the other one did not, but he was there, he was still participating, do you
feel as though you would treat those people the same?" to which Ms. Johnson replied, "No, I
don't." (T. 221) When the next juror called, Ms. Linda Messina, a white woman, (T. 444, 445),
was asked, "[T]wo people go up to commit a robbery, one of them has a gun, one of them does
not, the one who has the gun shoots and kills the other individual. Do you believe both people
should be treated the same when it comes to punishment?" to which she replied, "Well, I
definitely feel like the one that did it should be punished more severely." (T. 239) This venire
member was accepted by the state, even though she stated exactly what the state said caused it to
use a peremptory strike against Mr. Henry. The only difference in the two is that Mr. Henry was
black and Ms. Messina white.

Another white venire member, Carolyn Phillips, the next juror chosen after Mr. Henry,
also opined that accomplices should be treated differently in regard to sentence. After
acknowledging that she knew what accomplice liability was, Ms. Phillips was asked if she

7

6684 Respondent's Exhibit E

agreed with the concept of accomplice liability, to which she succinctly replied, "Well, yes. I don't know that the penalty would be the same." (T. 470, 471) Ms. Dorothy Hodges, also a white woman chosen to sit on the jury, expressed similar sentiments after being explained the concept of accomplice liability: "I mean, he [the person driving the getaway car in a bank robbery-murder] wasn't the trigger man or pulled the weapon or killed him, but if it was already planned and all that, to me he should serve time." (T. 522, 523)

The disparate treatment of these venire members by the state not only establishes a pattern, but also shows the specious nature of the state's "race neutral" explanation for its peremptory strike of Mr. Henry. This opinion that accomplices should be treated differently in regard to sentence mattered to the state only when that opinion was held by a black person. This difference in treatment was most pronounced and clear in the case of Mr. Henry.

*B. RACE NEUTRAL EXPLANATION.* For an explanation to be sufficient, it need not rise to the level to justify a challenge for cause, but it must be related to a characteristic other than race, it must be related to the case being tried and it must not be pretextual. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S.__, 128 L.Ed.2d 89, 107, 114 S.Ct.1419 (1994), citing *Hernandez v. New York, supra; Batson v. Kentucky, supra; Pacee v. State*, 306 Ark. 563, 816 S.W.2d 856 (1991). .

The appellant reiterates and emphasizes at this point that the trial court did not find the state's explanation acceptable. That finding should end this part of the analysis on appeal, for the standard on appeal for review of the trial court's ruling on the sufficiency of that explanation is "whether the [trial] court's findings are against a preponderance of the evidence." *Tucker v. State, supra*, 313 Ark. at 629. This standard accords with the "clearly erroneous" standard of

8

review of a state trial court's determination in this regard set forth in *Hernandez v. New York*, succinctly set forth in language quoted from *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985), as "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Hernandez v. New York, supra*, 114 L.Ed.2d at 412. *See also Jones v. State*, 45 Ark.App. 28, 36, 871 S.W.2d 403 (1994); *Jones v. Jones*, 938 F.2d 838, 841, n. 4 (8th Cir. 1991).

As the discussion of the facts in the section on a prima facie case shows, there was ample evidence from which the trial judge could have drawn the conclusion that the explanation offered did not make the grade. The proffered explanation of what was objectionable in Mr. Henry's *voire dire* examination was relevant to the prosecution only in the case of black jurors. "A reason [for using a peremptory strike] is more likely to pass muster if the record indicates the same reason was used in challenging white prospective jurors, and by the same token a reason is unacceptable if it appears whites were not challenged on the same basis." W. LaFave and J. Israel, *Criminal Procedure* §21.3, p. 255 (Cum. Supp. 1991). This principle was applied by this court in *Franklin v. State, supra,* where the prosecutor's proffered explanation was that the black juror in question would not be able to consider the full range of punishment. When it was considered that the state had used peremptory strikes against five other white venire members for the same reason, the court held that explanation good. *Id.,* 314 Ark. at 339.

This principle was also approved in *Floyd v. State*, 511 So.2d 762 (Fla.Dist.Ct.App. 1987), cited by this court in *Pacee v. State, supra.* Quoting *Slappy v. State*, 503 So.2d 350, 355 (Fla.Dist.Ct.App. 1987), the court in *Floyd* stated at 511 So.2d 764 that the following would weigh heavily against the legitimacy of any race-neutral explanation:

9

1003

Respondent's Exhibit E

. . . (3) disparate examination of the challenged juror, i.e., questioning the challenged venireperson so as to evoke a certain response without asking the same question of other panel members; (4) the reason given for the challenge is unrelated to the facts of the case; and (5) *disparate treatment where there is no difference between responses given to the same question by challenged and unchallenged venirepersons.* [Emphasis added.]

A clearer case of disparate treatment given venire members who answered the same question the same way cannot be imagined.

The appellant notes in closing that its assertion that the jury as finally seated contained only one black person, Mrs. Della Marie Horace, is not totally supported by the record. The record does reflect her race and the race of the other seven jurors seated at that time, (T. 242, 301, 324, 349, 361, 387, 399, 400, 414, 444, 445), but there is no definitive indication in the record of the race of the other four jurors and two alternates chosen after Mr. Henry was excused. Counsel knows, however, that Mrs. Horace was the only black juror chosen, and counsel for the state could determine that easily by speaking with the prosecutor who tried the case. This was apparently what was done in the case of *Franklin v. State, supra,* where the appellant asserted that the jury had been all white, and the state did not dispute that assertion. *Id.,* 314 Ark. at 336. The decision was then made based on that fact. The state probably wanted to conserve judicial resources and have this issue determined then on direct appeal and not later in post-conviction proceedings pursuant to A.R.Cr.P. Rule 37.

It is hoped that the state makes that same choice in this case, but if it does not, the appellant's case is not strongly affected. The prosecution treated two jurors differently on the basis of the same purported reason after Mr. Henry was stricken. If they were both white or both black, that they were treated differently than Mr. Henry does not militate in favor of race neutrality for the state's proffered explanation for its peremptory strike of Mr. Henry.

10

Indeed, this case is as ripe for reversal on *Batson* grounds as any the court is likely to see.

## II.

### BECAUSE OF KENNETH REAMS'S MENTAL RETARDATION, HIS EXECUTION WOULD VIOLATE THE STATE AND FEDERAL GUARANTEES AGAINST CRUEL AND UNUSUAL PUNISHMENT AND DEPRIVE HIM OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW

Following the jury's verdict of guilty of capital felony murder, defense counsel moved that the jury be instructed in accordance with Ark. Code Ann. § 5-4-618 (Repl. 1993), the codification of Act 420 of 1993, that the appellant is a person who is mentally retarded and should not be subject to the death penalty. Even though Reams was found to have an intelligence quotient (IQ) of 66, one point above the presumption of mental retardation set out at § 5-4-618(a)(2), counsel was of the opinion that the jury should be so instructed, anyway. He had a specially prepared jury instruction and verdict form prepared. (T. 824, 969-972) The trial court determined that Act 420 did not have an emergency clause and therefore went into effect sometime in August, 1993, several months after the offense in this case was committed on 5 May 1993. Accordingly, Act 420 was found not to apply to the appellant's case, and the motion to instruct the jury was denied. (T. 829, 830)

When the jury was instructed, Form 2, the form used for indicating the existence of mitigating circumstances, listed in all parts the possible mitigating circumstance, "Kenneth Reams suffers from borderline mental retardation." (T. 159-162) The jury checked this possible mitigating circumstance in Part C of Form 2, which indicated that, "There was evidence of the following mitigating circumstances, but the jury unanimously agreed that they do not exist." (T. 161)

11

1005

Respondent's Exhibit E

6688

The statutory provision in question provides that, "No defendant with mental retardation at the time of committing capital murder shall be sentenced to death." § 5-4-618(b). Mental retardation as used in this provision means:

> (A) Significantly subaverage general intellectual functioning accompanied by significant deficits or impairments in adaptive functioning manifest in the developmental period, but no later than age 18; and
> (B) Deficits in adaptive behavior.

It is further provided that, "There is a rebuttable presumption of mental retardation when a defendant has an intelligence quotient of sixty-five (65) or below." § 5-4-618(a)(2). Where the trial court finds that the defendant is mentally retarded for purposes of this provision, the jury shall not be death qualified and "shall sentence the defendant to life imprisonment without possibility of parole." § 5-4-618(d)(2)(B). If on the other hand the trial court determines that the defendant is not mentally retarded, the defendant may raise the question with the jury during the sentencing phase of the trial, in which case the jury shall be given a special verdict form on mental retardation. If the jury unanimously finds that the defendant is mentally retarded, it shall "automatically" sentence the defendant to life imprisonment without possibility of parole. § 5-4-618(d)(A).

Act 420 of 1993 was signed by the governor and became law on 10 March 1993. Because it contained no emergency clause, it took effect ninety days following adjournment of the 1993 legislative session *sine die* in accordance with Ark. Const, Amend. 7. *See State v. Ziegenbein*, 282 Ark. 162, 666 S.W.2d 698 (1984).

The trial court committed error in failing to make a determination of whether the appellant was mentally retarded and denying the appellant's motion to instruct the jury as per this statute. Fundamentally, the trial court erred in holding that the statute did not apply at all.

12

By the words of the statute, itself, it applies to anyone being *sentenced* to death who was mentally retarded at the time of the capital murder. The appellant acknowledges that most sentencing provisions are applied as of the date of the commission of the offense, *e.g. State v. Gaylean*, 315 Ark. 699, 870 S.W.2d 706 (1994), and *State v. Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994), but points out that the sentencing provision in question here is specific on this point. The operative fact here is sentencing. Where the words of a statute are clear, no interpretation is permitted: it should mean just how it reads. *Mings v. State*, 316 Ark. 650, 653, 873 S.W.2d 559 (1994).

The statute was also read erroneously as providing that it applied only to individuals with IQ's of sixty-five or less. As the record shows, the appellant certainly fit the first definition of mental retardation of someone who had significant subaverage general intellectual functioning and significant deficits or impairments in adaptive functioning which manifested in the appellant before the age of 18.

The only witness who testified about this matter was Mr. David Nanak, a licensed psychological examiner with the Southeast Arkansas Mental Health Center qualified without objection as an expert in the field of psychological examination. (T. 852, 853) Nanak put the appellant through a battery of tests, including the Wide Range Achievement Test (an academic achievement test), the House-Tree-Person test and the Bender Visual-Motor Gestalt Test. (T. 854, 855) The results of this testing was a composite intelligence quotient (IQ) on the Wechsler Adult Intelligence Scale-Revised. (T. 855, 856) Nanak testified that this score made the appellant mildly retarded, the scale of mild retardation extending from IQ scores of 50 to 70. (T. 856, 857) On cross-examination Nanak stated that an IQ of 69 and 70 was borderline retarded,

13

Respondent's Exhibit E

6690

but that 66 was mildly retarded.  Whereas borderline retarded is not considered retarded, mildly retarded is considered retarded.  (T. 861, 862)

The other most significant evidence in this regard were the records of the appellant's progress in school and in a boys' reform school in Poplar Bluff, Missouri, introduced as Defendant's Exhibits Nos. 2 and 3.  Exhibit No. 2 is abstracted at length, and it contains records of the appellant's progress when he was in high school and when he was in the W. E. Sears Youth Center, an institution for boys of the Missouri Department of Social Services, Division of Youth Service.  These records indicate that the appellant had learning disabilities and behavior problems then that responded to the tight structure given him at the Sears Youth Center.  They show plainly that the appellant, in the words of the statute involved here had, "[s]ignificantly subaverage general intellectual functioning accompanied by significant deficits or impairments in adaptive functioning manifest in the developmental period" well before age 18, the appellant's age at the time of this offense.

Had the trial court considered the statute, this evidence would have to have been heard by , the trial court, which would then have to have made a decision.  That decision would more than likely have been that the appellant was retarded at the time and that the appellant could be sentenced only to life imprisonment without parole in accordance with § 5-4-618(d)(2)(B).  In the unlikely event that the decision was otherwise, the jury would then have to be instructed in the words of the statute, including a definition of mental retardation of the two ways of finding mental retardation discussed above and set out at Ark. Code Ann. §§ 5-4-618(a)(1)(A) and (B).

In addition to violating the statute, itself, the trial court's holding that Ark. Code Ann. § 5-4-618 did not apply also violated both the state and the federal constitutions.

14

*A. VIOLATION OF THE ARKANSAS CONSTITUTION.* Ark. Const., art. 2, § 9,

prohibits the infliction of cruel and unusual punishments. A punishment is cruel and unusual if it

"shock[s] the moral sense of the community." *Carter & Burkhead v. State*, 255 Ark. 225, 500

S.W.2d 368, 373 (1973), *cert. denied*, 416 U.S. 905 (1974). This definition is not a static

concept, but instead changes "in light of maturing standards of civilized society." *Fairchild v.*

*State*, 284 Ark. 289, 681 S.W.2d 380 (1984), *cert. denied*, 471 U.S. 1111 (1985). *See also Penry*

*v. Lynaugh*, 492 U.S. 302 (1989).

To ascertain whether a society currently views a particular punishment as cruel and

unusual, the court must look to objective evidence. Such evidence may include information

gathered from public opinion polls, but legislative enactments constitute the clearest and most

objective evidence of how contemporary society views a particular punishment. *Id.*, at 335.

Those enactments mark the shifting or evolution of societal consensus.

In *Fleming v. Zant*, 259 Ga. 687, 386 S.E.2d 339 (1989), the Georgia Supreme Court

reached the same conclusion the appellant now urges upon this court. At issue in *Fleming* was a

recently enacted law prohibiting the execution of the mentally retarded. The new statute was

expressly prospective in its application. The court noted that "[o]n its face the statute [did] not

apply to Son Fleming, who was tried more than ten years ago." *Id.*, at 340. Nevertheless, the

*Fleming* court held that it would violate the Georgia constitution's ban against cruel and unusual

punishment to execute Fleming, since "[t]he legislative enactment reflect[ed] a decision by the

people of Georgia that the execution of mentally retarded offenders makes no measurable

contribution to acceptable goals of punishment. Thus, although there may be no 'national

consensus' against executing the mentally retarded, this state's consensus is clear." *Id.*, at 342

15

1009

(Footnote omitted.)

Similarly, while Act 420 is prospective by its terms, this reading is of no moment with respect to the constitutional ban against the imposition of cruel and unusual punishment. The passage of Act 420 reflects the moral consensus of the people against imposing the death penalty on the mentally retarded. It is this evolved standard of decency that defines what the people of Arkansas consider cruel and unusual punishment, thereby triggering the appellant's right vested in the Arkansas constitution to be free from such punishment. It would be cruel, cruel beyond words, to execute a mentally retarded person like the appellant. It would also be extremely unusual, since no retarded offender who will be tried after the effective date of Act 420, no matter how heinous the crime, will ever be executed.

In *Penry v. Lynaugh, supra*, the Supreme Court decided that, since there was no national consensus, the execution of mentally retarded persons was not banned by the Eighth Amendment. *Id.*, 492 U.S. at 340. In contrast, the objective evidence indicates that a state consensus against the execution of the mentally retarded now exists in Arkansas, and thus the execution of the retarded is barred under the cruel and unusual punishment clause of the Arkansas constitution. The appellant urges this court to recognize, as did the Georgia Supreme Court in *Fleming*, that federal constitutional standards represent the minimum and not the maximum protection a state may afford its citizens. *See generally* Brennan, *State Constitutions and the Protection of Individual Rights*, 90 Harv. L. Rev. 489 (1977) (noting numerous state courts that have extended to their citizens via state constitutions greater protections than accorded under the Bill of Rights.)

*B. VIOLATION OF THE FEDERAL CONSTITUTION.* The Arkansas legislature and

16

Respondent's Exhibit E

1010

electorate speak with one voice on the issue of the appellant's sentence: the mentally retarded should not be executed. This Arkansas response has significant implications under the Eight Amendment that militate against the execution of Kenneth Reams.

In *Penry v. Lynaugh, supra,* the Supreme Court found that there was not yet a sufficient national consensus against execution of the mentally retarded. *Id.* 492 U.S. at 334. *Penry* did not address, however, the constitutional implications of a state statute that prohibited prospectively the execution of persons who are identical to the appellant in all material respects. There is a question under the Eighth Amendment with respect to evenhanded, rational and consistent application of the death penalty in Arkansas that is raised by operation of Act 420 on only a prospective basis.

1)   *There is no meaningful way to differentiate between who is executed and who is not.*

In order to pass constitutional muster, a death penalty statute must provide a meaningful basis for distinguishing between those few persons wo are eligible for execution and the many who are not. *Maynard v. Cartwright,* 486 U.S. 356 (1988). In Arkansas the only "meaningful" way to determine which equally situated mentally retarded offenders may receive the death penalty is the date they are tried (or *retried*). Not even the date of the offense is of actual legal relevance. A person first sentenced to death before the enactment of Act 420 banning imposition of the death penalty on mentally retarded persons, but whose sentence is reversed, and who faces resentencing after the effective date of the statute, may not be sentenced to death again. But a mentally retarded person sentenced to death the day before the effective date would receive the benefit of Act 420 only if his or her sentence was reversed and a resentencing followed. Under such a scheme, a mentally retarded person would be much better off having an unfair trial before

17

1011

Respondent's Exhibit E

the effective date of Act 420, so that a reversal would bring a bar to capital punishment afterwards.

This result is truly a game of chance: the possibility of receiving the benefits of Act 420 depend on but are not decisively controlled by factors such as court calendars and the occurrence of trial errors in a first trial wholly unrelated to mental health issues or the moral culpability of the offender. Nothing could be more arbitrary or capricious.

In this instance due process and equal protection constraints against arbitrary and invidious state action are clearly implicated by a legislative enactment that would permit Reams's execution while exempting from capital punishment the entire class of persons identically situated to Reams but for calendar dates. It is hardly disputable that a serious due process and equal protection violation would arise if the legislature decreed the death penalty for murders occurring on Mondays, Wednesdays and Saturdays only, with no showing of circumstances that distinguish these three days of the week from others. Similarly, a legislative enactment that would permit Reams's execution if his crime occurred the day *before* the statute's effective date, but would spare the life of an identically situated, mentally retarded defendant whose crime occurred the day *after*, is equally constitutionally flawed.

Here, there is no reason at all to draw the line in time the trial court drew with its ruling. The traditional reasons for prospective lawmaking, i.e., protection of vested interests and legitimate expectations based upon transactions predating a new law, *see Great Northern Railway Co. v. Sunburst Oil Co.*, 287 U.S. 358, 364 (1932), are not implicated here. Neither the state, nor anyone else has acquired a vested interest or a legitimate expectation in Reams's execution. To the contrary, the state through its legislature has determined that the state has *no*

18

interest in executing persons with mental retardation.

Moreover, a substantive due process violation is implicated here. "'Substantive due process' prevents the government from engaging in conduct that 'shocks the conscience'" *United States v. Salerno*, 481 U.S. 739, 746 (1987), quoting *Rochin v. California*, 342 U.S. 165, 172 (1952). For the state of Arkansas to reach the moral consensus that mentally retarded persons as a class should be immune from execution, but then proceed to execute a member of that same class because of an arbitrary starting date for the statutory enactment is governmental behavior that "shocks the conscience." It is just as appalling as a legislative pronouncement decreeing the death penalty for murders occurring on randomly selected days of the week. The Supreme Court has recognized that "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325-26 (1937), is "freedom from all [such] arbitrary impositions." *Poe v. Ullman*, 367 U.S. 497, 543 (1961) (Harlan, J., dissenting from dismissal on jurisdictional grounds).

2.    *There is no penological justification for*
      *executing the mentally retarded*

"A punishment is 'excessive' and unconstitutional if it . . . makes no measurable contribution to acceptable goals of punishment." *Coker v. Georgia*, 433 U.S. 584, 592 (1977). The Supreme Court sustained the death penalty because it was seen as contributing to "two principal societal purposes: retribution and deterrence of capital crimes by prospective offenders." *Gregg v. Georgia*, 428 U.S. 153, 183 (1976).

The appellant's execution will have no deterrent effect, since his execution will not deter prospective offenders. The very media reports announcing his demise will surely inform such offenders that the legislature has since forbidden any such execution ever again. Reams's

19

Respondent's Exhibit E

6696

execution would simply not deter prospective mentally retarded offenders, and "[t]he fact that

the . . . Legislature saw fit to repeal the [death penalty for mentally retarded offenders] . . .

seriously undermines [any] . . . contention that such a [penalty] . . . is needed as a deterrent."

*Sumner v. Shuman*, 483 U.S. 66, 83 (1987).

Its function will be limited to visiting retribution upon a single person under

circumstances that the legislature has decreed do not in any other indistinguishable case merit

capital punishment.  The legislative voice has spoken and determined that a fitting measure of

retribution against a mentally retarded offender no longer requires taking his or her life.  Under

the Eighth Amendment, therefore, the carrying out of the death penalty on the appellant would

be "excessive and unconstitutional [since] it . . . makes no measurable contribution to acceptable

goals of punishment."  *Coker v. Georgia, supra,* at 592.

It is thus by legislative quirk, and not some jurisprudential nicety, that the appellant, but

no one else, warrants retribution.  Such quirks command no respect under the Eighth

Amendment.  Such a quirk is indefensibly arbitrary under *Furman v. Georgia*, 408 U.S. 238

(1972), and serves no valid penological function.

The jury in this case also cannot be absolved, for it plainly ignored uncontradicted

evidence of mental retardation by finding that it did not exist as a mitigating circumstance.  As

the court held in *Giles v. State*, 261 Ark. 413, 424, 549 S.W.2d 479, *cert. denied*, 434 U.S. 894

(1977):

> The jury was not free to arbitrarily disdregard reasonable testimony, where other
> testimony is supportive, rather than conflicting, and no questions of credibility are
> to be resolved, and it cannot be said that it is physically impossible or that there is
> no reasonable probability that it is true. [Citations omitted.]

For these reasons, the execution of Kenneth Reams would violate the federal

20

Respondent's Exhibit E

6697

1014

constitutional proscription against cruel and unusual punishment.

III.

### THE SUBMISSION OF PECUNIARY GAIN TO THE JURY AS AN AGGRAVATING CIRCUMSTANCE IN THE PENALTY PHASE WAS AN UNCONSTITUTIONAL DOUBLE COUNTING AWRY OF THE EIGHTH AMENDMENT

Before trial the appellant moved to prohibit the submission to the jury in the penalty phase of this trial of the aggravating circumstance, for pecuniary gain. (T. 68-71) The motion was denied summarily. (T. 602, 603) This aggravating circumstance was submitted for the jury's consideration in the penalty phase of the trial, and the jury found unanimously that it existed beyond a reasonable doubt. (T. 158, 841, 842) It served as one of two aggravating circumstances upon which the jury based its decision to assess the death penalty in this case. (T. 158) The submission of this aggravating circumstance deprived him of rights guaranteed him under the Eighth and Fourteenth Amendments.

The appellant was charged with capital felony murder, alleged to have been committed in the course and in furtherance of a robbery. (T. 3-5) An essential element of the offense charged, which must have been proven beyond a reasonable doubt in the guilt phase, was that the murder was committed in the perpetration or attempted perpetration of a robbery. *Bly v. State*, 263 Ark. 138, 562 S.W.2d 605 (1978). As construed by this court, the phrase, for pecuniary gain, is a term of common understanding meaning in the perpetration or attempted perpetration of a robbery. *Neal v. State*, 259 Ark. 27, 531 S.W.2d 17 (1975), *vacated on other grounds* 429 U.S. 966 (1976). Hence, pecuniary gain is an element of the underlying felony, robbery, which must be proven in order to establish guilt of capital murder.

The submission of this aggravating circumstance double counted pecuniary gain as both

21

1015

Respondent's Exhibit E

an element of the underlying felony, which gave rise to the higher degree of capital murder, and duplicatively as an aggravating circumstance justifying imposition of the death penalty. In *Collins v. Lockhart*, 754 F.2d 258 (8th Cir. 1985), *cert. denied*, 474 U.S. 1013 (1986), it was held that the use of an aggravating circumstance that duplicates an element of the crime, itself, is a violation of the Eighth Amendment because the double counting of that element fails to narrow the class of persons eligible for the death penalty and to reasonably justify the imposition of a more severe sentence on that defendant as compared to others found guilty of murder. Although the decision in *Collins* was subsequently overruled in *Perry v. Lockhart*, 871 F.2d 1384 (8th Cir.), *cert. denied* 493 U.S. 959 (1989), based upon the decision in *Lowenfield v. Phelps*, 484 U.S. 231 (1988), the appellant submits that upon a closer look at *Lowenfield* and in light of recent Supreme Court decisions, *Collins* is the correct decision and should be followed. The Tennessee Supreme Court specifically so found in *State v. Middlebrooks*, 840 S.W.2d 317 (Tenn. 1992), and the appellant urges this court to consider and adopt its analysis. As stated by the court in *Ruiz v. Norris*, No. PB-C-395, Slip Op. at 55, (E.D.Ark. 2 August 1994), although bound by *Perry*, "This court is inclined to agree with the Tennessee Supreme Court."

*Lowenfield* dealt with the Louisiana death penalty statute and held that double counting an element of an underlying offense as an aggravating circumstance was permissible where the narrowing of the class of offenders eligible for the death penalty occurred in the guilt stage by the definition of the offense. Although narrowing was necessary, the Court held, it could be accomplished in either the guilt or innocence stages of a capital trial.

The statute in question was La. Rev. Stat. Ann. §14.30(a), which provided in pertinent part that first degree murder, Louisiana's capital offense, was defined as:

22

1016

. . . the killing of a human being:

(1)  when the offender has specific intent to kill or inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated escape, aggravated arson, aggravated rape, aggravated burglary, armed robbery or simple robbery

The remainder of the statute set out four other definitions and aggravating circumstances, to wit, (2) the intentional killing of a police officer or fireman engaged in the performance of his lawful duties, (3) intentional multiple killings, (4) intentional killings for money or anything of value and (5) the intentional killing of a person under twelve years old.  What makes murder first degree or capital murder in Louisiana is the specific intent to kill or inflict great bodily harm. The situations accompanying each of the five definitions are the aggravating circumstances.

Thus, in Louisiana exposure to the death penalty occurs at the guilt stage upon a showing of an intentional homicide and the commission of that homicide under one of the five aggravating circumstances set out above. *See also Sawyer v. Whitley*, 505 U.S. __, 120 L.Ed.2d 269, 112 S.Ct. 2514, 2523 (1992).

Texas similarly narrows the class of defendants who are death eligible.  Its statute requires proof of both an intentional or knowing murder and its commission under certain statutory aggravating circumstances.  Only after both of these findings are made may a defendant be found guilty of capital murder and thereafter exposed to the death penalty.  V. Tex. C.A. Penal Code §19.03.

The Arkansas statute under which the appellant was tried, Ark. Code Ann. § 5-10-101 (Repl. 1993), defines capital murder as charged in this case as follows:

(a)  acting alone or with one or more other persons, he commits or attempts to commit . . . robbery, . . . and in the furtherance of the felony or in immediate flight therefrom, he or an accomplice causes the death of any person under

23

1017

Respondent's Exhibit E

6700

circumstances manifesting extreme indifference to the value of human life

The Louisiana and Arkansas definitions of capital felony murder differ in at least one important way: Louisiana requires a specific intent to kill or inflict great bodily harm, whereas Arkansas requires only that the killing occur "under circumstances manifesting extreme indifference to the value of human life." Arkansas defines capital felony murder as something far less than intentional killing. Thus, the Louisiana statute is far narrower in its definition of capital felony murder than the Arkansas statute.

The Supreme Court has compared the respective statutes of Arkansas and Louisiana on several occasions and reached a conclusion that was ignored or overlooked in *Perry*. In *Enmund v. Florida*, 458 U.S. 782, 790, n. 7 (1982), the Court noted that Louisiana was one of eight states that "made knowing, intentional, purposeful or premeditated killing an element of capital murder." Arkansas, however, was noted as one of three states that "require proof of a culpable mental state short of intent, such as recklessness or extreme indifference to the value of human life." *Id.*, n. 8. In *Tison v. Arizona*, 481 U.S. 137 (1987), the Court revisited *Enmund* and again noted the difference between the Louisiana and Arkansas statutes. Absent an intent to kill, Louisiana "forbids imposition of the death penalty even though the defendant's participation is major and the likelihood of killing is so substantial as to raise an inference of extreme recklessness." *Id.*, at 154. Arkansas, however, has held that "substantial participation in a violent felony under circumstances likely to result in the loss of innocent human life may justify the death penalty even in the absence of an 'intent to kill' . . ." *Id.*, quoting *Clines, Holmes, Richley & Orndorff v. State*, 280 Ark. 77, 656 S.W.2d 684 (1983), *cert. denied*, 465 U.S. 1051 (1984).

24

1018

Therefore, under *Enmund, Tison* and *Lowenfield,* Louisiana can be said to perform the narrowing function at the guilt phase of the trial, but the same cannot be said of Arkansas. Although *Tison* held that a mental state of reckless indifference coupled with major participation in the felony was sufficient to satisfy the *Enmund* culpability requirement, both *Enmund* and *Tison* implicitly recognized that this lesser culpable mental state pulls more defendants into the net of potential capital liability and, thus, broadens rather than narrows the class of persons eligible for the death penalty.  It is only at the penalty phase in Arkansas that narrowing of the class of death eligible defendants occurs through the use of aggravating and mitigating circumstances.

This is the distinction the Tennessee Supreme Court drew in *Middlebrooks* between its statute–for purposes of this appeal identical to the Arkansas statute–and the Louisiana statute dealt with in *Lowenfield.*  As that court stated at 840 S.W.2d 341, quoting *Engberg v. State,* 686 P.2d 541, 560 (Wyo. 1984) (Rose, J., dissenting):

> A comparison of the sentencing treatment afforded first degree murder defendants further highlights the impropriety of using the underlying felony to aggravate felony-murder.  The felony murderer, in contrast to the premeditated murderer, enters the sentencing stage with one aggravating circumstance automatically charged against him.  This disparity in sentencing treatment bears no relationship to legitimate distinguishing features upon which the death penalty might constitutionally rest.

Whereas the capital defendant charged under Ark. Code Ann. § 5-10-101(a)(4) with premeditated murder would go from the guilt phase of the trial to the penalty phase only expectant of proof of aggravating circumstances from the state, the capital defendant charged with felony murder goes into the guilt phase assured of one aggravating circumstance, pecuniary gain, which the jury in the guilt phase has already found existed beyond a reasonable doubt.  As

25

1019

Respondent's Exhibit E

between the two, is not the premeditated murderer morally more culpable than the reckless murderer who kills in the course of a robbery?

Two other aspects of the Arkansas statute differentiate it from the Louisiana statute. First, like the statutory schemes in Florida, *Sochor v. Florida*, 504 U.S. ___, 119 L.Ed.2d 326, 112 S.Ct. 2114 (1992), and Mississippi, *Stringer v. Black*, 503 U.S.___, 117 L.Ed.2d 367, 112 S.Ct. 1130 (1992), and unlike those in Louisiana and Texas, Arkansas's sentencing scheme is a weighing one. Under Arkansas law after a jury has found a defendant guilty of capital murder and has also found the existence of at least one statutory aggravating circumstance, it is directed to then weigh the aggravating factor or factors against all evidence presented in mitigation. This difference in the statute is "of critical importance," *Stringer v. Black*, 112 S.Ct. at 1137, and the importance of this mandatory weighing process under the Arkansas sentencing scheme has long been emphasized. *See, e.g., Giles v. State*, 261 Ark. 413, 549 S.W.2d 479, *cert. denied*, 434 U.S. 894 (1977). The presence of this weighing requirement further distinguishes the Arkansas statute from the Louisiana statute considered in *Lowenfield*. *Stringer v. Black*, 112 S.Ct. at 1138. *See also Engberg v. Meyer*, 820 P.2d 70 (Wyo. 1991) (distinguishing *Lowenfield* on the basis of the weighing requirement in the Wyoming statute); *State v. Middlebrooks, supra*.

The second and perhaps more important distinguishing factor of the Arkansas law is that it is also a justification statute, as are the death penalty statutes in Florida and Mississippi. The jury can impose a death sentence only after weighing the aggravating circumstances against the evidence of mitigation, deciding that the aggravating circumstances outweigh the mitigating evidence and then deciding that the aggravating circumstances justify the death penalty beyond a reasonable doubt. Failure to take this third step of justification results in a sentence of life

1020

Respondent's Exhibit E

imprisonment without parole.

If the jury's consideration of aggravating factors during the sentencing phase is of no constitutional significance because the requisite differentiation among defendants for death penalty purposes has taken place during the jury's guilt deliberation, then the inclusion of the weighing and justification requirements in the Arkansas scheme can only be deemed superfluous. A finding that these requirements are superfluous cannot reasonably be made, for all parts of a statute are to be considered when construing it. *Life Insurance Company of Arkansas v. Ashley*, 308 Ark. 335, 824 S.W.2d 393 (1992); *Sargent v. Cole*, 269 Ark. 121, 598 S.W.2d 749 (1980).

The legislature recognized that the narrowing function was performed in the sentencing phase when it enacted Ark. Code Ann. § 5-4-616 (Repl. 1993) in 1983 to provide for the retrial of the sentencing phase only, leaving the conviction intact, where prejudicial error occurs in the sentencing phase only.

After *Lowenfield* was delivered, this court held that the narrowing function occurred in the Arkansas scheme of things in the guilt phase of the trial in *O'Rourke v. State*, 295 Ark. 57, 746 S.W.2d 52 (1988), but then corrected itself in *Johnson v. State*, 308 Ark. 7, 823 S.W.2d 800, *cert. denied*, 505 U.S.__, 120 L.Ed.2d 911, 112 S.Ct. 3043 (1992), and held that narrowing occurred in the penalty phase. The inclusion of § 5-10-101(a)(4), premeditated and deliberated killings, into the capital murder statute in 1989 makes the narrowing function performed in the penalty phase indispensable, for now virtually any murder can be charged as a capital crime. Instead of narrowing the class of death eligible defendants by its definition of capital murder, the Arkansas legislature has broadened it.

27

Respondent's Exhibit E

editated murderer morally more culpable than the reckless

ᴄ ⸝obery?

Arkansas statute differentiate it from the Louisiana statute.

n Florida, *Sochor v. Florida*, 504 U.S. __, 119 L.Ed.2d 326, 112

pi, *Stringer v. Black*, 503 U.S.__, 117 L.Ed.2d 367, 112 S.Ct.

Louisiana and Texas, Arkansas's sentencing scheme is a

aw after a jury has found a defendant guilty of capital murder

of at least one statutory aggravating circumstance, it is directed

ctor or factors against all evidence presented in mitigation. This

itical importance," *Stringer v. Black*, 112 S.Ct. at 1137, and the

eighing process under the Arkansas sentencing scheme has long

es v. State*, 261 Ark. 413, 549 S.W.2d 479, *cert. denied*, 434 U.S.

ʂ ⸍ _ning requirement further distinguishes the Arkansas

e considered in *Lowenfield*. *Stringer v. Black*, 112 S.Ct. at 1138.

P.2d 70 (Wyo. 1991) (distinguishing *Lowenfield* on the basis of

Wyoming statute); *State v. Middlebrooks, supra*.

more important distinguishing factor of the Arkansas law is that

s are the death penalty statutes in Florida and Mississippi. The

e only  after weighing the aggravating circumstances against the

, that the aggravating circumstances outweigh the mitigating

the aggravating circumstances justify the death penalty beyond a

e this third step of justification results in a sentence of life

cing phase is of no

ndants for death

the inclusion of the

e deemed

sonably be made, for

*ce Company of*

*le*, 269 Ark. 121, 598

ned in the sentencing

provide for the retrial

ial error occurs in the

function occurred in

*. State*, 295 Ark. 57,

Ark. 7, 823 S.W.2d 800,

eld that narrowing

itated and deliberated

ion performed in the

as a capital crime.

of capital murder, the

26

1022

Because of the differences in the Arkansas and Louisiana statutory schemes and in light of the development of the law since *Lowenfield* was handed down, the continuing validity of *Perry v. Lockhart, supra,* should be reconsidered and *Collins* given precedence once again.

The appellant notes in closing that the question of whether *Perry* was correctly decided was before the Court in *Lockhart v. Fretwell,* 506 U.S.___, 122 L.Ed.2d 180, 113 S.Ct. 838 (1993), but the Court declined to reach the issue. *Id.,* 113 S.Ct. at 843, n. 4.

IV.

### THE IMPOSITION OF THE DEATH PENALTY ON THE APPELLANT IS DISPROPORTIONATE TO HIS PARTICIPATION AND UNDULY HARSH

Alford Goodwin and the appellant were charged with and convicted of the murder of Gary W. Turner in the course of or in flight from a robbery 5 May 1993. (T. 3, 167)  Alford Goodwin did not testify.  What evidence there was of the comparative roles each of these men played in this robbery-murder came from the appellant, himself, and from detectives testifying to statements the appellant had made to them before trial.

Detective Ivan Phillips took a statement from the appellant on 11 May 1993, (T. 675, 676), and Detective Terry Addison was present for that statement and took another the next day on 12 May 1993. (T. 700, 701)  Reams told the officers on May 11 that he had obtained the .32 caliber revolver used in this robbery from the burglary of dry cleaning establishment in Pine Bluff about one week before this robbery and murder.  With this revolver he stated he also committed an armed robbery of a bus station in Pine Bluff on the next day. (T. 677, 678)  After first giving the detectives an evasive story about the events of May 5, Reams told the officers that he was going to tell the truth, which version became his own testimony. (T. 679-681)

Alford Goodwin told Reams that he needed money for high school graduation expenses.

28

6706  Respondent's Exhibit E

He had the idea of robbing an automatic teller machine (ATM). Waiting till dark, the two went to a nearby building and awaited the arrival of a customer. (T. 683, 684) Reams had carried the gun t o the site because he was wearing clothes with pockets in which to carry it. Before the arrival of a customer, he had given the gun to Alford, telling him that he did not have the guts to pull the gun on anyone. When Gary Turner pulled up to the machine in his truck, the two walked over to the truck, Alford arriving first on the driver's side of the truck from behind. Reams was going to come around the machine in front of the truck. As he was going around the machine, he said he heard the shot and came around to find the deceased slumped forward over the steering wheel. Alford had run away, and Reams ran after him. When he caught up with him, Alford told Reams that he had shot the man because he had asked him, Alford, "What the fuck do you want?" (T. 684, 685)

In his statement to Detective Addison on May 12 Reams told the officer about a previously attempted ATM robbery of a person named Curtis Gilbert on the same day the dry cleaning establishment was robbed. (T. 689, 690, 703) In this robbery he said that he had held the gun, which was the same .32 caliber revolver used in this murder. The intended victim simply floored the car and drove away, leaving his would be robbers empty handed. (T. 703, 704)   Reams' testimony was fairly consistent with his statements to the detectives. He recounted that Alford needed money for graduation expenses and suggested robbing someone at an ATM. (T. 731, 732) Because Reams had given him the gun about a week earlier, Alford already had the gun and had started walking to the ATM with it. En route, Alford asked Reams to hold the gun while he turned his hooded sweater out, at which point Reams put the gun in his waist band under his jacket. When they reached the point where they waited, Reams attempted

29

1024

to scratch off the serial numbers of the gun on the concrete and attempted to arrange the bullets in the gun so that the hammer would not hit a live round in a loaded cylinder when the weapon was fired. (T. 732-735)

His testimony was a bit different in that he stated that he was right there with Alford when the shot was fired, (T. 738, 739), trying to turn off the ignition, and that Alford told him later he had shot the man because he had asked Alford, "What the fuck do you want, nigger?" (T. 739)

In the guilty phase of the trial defense counsel introduced a copy of the judgment and commitment in Alford's case showing that he had pleaded guilty to this same charge and had been sentenced to life imprisonment without parole. (T. 896, 897, 1045)

Although Reams's version of the events of May 5 changed between his statement to the detectives and his testimony in court, it remained the same on a very important point, to wit, his role in these events. Never did he waiver as to which of them actually pulled the trigger and killed Gary Wayne Turner--Alford did. Because Alford actually shot the victim in this case and because Alford did not get the death penalty, the imposition of the death penalty on Reams is not defensible.

This court performs comparative review on all death penalty cases. As stated in *Sanders v. State*, 317 Ark. 328, 344, 345, ___S.W.2d ___ (1994):

> This court conducts, on a case-by-case basis, a comparative review of each death penalty case on appeal. *Ruiz v. State*, 280 Ark. 190, 655 S.W.2d 441 (1983). In conducting this comparative review, the Supreme Court considers the following factors: (1) whether the death sentence at issue was the result of passion, prejudice, or any arbitrary factors; (2) whether the evidence supports the jury's finding of any statutory aggravating circumstance; (3) whether the evidence supports the jury's findings with regard to whether the aggravating circumstances outweigh the mitigating circumstances; and (4) whether a death sentence is

1025

Respondent's Exhibit E

excessive. *Henderson v. State,* 311 Ark. 398, 844 S.W.2d 360 (1993).

*See also Sheridan v. State,* 313 Ark. 23, 852 S.W.2d 772 (1993).

The court has not hesitated to reduce death sentences "where it is imposed capriciously

(see *Sumlin v. State,* 273 Ark. 185, 617 S.W.2d 372 (1981)), or where the culpability of co-felons

is disproportionate (see *Henry v. State,* 278 Ark. 478, 647 S.W.2d 419 (1983)), or where death is

unduly harsh under the circumstances (*Neal v. State,* 274 Ark. 217, 623 S.W.2d 191 (1981) and

*Giles v. State,* 261 Ark. 413, 549 S.W.2d 479 (1977))." *Clines, Holmes, Richley & Orndorff v.*

*State,* 280 Ark. 77, 85, 656 S.W.2d 684 (1983), *cert. denied,* 465 U.S. 1051 (1984).

This case is close to *Henry v. State, supra.* In that case the appellant had been sentenced

to death in the shooting death of a local police chief by an accomplice. The accomplice was

never tried because he was killed by police in a shootout several days after the shooting. In

setting aside Henry's death sentence, the court stated at 278 Ark. 488, 489 that:

> After comparing it with other death sentences and sentences of life without
> parole, we find that appellant's sentence should be reduced from death to life
> without parole for two reasons: (1) the evidence is overwhelming that he was
> merely an accomplice and *did not personally fire the fatal shots,* and (2) the jury
> may have sentenced him to die out of passion and prejudice because the main
> actor in the murder could not be tried.

Similarly, in *Sumlin v. State, supra,* the court reduced Warren Sumlin's death sentence to

life imprisonment without parole when his co-defendant, his wife, Ruth Sumlin, had actually

committed the murder and had been sentenced only to life imprisonment without parole. In that

case the Sumlins had conspired to break Warren Sumlin out of the Columbia County Jail. In

furtherance of this conspiracy, Ruth Sumlin was to murder one J. Y. Cooper and steal his car.

She committed this murder, stole his car and broke Warren Sumlin and several other inmates out

of the Columbia County Jail. Following the jail break the escapees and Ruth Sumlin went on a

31

Respondent's Exhibit E

1026

wild escapade, during which the Sumlins shot but only wounded both of the inmates they helped escape, and Warren Sumlin shot but only wounded a passing motorist who stopped to help Warren Sumlin with what appeared to be a car problem.

In this case we have a factual situation between that in *Henry* and that in *Sumlin*, for the appellant seems to have been more involved in the incident that led to the shooting that Henry had been, but not as involved as Warren Sumlin had been. Although he had been involved in the planning of this robbery, Reams attempted to insure that no one would be hurt by attempting to line up the bullets so that the hammer of the revolver would not strike a live round in a loaded cylinder, and he did not fire shot that killed the victim. In fact he did not fire the weapon at all.

We have here the first and the fourth factors listed in *Sanders, supra*, to wit, a death sentence the result of passion and prejudice and a death sentence that is excessive. The passion and prejudice is much the same as was present in *Henry*, which could be termed frustration. In *Henry* the frustration was born of the inability of the state to try the dead co-defendant who fired the fatal shot, and here the frustration was an inability to visit the death penalty on the co-defendant who fired the fatal shot who was already sentenced to life imprisonment without parole.   If the death sentence in *Sumlin* was excessive, the death sentence in this case is even more excessive. There, Warren Sumlin planned the jail break with his wife, and the plan included the murder of J. Y. Cooper. Additionally, Warren Sumlin tried mightily to kill someone else after the escape, shooting at least two people. In contrast to that case we have the appellant, who planned a robbery that did *not* include a murder and who tried, albeit in vain, to arrange the bullets in the revolver used so as to make it impossible for anyone to be killed.

The death sentence in this case is also excessive in the sense that it is disproportionate

32

6710   Respondent's Exhibit E

because he is mentally retarded. As noted in Point II, *supra*, the appellant, if executed, would more than likely be one of the last retarded persons in Arkansas to be executed. With the advent of Act 420 of 1993, it is certain that no other mentally retarded person will be executed in the future. The mentally retarded are simply not in the pool of cases for which the death penalty is possible. The paradoxical singularity of Kenneth Reams's situation is not defensible.

The Indiana Supreme Court untangled a similar paradox in *Cooper v. State*, 540 N.E.2d 1216 (Ind. 1989). The defendant committed murder and was sentenced to death at age 15. After the crime and the imposition of the death penalty, the Indiana legislature passed a law prohibiting the execution of persons under the age of 16 at the time of the crime. The Indiana legislature made the law prospective, thus ensuring that it would not apply to Cooper. The Indiana Supreme Court, performing its "duty to review and revise sentences," found that the new statute made the appellant's sentence "unique and disproportionate to any other sentence for the same crime," and reversed the sentence of death. *Id.*, at 1220. This court should make the same ruling in this case.

Clearly, the appellant's death sentence should be set aside as the result of passion and prejudice and as being excessive and disproportionate.

V.

THE JURY DID NOT ADEQUATELY CONSIDER
THE MITIGATING CIRCUMSTANCE OF YOUTH AS IT BORE ON
THE APPELLANT'S MORAL CULPABILITY

It is undeniable that the appellant was eighteen years old at the time of this offense. The jury unanimously found in Form 2, Part C, that there was evidence of "the youth of Kenneth Reams at the time of the commission of the capital murder," but that youth as a mitigating

33

Respondent's Exhibit E

1028

circumstance "did not exist."  (T. 161, 162)

The Supreme Court has always acknowledged the mitigating power of a defendant's youth.  When the Supreme Court has enumerated the factors that sentencers must consider in determining the defendant's fate, youth has assumed a primary place.  *See, e.g., Sumner v. Shuman*, 483 U.S. 66, 81-82 (1987); *Lockett v. Ohio*, 438 U.S. 586, 608 (1978) (Ohio capital sentencing statute unconstitutional because, *inter alia*, "considerations of a defendant's comparatively minor role in the offense, or *age*, would generally not be permitted, *as such*, to affect the sentencing decision) (first emphasis added); *Roberts v. Louisiana*, 431 U.S. 633, 637 (1977); *Gregg v. Georgia*, 428 U.S. 153, 197 (1976) (joint opinion of Stewart, Powell and Stevens, JJ.)

Moreover, when a majority of the Supreme Court adopted the rule of *Lockett, supra*, it specifically emphasized the critical importance of a defendant's youth and youthful infirmities in reducing his culpability:

> Nor do we doubt that the evidence Eddings offered was relevant mitigating evidence.  *Eddings was a youth of sixteen years at the time of the murder* . . . The trial judge recognized that *youth must be considered a relevant mitigating factor*. But youth is *more than a chronological fact*.  It is a time and condition of life when a person may be most susceptible to influence and to psychological damage. Our history is replete with laws and judicial recognition that minors, especially in their earlier years, generally are less mature and responsible than adults. Particularly 'during the formative years of childhood and adolescence, minors often lack the experience, perspective, and judgment' expected of adults. . . . [J]ust as the *chronological age of a minor is itself a relevant mitigating factor of great weight,* so must the background and mental and emotional development of a youthful defendant be duly considered in sentencing.

*Eddings v. Oklahoma*, 455 U.S. 104, 115-116 (1982) (all emphases added) (citations omitted).

This unbroken line of authority is consistent with opinions expressed in the most influential scientific literature:

34

1029

Respondent's Exhibit E

> Only under the pressure of painful adolescence does [the youth] gradually learn to
> impose restrictions upon his impulses and to accept the demands of society
> without conflict, and thus become social.

Aichorn, *Wayward Youth* at 6 (introduction by Sigmund Freud) (Viking ed. 1963). Social

science universally accepts that young people are less intellectually mature, more prone to faulty

judgment, more susceptible to the influence of others and less accustomed to making moral

decisions than are their elders. Young people likewise may not easily learn from experience or

mistakes. As Erik Erikson explained in his pathbreaking work, *Childhood and Society* (1963):

> In their search for a new sense of continuity and sameness, adolescents have to
> refight many of the battles of earlier years, even though to do so they must
> artificially appoint perfectly well-meaning people to play the roles of adversaries.
> . . . Adolescence is the age of the final establishment of a dominant positive ego
> identity.

*Id.* at 261-263, 306.

Indeed, young people characteristically are so unable to weigh alternatives or evaluate

the consequences of their conduct that they may unintentionally imperil themselves or others:

> The adolescent lives in an intense present: 'now' is so real to him that past and
> future seem pallid by comparison. Everything that is important and valuable in
> life lies either in the immediate life situation or in the rather close future.

Kastenbaum, "Time and Death in Adolescence." in Feifel, ed., *The Meaning of Death* 99, 104

(1959). In sum, the difference that separates young people from adults is their "immature,

undeveloped ability to reason in an adultlike manner." Streib, *Death Penalty for Juveniles* 3-20,

184-189 (1987).

Finally, youth undeniably possesses at least one *unique* quality as a mitigating factor:

every juror has been young. Most other familiar mitigating factors are outside jurors' actual

experience; as a result, they can only appreciate the destructive consequences of circumstances

35

Respondent's Exhibit E

1030

such as desperate poverty, child abuse, mental illness and mental retardation by analogy to their own life experience. Even if particular jurors might have suffered youth's infirmities to a greater or lesser degree, however, each has a *real, immediate* and *subjective* appreciation of the uncertainty, turmoil and struggle that characterize that "time and condition of life."

It is for these reasons that the jury's decision that although there was evidence of Kenneth Reams's youth introduced, that it was not a mitigating factor cannot stand. The evidence was overwhelming that Reams's chronological age, when coupled with his mental retardation, produced an individual much younger than his years and with much, much less an understanding of the gravity of the capital murder with which he was involved than could be expected of someone eighteen years old. As was held in *Giles v. State*, 261 Ark. 413, 424, 549 S.W.2d 479, *cert. denied* 434 U.S. 894 (1977), the jury was not free to arbitrarily disregard uncontradicted, reasonably based testimony. Clearly, the appellant's death sentence should be vacated for this reason as much as for any other.

VI.

FORM TWO, WHICH DEALT WITH MITIGATING CIRCUMSTANCES,
LED THE JURY TO BELIEVE THAT UNANIMITY WAS REQUIRED FOR
CONSIDERATION OF ANY MITIGATING CIRCUMSTANCES IN THE WEIGHING
PROCESS, OR THAT THE JURY DID NOT HAVE TO CONSIDER COLLECTIVELY
MITIGATING FACTORS FOUND BY SOME OF THE JURORS

In *Mills v. Maryland*, 486 U.S. 367 (1988), the Supreme Court found unconstitutional a jury instruction sheet that led the jury to believe that unanimity was required for the consideration of mitigating circumstances. The jury instructions used in the penalty phase of this trial suffered from the same constitutional defect.

Form 1 required the jury to list the aggravating circumstances it unanimously found to

36

1031

Respondent's Exhibit E

exist. (T. 158) Form 2 addressed mitigating factors specifically requiring the jury to list those factors that the jury unanimously agreed existed (Part A); to list those factors that some but not all of the jurors agreed existed (Part B); and to list those factors that the jury unanimously believed did not exist (Part C). (T. 159-163) Form 3, which guided the jury in the weighing of aggravating and mitigating factors, provided in part that the jury must unanimously find that "the aggravating factors outweigh beyond a reasonable doubt any mitigating circumstances" (Part B). (T. 164, 165)

One fatal constitutional flaw lies in the interplay of these forms, which the trial court conceded were "relatively confusing." (T. 844) While Form 2 provided for individual jurors to reach their own determinations on the existence of mitigating factors, Form 3 required a collective decision making that could lead a reasonable jury to believe that unanimity on mitigating factors was required for the ultimate weighing process. Absent any further instruction from the trial court, as in this case, that would have clarified how the jury was to consider mitigating factors, the jury could have easily been misled to believe that unanimous agreement on mitigating factors was required in the weighing process, also, in violation of *Mills v. Maryland, supra.*

Another fatal constitutional defect here is that the charge given to the jury is at odds with constitutional requirements that once one or more mitigating circumstances have been found to exist by one or more jurors, the entire jury must consider the factor(s) in the weighing process. The instruction sheet used in this case would have, at best, limited the consideration of mitigating factors to those jurors who had found them to exist, instead of the more broad consideration of mitigating factors that is compelled by the Eighth and Fourteenth Amendments,

37

Respondent's Exhibit E

1032

as well as by the analogous provisions of the Arkansas constitution.

VII.

## THE JURY RECEIVED NO ADEQUATE INSTRUCTION ON THE CONSIDERATION OF NON-STATUTORY MITIGATING EVIDENCE

The Supreme Court held in *Lockett v. Ohio*, 438 U.S. 586 (1978), that a jury must be able to consider and give effect to any and all mitigating evidence proffered by a capital defendant at his trial. This key holding of *Lockett* was reaffirmed in *Hitchcock v. Dugger*, 481 U.S. 393 (1987), where the Court held unconstitutional a sentencing charge that erroneously led a jury not to consider a defendant's non-statutory mitigating evidence presented at his trial.

In this case there was powerful non-statutory mitigating evidence introduced. David Nanak, the state mental health expert who examined the appellant pursuant to court order to determine competence to stand trial, explained that he had given Reams several tests, including the Bender Visual Motor Gestalt Test, which is used, *inter alia*, to assess "organic problems" such as "brain damage." (T. 855) Mr. Nanak's report, introduced into evidence as Defendant's Exhibit No. 1 at the penalty phase, found that Reams did have some organic malfunctioning, specifically noting that "[h]e did demonstrate some visual-motor coordination problems during this testing." (T. 976)

Other important non-statutory mitigating evidence came through the testimony of Reams's minister and family. Reverend George McDaniel testified regarding Reams's positive character, such as the fact that "he was on the usher board at the church," (T. 867), and that Reams used his artistic abilities to produce drawings for the church. (T. 868) Finally, the Reverend attested to the fact that Reams was "a good young man," with "qualities" that were special to him. (T. 869, 870) Reams's mother, Beatrice Whiteside, also testified about her son's

38

1033

Respondent's Exhibit E

special artistic gift, as well as the fact that he had been dependable as a baby-sitter for his younger siblings. (T. 879) Finally, reports from Reams's former counselors were submitted to the jury, indicating that he began to engage in crime to get his mother's attention; she often deserted him. (T. 1015, 1043)

While this crucial non-statutory mitigating evidence in favor of sparing Reams's life was presented to the jury, there was no instruction on how—or even whether—to consider this evidence. In its charge to the jury the trial court made no mention of the jury's consideration of non-statutory mitigating evidence. Indeed, by the court's instruction a reasonable jury would have believed that its consideration was limited to the *listed* mitigating factors. The trial court instructed:

> There are four parts to form 2. Part A is the *listing* of mitigating circumstances . . . . Part B is a *list* . . . Then Part C is a *list* . . .

(T. 912) (Emphasis added.)

The jury was given no explanation of the "other" category of mitigating evidence listed on Form 2. The only clue to this "other" section were the words, "Specify in writing," but reasonable jurors could have concluded that this section was for special mitigating factors which the judge would have informed them about. Thus, while the defense counsel presented to the jury in closing argument many non-statutory mitigating factors for it to consider, the trial court failed to instruct the jury how those factors were to be considered in relation to Form 2. The trial court never explained, for example, that the jury had to consider whether *non*-listed mitigating factors were present in Reams's case. Given the lack of guided instruction on non-statutory mitigating evidence, the reliability of the sentencing determination in this case has been unconstitutionally undermined.

39

Respondent's Exhibit E

1034

## CONCLUSION

For the aforementioned reasons and authorities, the appellant respectfully prays the court to reverse this case and for all other just and proper relief to which he might be entitled.

40

1035

# CR 94-558

## IN THE SUPREME COURT OF ARKANSAS

KENNETH REAMS                                                APPELLANT

v.                                No. CR 94-558

STATE OF ARKANSAS                                            APPELLEE

---

An Appeal from the
Circuit Court of Jefferson County

---

The Honorable Fred D. Davis, *Judge*

---

Abstract and Brief
for the Appellant

---

Maxie G. Kizer, Esq.
Ark. Bar Reg. No. 83101721
721 Pine Street - Post Office Box 7423
Pine Bluff, Arkansas  71611
(501) 534-7004

*Attorney for Appellant*

1036

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

POINTS ON APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

ABSTRACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiv

*PLEADINGS*

    INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiv

    APPOINTMENT OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . xiv

    MOTION TO REQUIRE STATE TO REVEAL ANY AGREEMENT
    ENTERED INTO BETWEEN THE STATE AND ANY PROSECUTION
    WITNESS THAT COULD CONCEIVABLY INFLUENCE THE TESTIMONY . . . . xv

    MOTION TO HOLD THE SENTENCING PROVISION OF THE DEATH
    PENALTY STATUTE, ARK. CODE ANN. § 5-4-603 (1987),
    UNCONSTITUTIONAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xvi

    MOTION TO QUASH INFORMATION ON GROUNDS THAT DEATH
    PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT VIOLATIVE OF
    THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED
    STATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xviii

    MOTION TO PROHIBIT THE STATE FROM SEEKING THE DEATH
    PENALTY ON THE GROUND THAT IT HAS HISTORICALLY BEEN
    IMPOSED ARBITRARILY AND CAPRICIOUSLY IN A RACIALLY
    DISCRIMINATORY MANNER IN VIOLATION OF THE EIGHTH AND
    FOURTEENTH AMENDMENTS TO THE UNITED STATES
    CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xix

    MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY . . . . . . . . . . xx

i

1037

Respondent's Exhibit E

MOTION TO HOLD THE SENTENCING PROVISIONS OF THE DEATH PENALTY
STATUTE, ARK. CODE ANN. § 5-4-603 (1987), UNCONSTITUTIONAL . . . . . . . . . . . . . xx

MOTION TO HOLD THE PROVISION OF THE DEATH PENALTY
STATUTE, ARK. CODE ANN. § 5-4-604, *et seq.*, UNCONSTITUTIONAL . . . . . . xxii

MOTION TO PROHIBIT SUBMISSION TO THE JURY OF THE
AGGRAVATING CIRCUMSTANCE, FOR PECUNIARY GAIN, AT THE
PENALTY PHASE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxiii

MOTION TO QUASH INFORMATION ON THE GROUND THAT ARK.
CODE ANN. § 5-10-101(a)(1) (1987), THE CAPITAL FELONY MURDER
STATUTE, IS UNCONSTITUTIONAL DUE TO ITS OVERLAP WITH ARK
CODE ANN. § 5-10-102(a)(1) (1987), THE FIRST DEGREE MURDER
STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxv

MOTION TO QUASH INFORMATION ON THE GROUNDS THAT THE
STATUTORY AGGRAVATING CIRCUMSTANCES ARE VAGUE AND
OVERBROAD AND HAVE NOT BEEN NARROWLY CONSTRUED BY THE
APPELLATE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxvii

STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS CAPITAL
MURDER CHARGE BASED ON OVERLAP OF ARKANSAS STATUTES . . . . . xxix

STATE'S RESPONSE TO DEFENDANT'S MOTION THAT THE DEATH
PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT VIOLATIVE OF
THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED
STATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxx

STATE'S RESPONSE TO DEFENDANT'S MOTION TO HOLD THE
PROVISIONS OF THE DEATH PENALTY STATUTE, ARK. CODE ANN. §
5-4-604, *et seq.*, UNCONSTITUTIONAL . . . . . . . . . . . . . . . . . . . . . . . . . . xxx

STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT DEATH
QUALIFICATION OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxi

STATE'S RESPONSE TO DEFENDANT'S MOTION TO QUASH
INFORMATION ON THE GROUND THAT STATUTORY AGGRAVATING
CIRCUMSTANCES ARE VAGUE AND OVERBROAD AND HAVE NOT
BEEN NARROWLY CONSTRUED BY THE APPELLATE COURT . . . . . . . . . xxxi

STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT STATE
FROM USING PECUNIARY GAIN AS AGGRAVATING CIRCUMSTANCE . . . xxxii

ii

1038

STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT THE
STATE FROM SEEKING THE DEATH PENALTY ON THE GROUNDS
THAT HISTORICALLY THE DEATH SENTENCE HAS BEEN
ARBITRARILY AND CAPRICIOUSLY IMPOSED IN A RACIALLY
DISCRIMINATORY MANNER IN VIOLATION OF THE EIGHTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxiii

STATE'S RESPONSE TO DEFENDANT'S MOTION TO HOLD THE
SENTENCING PROVISION OF THE DEATH PENALTY STATUTE, ARK.
CODE ANN. § 5-4-603, UNCONSTITUTIONAL . . . . . . . . . . . . . . . . . . . . . . xxxiv

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxiv

FORM ONE - AGGRAVATING CIRCUMSTANCES . . . . . . . . . . . . . . . . . . . xxxiv

FORM TWO - MITIGATING CIRCUMSTANCES . . . . . . . . . . . . . . . . . . . . . xxxv

FORM THREE - CONCLUSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxvi

FORM FOUR - VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxvii

JUDGMENT AND COMMITMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxvii

NOTICE OF APPEAL AND DESIGNATION OF RECORD . . . . . . . . . . . . . . . xxxvii

AMENDED JUDGMENT AND COMMITMENT . . . . . . . . . . . . . . . . . . . . . . xxxvii

SECOND NOTICE OF APPEAL AND DESIGNATION OF RECORD . . . . . . . xxxviii

STAY OF EXECUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxviii

VOIRE DIRE EXAMINATION OF PROSPECTIVE JURORS

IRMA JOHNSON, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . . . . xxxix

LINDA MESSINA, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xliii

DELLA MARIE HORACE, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . xlvi

DWIGHT A. ROBINSON, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . xlviii

MARY H. JOHNSON, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . li

iii

1039

BRUCE E. HORNSBY, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . liv

JERRY LINDSEY, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lvi

KELLY NOELLE RUGGERI, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . lvii

LARRY R. TIPTON, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lx

MATTHEW HENRY, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . . . . . lxii

CAROLYN PHILLIPS, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lxviii

MARY DENISE HOFFMAN, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . lxxi

MURIEL M. HAYES, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . . . . lxxiii

JIM SHAW, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lxxiv

DOROTHY HODGES, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lxxvi

DAVID STELOW, PETIT JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lxxviii

MERLE COBBS, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . lxxxi

BRENDA SILVEY, ALTERNATE JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . lxxxii

MAY CATHERINE NEAL, VENIRE MEMBER . . . . . . . . . . . . . . . . . . . . . . lxxxiii

DARLENE FRYE, ALTERNATE JUROR . . . . . . . . . . . . . . . . . . . . . . . . . . . lxxxvi

*WITNESSES - GUILT PHASE*

GREG TAYLOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xciv

JAMES NELSON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xcvi

KENNY HEROMAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xcvii

WILLIAM STURNER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ci

IVAN PHILLIPS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cii

TERRY ADDISON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cv

iv

1040

RON ANDREJACK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cvii

KENNETH REAMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cx

*WITNESSES - PENALTY PHASE*

DAVID NANAK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cxxxii

REV. GEORGE McDANIEL . . . . . . . . . . . . . . . . . . . . . . . . . . . cxxxv

BEATRICE WHITESIDE . . . . . . . . . . . . . . . . . . . . . . . . . . . . cxxxvi

AMELIA REAMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . cxxxix

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

## JURISDICTIONAL STATEMENT

This case is properly filed in the Supreme Court of Arkansas pursuant to Ark. Sup. Ct. R. 1-2 (a)(2), which provides for appeal to this court in criminal cases where a cumulative sentence of more than thirty (30) years' imprisonment, life imprisonment or death was imposed. In this case the appellant was sentenced to death by lethal injection.

## STATEMENT OF THE CASE

The appellant and Alford Goodwin were alleged to have caused the death of Gary W. Turner in the course of or in immediate flight from a robbery and charged with capital felony murder. A jury found the appellant guilty as charged and sentenced him to death by lethal injection. Kenneth Reams appeals herein, raising several arguments.

During voire dire examination of prospective jurors, the defense raised what are now known as *Batson* objections, alleging that the state was using its peremptory strikes in order to keeps blacks off of the petit jury. After the second of these objections, the trial court asked the

1041

Respondent's Exhibit E

6724

state for its reasons for peremptorily excusing a black man. The response was that the venire member had stated he could not consider the death penalty unless Reams had been the shooter. Further examination of this venire member showed that he had not made that statement. Although the trial court did not accept that as a race-neutral explanation, it overruled the objection and allowed the peremptory strike on the basis that its finding of a prima facie case had been improvidently made.

The appellant argues that he should not have been subjected to the death penalty because he is mildly mentally retarded with an intelligence quotient of 66 and with significant adaptive deficits as per the definition of mental retardation in Act 420 of 1993. The trial court's ruling that Act 420 simply did not apply is argued to have been erroneous.

The appellant argues that it was error for the trial court to instruct the jury on the aggravating circumstance, pecuniary gain.

The appellant argues that he should not have been subjected to the death penalty because he was not the shooter and the person who was the shooter, Alford Goodwin, pleaded guilty and received a sentence of life imprisonment without parole.

The appellant argues that the instructions given the jury as regards the mitigating factor of youth and non-statutory mitigating factors were inadequate. Further, the appellant argues that the instructions given the jury on how to weigh mitigating factors that some but not all of the juror found existed were erroneous and misleading.

1042

Respondent's Exhibit E

6725

## POINTS ON APPEAL

### I.

### THE STATE UNCONSTITUTIONALLY USED ITS PEREMPTORY STRIKES TO EXCLUDE BLACKS FROM THE PETIT JURY

*Hernandez v. New York*, 500 U.S. 352, 114 L.Ed.2d 395, 111 S.Ct. 185 (1991)
*Pacee v. State*, 306 Ark. 563, 816 S.W.2d 856 (1991)

### II.

### BECAUSE OF KENNETH REAMS'S MENTAL RETARDATION, HIS EXECUTION WOULD VIOLATE THE STATE AND FEDERAL GUARANTEES AGAINST CRUEL AND UNUSUAL PUNISHMENT AND DEPRIVE HIM OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW

*Penry v. Lynaugh*, 492 U.S. 302 (1989)
*Fleming v. Zant*, 259 Ga. 687, 386 S.E.2d 339 (1989)

### III.

### THE SUBMISSION OF PECUNIARY GAIN TO THE JURY AS AN AGGRAVATING CIRCUMSTANCE IN THE PENALTY PHASE WAS AN UNCONSTITUTIONAL DOUBLE COUNTING AWRY OF THE EIGHTH AMENDMENT

*Collins v. Lockhart*, 754 F.2d 258 (8th Cir. 1985), *cert. denied*, 474 U.S. 1013 (1986)
*State v. Middlebrooks*, 840 S.W.2d 317 (Tenn. 1992)

### IV.

### THE IMPOSITION OF THE DEATH PENALTY ON THE APPELLANT IS DISPROPORTIONATE TO HIS PARTICIPATION AND UNDULY HARSH

*Sumlin v. State*, 273 Ark. 185, 617 S.W.2d 372 (1981)
*Henry v. State*, 278 Ark. 478, 647 S.W.2d 419 (1983)

### V.

### THE JURY DID NOT ADEQUATELY CONSIDER THE MITIGATING CIRCUMSTANCE OF YOUTH AS IT BORE ON THE APPELLANT'S MORAL CULPABILITY

1043

Respondent's Exhibit E

6726

VI.

FORM TWO, WHICH DEALT WITH MITIGATING CIRCUMSTANCES,
LED THE JURY TO BELIEVE THAT UNANIMITY WAS REQUIRED FOR
CONSIDERATION OF ANY MITIGATING CIRCUMSTANCES IN THE WEIGHING
PROCESS, OR THAT THE JURY DID NOT HAVE TO CONSIDER COLLECTIVELY
MITIGATING FACTORS FOUND BY SOME OF THE JURORS

*Mills v. Maryland*, 486 U.S. 367 (1988)

VII.

THE JURY RECEIVED NO ADEQUATE INSTRUCTION ON THE
CONSIDERATION OF NON-STATUTORY MITIGATING EVIDENCE

*Hitchcock v. Dugger*, 481 U.S. 393 (1987)

## TABLE OF AUTHORITIES

*CASES*

*Adams v. State*, 862 S.W.2d 139 (Tex.Ct.App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

*Anderson v. Bessemer City*, 470 U.S. 564 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Batson v. Kentucky*, 476 U.S. 79 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Bly v. State*, 263 Ark. 138, 562 S.W.2d 605 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Carter & Burkhead v. State*, 255 Ark. 225, 500 S.W.2d 368 (1973),
*cert. denied*, 416 U.S. 905 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Clines, Holmes, Richley & Orndorff v. State*, 280 Ark. 77, 656 S.W.2d 684 (1983),
*cert. denied*, 465 U.S. 1051 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Coker v. Georgia*, 433 U.S. 584 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Colbert v. State*, 304 Ark. 250, 801 S.W.2d 643 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Collins v. Lockhart*, 758 F.2d 258 (8th Cir. 1985), *cert. denied*, 106 S.Ct. 46 (1986) . . . . . . . 22

viii

1044

*Collins v. Lockhart*, 758 F.2d 258 (8th Cir. 1985), *cert. denied*, 106 S.Ct. 46 (1986) . . . . . . . 3

*Cooper v. State*, 540 N.E.2d 1216 (Ind. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Eddings v. Oklahoma*, 455 U.S. 104 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Engberg v. Meyer*, 820 P.2d 70 (Wyo. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Engberg v. State*, 686 P.2d 541 (Wyo. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Enmund v. Florida*, 458 U.S. 782 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Fairchild v. State*, 284 Ark. 289, 681 S.W.2d 380 (1984),
*cert. denied*, 471 U.S. 1111 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Fleming v. Zant*, 259 Ga. 687, 386 S.E.2d 339 (1989) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Floyd v. State*, 511 So.2d 762 (Fla.Dist.Ct.App. 1987) . . . . . . . . . . . . . . . . . . . . . . . 6

*Franklin v. State*, 314 Ark. 329, 863 S.W.2d 268 (1993) . . . . . . . . . . . . . . . . . . . . . . 20

*Furman v. Georgia*, 408 U.S. 238 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Giles v. State*, 261 Ark. 413, 549 S.W.2d 479, *cert. denied*, 434 U.S. 894 (1977) . . . . . . . . . . .

*Givens v. State*, 42 Ark.App. 173, 856 S.W.2d 33 (1993) . . . . . . . . . . . . . . . . . . . . . . 18

*Great Northern Railway Co. v. Sunburst Oil Co.*, 287 U.S. 358 (1932) . . . . . . . . . . . . . . . . 19

*Gregg v. Georgia*, 428 U.S. 153 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Henry v. State*, 278 Ark. 478, 647 S.W.2d 419 (1983) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hernandez v. New York*, 500 U.S. 352, 114 L.Ed.2d 395, 111 S.Ct. 1859 (1991) . . . . . . . . . 38

*Hitchcock v. Dugger*, 481 U.S. 393 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hollamon v. State*, 312 Ark. 48, 846 S.W.2d 663 (1993) . . . . . . . . . . . . . . . . . . . . . . . 8

*J.E.B. v. Alabama ex rel. T.B.*, 511 U.S.__, 114 S.Ct.__, 128 L.Ed.2d 89 (1994) . . . . . . . 27, 28

*Johnson v. State*, 308 Ark. 7, 823 S.W.2d 800, *cert. denied*, 505 U.S.__,
120 L.Ed.2d 911, 112 S.Ct. 3043 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ix

Respondent's Exhibit E

*Jones v. Jones*, 938 F.2d 838 (8th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jones v. State*, 45 Ark.App. 28, 871 S.W.2d 403 (1994) . . . . . . . . . . . . . . . . . . . 27

*Life Insurance Company of Arkansas v. Ashley*, 308 Ark. 335, 824 S.W.2d 393 (1992) . . . . . 34

*Lockett v. Ohio*, 438 U.S. 586 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Lockhart v. Fretwell*, 506 U.S.__, 122 L.Ed.2d 180, 113 S.Ct. 838 (1993) . . . . . . . . . . . . . 22

*Lowenfield v. Phelps*, 484 U.S. 231 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Maynard v. Cartwright*, 486 U.S. 356 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . 36-38

*Mills v. Maryland*, 486 U.S. 367 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-15, 20

*Mings v. State*, 316 Ark. 650, 873 S.W.2d 559 (1994) . . . . . . . . . . . . . . . . . . . . . . . 5

*Mitchell v. State*, 295 Ark. 341, 750 S.W.2d 936 (1988) . . . . . . . . . . . . . . . . . . . . . 22

*Neal v. State*, 259 Ark. 27, 531 S.W.2d 17 (1975), *vacated on other grounds*
429 U.S. 966 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31-34

*Neal v. State*, 274 Ark. 217, 623 S.W.2d 191 (1981) . . . . . . . . . . . . . . . . . . . . . . . 27

*O'Rourke v. State*, 295 Ark. 57, 746 S.W.2d 52 (1988) . . . . . . . . . . . . . . . . . . . . 8, 9

*Pacee v. State*, 306 Ark. 563, 816 S.W.2d 856 (1991) . . . . . . . . . . . . . . . . . . . . . . 19

*Palko v. Connecticut*, 302 U.S. 319 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Penry v. Lynaugh*, 492 U.S. 302 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Perry v. Lockhart*, 871 F.2d 1384 (8th Cir.), *cert. denied* 493 U.S. 959 (1989) . . . . . . . . . . . 19

*Poe v. Ullman*, 367 U.S. 497 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Roberts v. Louisiana*, 431 U.S. 633 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Rochin v. California*, 342 U.S. 165 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rucker v. State*, 41 Ark.App. 164, 852 S.W.2d 139 (1993) . . . . . . . . . . . . . . . . . . . . 22

x

1046

*Ruiz v. Norris*, No. PB-C-395, Slip Op. (E.D.Ark. 2 August 1994) . . . . . . . . . . . . . . . . . . . . . 30

*Sanders v. State*, 317 Ark. 328, __S.W.2d __ (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Sargent v. Cole*, 269 Ark. 121, 598 S.W.2d 749 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Sawyer v. Whitley*, 505 U.S. __, 120 L.Ed.2d 269, 112 S.Ct. 2514 (1992) . . . . . . . . . . . . . . . 31

*Sheridan v. State*, 313 Ark. 23, 852 S.W.2d 772 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Slappy v. State*, 503 So.2d 350 (Fla.Dist.Ct.App. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Sochor v. Florida*, 504 U.S. __, 119 L.Ed.2d 326, 112 S.Ct. 2114 (1992) . . . . . . . . . . . . . . . 13

*State v. Gaylean*, 315 Ark. 699, 870 S.W.2d 706 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*State v. Middlebrooks*, 840 S.W.2d 317 (Tenn. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*State v. Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*State v. Ziegenbein*, 282 Ark. 162, 666 S.W.2d 698 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Stringer v. Black*, 503 U.S.__, 117 L.Ed.2d 367, 112 S.Ct. 1130 (1992) . . . . . . . . . . . . . . 31, 32

*Sumlin v. State*, 273 Ark. 185, 617 S.W.2d 372 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Sumner v. Shuman*, 483 U.S. 66 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Thompson v. State*, 301 Ark. 488, 785 S.W.2d 29 (1990) . . . . . . . . . . . . . . . . . . . . . . . . 24, 25

*Tison v. Arizona*, 481 U.S. 137 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tucker v. State*, 313 Ark. 624, 855 S.W.2d 948 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Battle*, 836 F.2d 1084 (8th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Brooks*, 2 F.3d 838 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Childs*, 5 F.3d 1328 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Johnson*, 941 F.2d 1102 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Salerno*, 481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

xi

1047

Respondent's Exhibit E

*Wainwright v. State*, 302 Ark. 371, 790 S.W.2d 420 (1990),
*cert. denied* __U.S.__, 111 S.Ct. 1123 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ward v. State*, 293 Ark. 88, 733 S.W.2d 728 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Watson v. State*, 308 Ark. 444, 825 S.W.2d 569 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*STATUTES/RULES*

A.R.Cr.P. Rule 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Act 420 of 1993 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Ark. Code Ann. § 5-10-101 (Repl. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Ark. Code Ann. § 5-4-616 (Repl. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Ark. Code Ann. § 5-4-618 (Repl. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

La. Rev. Stat. Ann. §14.30(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Title VII of the Civil Rights Act of 1964 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V. Tex. C.A. Penal Code §19.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*BOOKS AND TREATISES*

Aichorn, *Wayward Youth* at 6 (Viking ed. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Brennan, *State Constitutions and the Protection of Individual Rights*,
90 Harv. L. Rev. 489 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Erik Erikson, *Childhood and Society* (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Feifel, ed., *The Meaning of Death* 99 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Kastenbaum, "Time and Death in Adolescence." in
Feifel, ed., *The Meaning of Death* 99 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Streib, *Death Penalty for Juveniles* (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35, 36

1048

W. LaFave and J. Israel, *Criminal Procedure* §21.3, p. 255 (Cum. Supp. 1991) . . . . . . . . . . . . 9

Ark. Const., art. 2, § 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Ark. Const, Amend. 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1049

xiii

Respondent's Exhibit E

6732

# ABSTRACT OF PLEADINGS

*Information*
(T. 3)

I, Wayne Matthews, prosecuting attorney for the Eleventh Judicial District West of the state of Arkansas comprised of Jefferson and Lincoln counties in the name of the State of Arkansas on oath accuse the defendants Kenneth Reams and Alford Goodwin of capital murder in violation of Ark. Code Ann. §5-10-101, a Class Y Felony, committed as follows on or about the 5th day of May, 1993 in Jefferson County.  Acting alone or with one or more other persons, the defendants committed or attempted to commit robbery, and in the course of and furtherance of this felony or in immediate flight therefrom, he or an accomplice caused the death of Gary W. Turner under circumstances manifesting extreme indifference to the value of human life against the peace and dignity of the state of Arkansas.

Filed:  13 May 1993 (T. 3)

\* \* \*

*Appointment of Counsel*
(T. 8)

Upon a preliminary determination of Indigency Maxie G. Kizer is appointed to represent the defendant in the above-filed case.  The defendant is directed to immediately report to counsel's office and cooperate fully with counsel in preparing and presenting his defense.  The obligations of appointed counsel include determining whether or not the defendant is indigent and if he is found not to be indigent to report the same to the court immediately.  Counsel shall continue to represent the defendant until relieved by this court, the Supreme Court or, where trial is had, upon

xiv

1050

the filing in this case of a written statement signed by appointed counsel and the defendant that the defendant has been fully advised of his right to appeal and that the defendant does not wish to appeal. If an appeal is desired, appointed counsel shall perfect that appeal. Appointed counsel may request and accept payment or promise of payment from or in behalf of the defendant for his services, provided any payment or promise of payment shall be reported to the court at or prior to the time of filing a claim for payment. Dated this 21st day of May, 1993

Filed:  24 May 1993 (T. 8)

* * *

*Motion To Require State To Reveal Any Agreement Entered Into Between The State And Any Prosecution Witness That Could Conceivably Influence The Testimony*
(T. 27, 28)

The defendant through counsel moves the court to issue an order requiring the state to reveal any agreement entered into between the prosecuting attorney's office or other law enforcement agencies and any prosecution witness that could conceivably influence said witness' testimony on the following grounds. First, the credibility of the witness will be an important issue in the principal case and evidence of any understanding or agreement as to future prosecution or other consideration given such witnesses will be relative to that witness' credibility and the trial jury is entitled to know of it. Second, a refusal to reveal any such agreement constitutes a violation of the due process clause of the Fourteenth Amendment to the Federal Constitution. (T. 27, 28)

* * *

xv

1051

Respondent's Exhibit E

*Motion To Hold The Sentencing Provision Of The Death Penalty Statute, Ark. Code Ann.*
*§5-4-603 (1987), Unconstitutional*
(T. 31-35)

Should the defendant be found guilty of capital murder, a second trial will be required to

determine the sentence to be imposed. With regard to sentencing, Ark. Code Ann. §5-4-603,

(1987) provides that the jury *shall* impose a sentence of death if it unanimously returns written

findings that (a) aggravating circumstances exist beyond reasonable doubt, (b) aggravating

circumstances outweigh beyond a reasonable doubt all mitigating circumstances found to exist

and (c) aggravating circumstances justify a sentence of death beyond a reasonable doubt. If the

jury makes the findings set forth above, the Arkansas capital murder scheme becomes a

mandatory death statute. As such it is unconstitutional because it does not allow a jury to show

mercy upon a particular defendant despite whatever findings are made. *Gregg v. Georgia*, 428

U.S. 153 (1976); *Woodson v. North Carolina*, 428 U.S. 280 (1976); *Roberts v. Louisiana*, 428

U.S. 325 (1976). As the commentary to §5-4-603 explains, prior to amendment in 1977 the

Arkansas capital sentencing scheme allowed the jury to show mercy and return a lesser sentence

even if it made all the required findings for imposition of the death penalty. Former law did not

constrain the jury's consideration of all mitigating circumstances even though they were

outweighed by aggravating circumstances in making its ultimate sentencing decision. Although

aggravating circumstances might outweigh those in mitigation, the totality of the mitigating

circumstances might convince a jury that death is not the appropriate punishment.

The present statutory procedure prohibits the consideration of all mitigating factors at all

relevant times and thus unconstitutionally constrains the jury's consideration of all mitigating

aspects of the crime. *Lockett v. Ohio*, 438 U.S. 586 (1978) and *Mills v. Maryland*, 486 U.S. 367

xvi

1052

Respondent's Exhibit E

(1988). *Mills v. Maryland, supra,* holds that a jury in a capital case cannot be constrained from considering all evidence in mitigation by a jury instruction, verdict form or otherwise. (T. 31, 32) AMCI 1509, Form 3, constrains the jury's consideration of all mitigating evidence at the point of ultimate sentencing decision because it restricts the jury when weighing mitigating and aggravating circumstances to considering only those mitigating circumstances it unanimously found to exist and marked on AMCI 1509, Form B. (T. 32, 33)

Further, the Arkansas Supreme Court has indicated that the jury should be told that despite its findings that aggravating circumstances exist and outweigh those in mitigation it could still exercise mercy in answering the third question as to whether the aggravating circumstances justify the sentence of death. *Williams v. State,* 279 Ark. 9, 621 S.W.2d 686 (1981). The question asked by the jury in the *Williams* case, "No matter how we've answered the questions on form A and form B, will it make a difference on the type of sentence we give?" exemplifies the confusion and constraint that juries are confronted with under the Arkansas sentencing procedure. The only way to remove the unconstitutional constraint on the jury's consideration of mitigating aspects of the defendant's character and the crime is for the trial court to instruct the jury that regardless of its findings that aggravating circumstances exist and outweigh all those in mitigation, it may nevertheless show mercy upon consideration of whether the mitigating circumstances in the case are such that the death penalty is not justified.

WHEREFORE, the defendant asks this court to declare the sentencing provisions of the capital murder statute unconstitutional and dismiss the charge against the defendant or, in the alternative, give a remedial instruction requesting in the penalty phase of the trial to remove the unconstitutional constraint imposed by those sentencing provisions. (T. 33, 34)

xvii

1053

Respondent's Exhibit E

6736

* * *

*Motion To Quash Information On Grounds That Death Penalty Is A Cruel And Unusual Punishment Violative Of The Eighth Amendment To The Constitution Of The United States*
(T. 37-39)

The defendant is charged by information with capital murder alleged to have been committed in violation of Ark. Code Ann. §5-10-101 (1987). That statute is violative of the Eighth Amendment as construed by the United States Supreme Court in *Gregg v. Georgia*, 428 U.S. 153 (1976) and its progeny. Those cases hold that death penalty statutes are unconstitutional if they do not provide substantive sentencing review, review of the fitness of the death sentence on the whole record or comparative proportionality review of death sentences. The capital murder statute is violative of the Eighth Amendment in that the death penalty is not a deterrent to future homicides. To the contrary, executions set socially sanctioned examples of and provide an inducement to violence.

The capital murder statute provides as an alternative to the death penalty the penalty of life imprisonment without parole. That is an alternative that is a less drastic means of accomplishing the legislative goals of both deterring the defendant and others from future homicide. The death penalty is unjustified as a means of achieving any legitimate governmental end and is therefore excessive because there is no penal purpose served by execution which is not more effectively or more efficiently served by life imprisonment. The death penalty statute as applied to the defendant is violative of the Eighth Amendment because it is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, at 176.

xviii

1054

The death penalty statute is violative of the Eighth and Fourteenth Amendments because although the Arkansas Supreme Court has upheld the facial constitutionality of the statute, it has since its enactment resulted in the arbitrary and capricious imposition of the penalty of death upon only a few individuals without any basis for distinguishing those cases in which the death penalty is imposed from the many cases in which it is not imposed.  (T. 37, 38)

* * *

*Motion To Prohibit The State From Seeking The Death Penalty On The Ground That It Has Historically Been Imposed Arbitrarily And Capriciously In A Racially Discriminatory Manner In Violation Of The Eighth And Fourteenth Amendments To The United States Constitution*
(T. 42, 43)

The Eighth Amendment's prohibition against cruel and unusual punishment protects against the arbitrary and capricious imposition of the death penalty.  *Furman v. Georgia*, 408 U.S. 238 (1972).  The Fourteenth Amendment's equal protection clause prohibits racial discrimination in capital sentencing.  *Maxwell v. Bishop*, 398 F2d 138 (8th Cir. 1968), (dictum), *vacated and remanded on other grounds*, 398 U.S. 262 (1970)  Available statistical data established that since the death penalty was validated in 1976 in *Gregg v. Georgia*, 428 U.S. 153 (1976) and companion cases, there has been a clear pattern showing that the death penalty is more likely to be imposed upon a defendant convicted of killing a white person.  In support of this assertion the defendant cites the findings reported in Gross and Mauro, "Patterns of Death:  An Analysis of Racial Disparities in Capital Sentencing and Homicide Victimization," 37 Stan. L. Rev. 27 (1984).  That study set out findings of a comprehensive study of the question of discriminatory application of death sentences in eight states including Arkansas.  In light of these findings the defendant asserts that the imposition of the death penalty in this case would violate the Eighth and

xix

1055

Respondent's Exhibit E

Fourteenth Amendments and the state should therefore be precluded from seeking that penalty. (T. 42, 43)

### Motion To Prohibit Death Qualification Of The Jury
### (T. 44, 45)

The defendant believes that the prosecuting attorney and his deputies will seek to qualify the jury to render the death penalty during *voir dire*. This action on the part of the prosecuting attorney would be in violation of Article 2 of the Arkansas Constitution and the Sixth and Fourteenth Amendments to the Federal Constitution in that such a death qualification denies the defendant his right to an impartial jury drawn from a cross-section of the community on the issue of guilt and innocence. (T. 44, 45)

* * *

### Motion To Hold The Sentencing Provisions Of The Death Penalty Statute, Ark. Code Ann. §5-4-603 (1987), Unconstitutional
### (T. 51-54)

With regard to sentencing Ark. Code Ann. §5-4-603 provides that the jury *shall* impose a sentence of death if it unanimously returns written findings that (a) aggravating circumstances exist beyond a reasonable doubt, (b) aggravating circumstances outweigh beyond a reasonable doubt any mitigating circumstances found to exist and (c) aggravating circumstances justify a sentence of death beyond a reasonable doubt. If the jury makes the findings set forth above, the Arkansas capital murder scheme becomes a mandatory death statute and as such it is unconstitutional because it does not allow a jury to show mercy upon a particular defendant despite whatever findings are made. *Gregg v. Georgia*, 428 U.S. 153 (1976). As the commentary to §5-4-603 explains, prior to its amendment in 1977 the Arkansas capital sentencing

xx

scheme allowed a jury to show mercy and return a lesser sentence even if it made all the required findings for the imposition of the death penalty. Former law did not constrain the jury's consideration of all mitigating circumstances at all relevant times. Although aggravating circumstances might outweigh those in mitigation, the totality of the mitigating circumstances might convince the jury that death was not an appropriate punishment in the case even if aggravating factors existed to justify it. The present statutory procedure prohibits the consideration of all mitigating factors at all relevant times and therefore unconstitutionally constrains the jury's consideration of all mitigating aspects of the crime. *Lockett v. Ohio*, 438 U.S. 586 (1978).

The Arkansas Supreme Court has indicated that a jury should be told that despite its findings that the aggravating circumstances exist and outweigh those in mitigation, that it can still exercise mercy in answering the third question as to whether a sentence of death is justified. *Williams v. State*, 274 Ark. 9, 621 S.W.2d 686 (1986). (T. 51, 52) The question asked by the jury in the *Williams* case, "No matter how we've answered the questions on form A and form B, will it make a difference on the type of sentence we give?" exemplifies the confusion and constraint that juries are confronted with under the Arkansas sentencing procedure. The only way to remove the unconstitutional constraint on the jury's consideration is for the trial court to instruct the jury that regardless of its findings that aggravating circumstances exist and outweigh all those in mitigation, it may nevertheless show mercy upon consideration of whether the mitigating circumstances in the case are such that the death penalty is not justified. (T. 52, 53)

xxi

1057

Respondent's Exhibit E

0740

*Motion To Hold The Provision Of The Death Penalty Statute, Ark. Code Ann. §5-4-604, et seq.,*
*Unconstitutional*
(T. 55-57)

In *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988) the Arkansas Supreme Court

held that there is no mandatory appeal of a death sentence pursuant to the provisions of Ark.

Code Ann. §16-91-113(a) (1987); A.R.Cr.P. Rule 36.24 and Ark.Sup.Ct.R 11(f).  Arkansas is the

only state among the thirty-seven states that authorize the imposition of the death penalty which

does not require mandatory appellate review of a death sentence.  Mandatory appellate review

was an essential aspect in upholding Florida's, Georgia's and Texas' capital sentencing statutory

schemes in *Proffitt v. Florida*, 428 U.S. 242 (1976); Gregg v. Georgia, 428 U.S. 153 (1976); and

*Jurek v. Texas*, 428 U.S. 262 (1976), respectively.  Virtually every United States Supreme Court

case which has reviewed the constitutionality of state death penalty schemes has found the validity

of those schemes to rest in part upon the existence of mandatory appellate review.  *Pulley v.*

*Harris*, 465 U.S. 37 (1984) (Stevens, J., concurring).  The absence of a mandatory appeal violates

the defendant's Eighth and Fourteenth Amendments rights in that it (1) renders the sentencing

scheme arbitrary and capricious, (2) shocks the conscience of the community and (3) deprives the

sentencing scheme of adequate safeguards to assure that each death sentence is an individualized

decision by the sentencer.  *Furman v. Georgia*, 408 U.S. 241 (1972) and *Woodson v. North*

*Carolina*, 428 U.S. 280 (1980).  See also *Franz v. Lockhart*, 700 F.Supp. 1005, 1022 (E.D. Ark.

1998).  Because the Arkansas capital sentencing procedure does not provide for mandatory

appellate review, the entire scheme violates the Eighth and Fourteenth Amendments to the United

States Constitution.  (T. 55, 56)

* * *

xxii

1058

*Motion To Prohibit Submission To The Jury Of The Aggravating Circumstance, For*
*Pecuniary Gain, At The Penalty Phase Of The Trial*
(T. 68-71)

The defendant is charged with capital murder alleged to have been committed in the course of and in furtherance of robbery under circumstances manifesting extreme indifference to the value of human life. An essential element of the offense charged which the state must prove beyond a reasonable doubt is that the murder was committed in the perpetration or attempted perpetration of a robbery. *Bly v. State*, 263 Ark. 138, 562 S.W.2d 605 (1978). As construed by the Arkansas Supreme Court, the phrase, for pecuniary gain, is a phrase of common understanding and means in the perpetration or attempted perpetration of robbery. *Neal v. State*, 259 Ark. 27, 531 S.W.2d 17 (1975), *vacated on other grounds*, 429 U.S. 966 (1976). Therefore, pecuniary gain is an element of the underlying felony, robbery, which must be proven in order to establish guilt of capital murder.

If the defendant is found guilty of capital murder a second trial will be held to determine whether the defendant's punishment is life imprisonment without parole or death. The submission of the aggravating circumstance, for pecuniary gain, at the sentencing phase of trial will deny the defendant a right secured to him by the Eighth and Fourteenth Amendments because such submission double counts pecuniary gain as both an element of the underlying felony, which gives rise to the higher charge of capital murder, and duplicatively as an aggravating circumstance justifying imposition of the death penalty. In *Collins v. Lockhart*, 758 F.2d 258 (8th Cir. 1985), *cert. denied*, 106 S.Ct. 46 (1986), it was held that the use of an aggravating circumstance that duplicates an element of the crime, itself, is a violation of the Eighth Amendment because the double counting of that element fails to narrow the class of persons eligible for the death penalty

xxiii

1059

Respondent's Exhibit E

and to reasonably justify the imposition of a more severe sentence on that defendant as compared to others found guilty of murder.  Although the decision in *Collins* was subsequently overruled in *Perry v. Lockhart*, 871 F.2d 1384 (8th Cir.), *cert. denied* 493 U.S. 959 (1989), based upon the decision in *Lowenfield v. Phelps*, 484 U.S. 231 (1988) the propriety of that decision was recently under submission to the United States Supreme Court in *Lockhart v. Fretwell*, No. 91-1393. (T. 68, 69)  Because of significant differences in the Arkansas statute and that of Louisiana, the extension of the *Lowenfield* rationale to a statutory scheme like Arkansas' has been called into question by subsequent United States Supreme Court decisions in *Stringer v. Black*, 503 U.S. ___ 112 S.Ct. 1130, 117 L.Ed.2d 367 1992; *Sawyer v. Whitley*, 505 U.S. ____ 112 S.Ct. 2514, 120 L.Ed. 269 1992; *Sochor v. Florida*, 504 U.S. ____ 112 S.Ct. 2114 (1992); and *Espinosa v. Florida*, 505 U.S. _____ 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992).  These cases indicate that the rationale of *Lowenfield* should not be applied to Arkansas' statutory scheme in that *Perry* was incorrect in overruling the decision in *Collins*.  The reasoning of the decision in *Collins* was correct and bars the submission of the pecuniary gain as an aggravating circumstance in a robbery murder.  In *Lockhart v. Fretwell* ____ U.S. ____ 113 S.Ct. 838, 61 U.S.L.W. 4155 1993 the United States Supreme Court declined to reach the issue of whether the court in *Perry* correctly applied the reasoning of *Lowenfield* to the Arkansas statutory scheme.  Therefore the issue of whether *Collins* was correctly decided has not been determined and remains an open question. Other states with statutory schemes similar to those in Arkansas which require the jury to weigh aggravating circumstances with mitigating circumstances have correctly distinguished *Lowenfield* and held double counting of an element of the offense violates the Federal or State Constitution. *State v. Middlebrooks*, 840 S.W.2d 317 (Tenn. 1992); *Davis v. State*, 604 So.2d 794 (Fla. 1992);

xxiv

Respondent's Exhibit E

*Castro v. State*, 597 So.2d 259 (Fla. 1992).  (T. 69, 70)  *Jenkins v. State*, 607 So.2d 1171 (Miss. 1992).  (T. 71)

\* \* \*

*Motion To Quash Information On The Ground That Ark. Code Ann. §5-10-101(a)(1) (1987), The Capital Felony Murder Statute, Is Unconstitutional Due To Its Overlap With Ark. Code Ann. §5-10-102(a)(1) (1987), The First Degree Felony Murder Statute*
(T. 89-93)

The defendant is charged with capital felony murder alleged to have been committed in the course and in furtherance of the commission of a robbery.  The capital felony murder charge includes the lesser offense of first degree felony murder which has been held to be identical in all respects to capital felony murder.  *Cromwell v. State*, 269 104 598 S.W.2d 733 (1980).  At trial the defendant will have a right to have the jury instructed on all lesser included offenses, including the identical lesser offense of first degree felony murder.  *Robinson v. State*, 269 Ark. 90, 598 S.W.2d 421 (1980).  It is firmly established that due process provides a defendant a right to have the jury instructed on lesser included offenses.  *Beck v. Alabama*, 447 U.S. 625 (1980).  Where lesser included offenses are provided by law, there must be standards to guide the jury in selecting among the degrees of murder.  Otherwise, jurors are plainly invited to choose a verdict for a higher offense whenever they feel the lesser punishment is inappropriate or a verdict for a lesser offense whenever they feel the more severe punishment is inappropriate.  *Roberts v. Louisiana*, 428 U.S. 325 (1976).  The failure of a statutory procedure to provide such standards renders that procedure unconstitutional because it creates "an element of capriciousness" in the jury's guilt and *de facto* sentencing discretion.  *Roberts, supra.*  The Arkansas statutory scheme fails to provide the jury with any standard by which it can differentiate between capital felony murder and first

xxv

1061

Respondent's Exhibit E

degree felony murder. Due to the lack of any distinguishing factor between these two degrees of felony murder in the context of the seven enumerated felonies, the jury has absolutely no basis for a conviction of capital felony murder rather than first degree murder. Only through constitutionally impermissible action on the jury's part could the jury consider the lesser degree of felony murder rather than the greater offense. *Woodson v. North Carolina*, 428 U.S. 280 (1976). (T. 89, 90)

The statutory scheme is also violative of equal protection because the overlapping statutes subject persons similarly situated to vastly different punishments without any basis for the dissimilar treatment. The legislature's classification of crimes involving the imposition of different punishments must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced are treated alike. *Davis v. Cox*, 268 Ark. 78, 593 S.W.2d (1980). Under the Arkansas statutory scheme there is no reasonable basis resting upon any ground of difference for imposing a more severe sentence upon one felony murderer while not on another and such different treatment violates the equal protection clause. *Reed v. Reed*, 404 U.S. 71 (1971).

When Ark. Code Ann. §5-10-101(a)(1), the capital murder statute, is read together with Ark. Code Ann. §5-10-102(a)(1), the first degree murder statute, it becomes void for vagueness. The capital murder statute declares that killing a person while in commission of a burglary is capital murder. The first degree murder statute on the other hand declares that murder in the first degree occurs when a person is killed during the commission of a felony. The defendant in this case is charged with killing a person during the commission of a robbery and therefore could be charged under either the capital murder statute or the first degree murder statute. Since there is

xxvi

1062

Respondent's Exhibit E

no guidance in the two provisions as to which apply in a particular homicide, the due process clause of the Federal and Arkansas Constitutions is violated and the capital murder statute should be held void for vagueness.

Without waiving any of the arguments made thus far the defendant asks the court to consider the following if it declines to find the statutory scheme vague and/or arbitrary. The opportunity for arbitrary utilization of the capital murder scheme is apparent and should create a presumption that the scheme has been so utilized, thereby shifting the burden to the office of the prosecuting attorney to demonstrate that this scheme has not been arbitrarily and discriminatorily pursued. Alternatively, if the court refuses to shift the burden to the prosecuting attorney but finds that the Arkansas scheme presents the opportunity for an unconstitutionally arbitrary application, the defendant requests the court require the office of the prosecuting attorney to provide the defendant with a list of all first degree felony murder informations filed since 1 January 1976, the effective date of §5-10-102 the first degree murder statute. (T. 91, 92) The defendant further requests that the prosecutor be ordered to provide the defendant either the files in connection with these cases or a list of all cases filed under the first degree provision which could have been filed under the capital murder provision. With these records the defendant will be able to demonstrate to the court the percentage of first degree murder cases that could have been filed as capital murder cases thereby establishing its position. (T. 92, 93)

*Motion To Quash Information On The Grounds That The Statutory Aggravating Circumstances Are Vague And Overbroad And Have Not Been Narrowly Construed By The Appellate Court* (T. 95-98)

The defendant in this case is charged with capital murder. If he is found guilty by a jury that same jury will then weigh certain aggravating and mitigating circumstances to determine the

xxvii

1863

Respondent's Exhibit E

appropriate punishment. Ark Code Ann. §5-4-604 (1987) lists eight aggravating circumstances which the jury may consider. These aggravating circumstances are vague and overbroad on their face which does not necessarily render the statute unconstitutional as long as those circumstances are given clear and narrow construction. *Gregg v. Georgia*, 428 U.S. 153 (1976). Appellate courts must give these overly broad aggravating circumstances clear and narrow constructions so as to avoid dissimilar results in the use of them and the preclusion of any meaningful basis for distinguishing the few cases in which the penalty of death is imposed from the many in which it is not. *Maynard v. Cartright*, 486 U.S. 356 (1988), and *Godfrey v. Georgia*, 446 U.S. 420 (1980). Aggravating circumstances with overly broad or vague interpretations cannot constitutionally be the basis for the imposition of the death penalty under the Eighth and Fourteenth Amendments. *Maynard, supra; Godfrey, supra.* The Arkansas Supreme Court in *Miller v. State*, 269 Ark 341 605 S.W.2d 430 (1980) (substitute opinion on rehearing) refused to narrow or otherwise construe the meaning of the statutory aggravating circumstances and held instead that it would defer to the jury's uninformed and undisclosed interpretation of the aggravating circumstances in each case. By failing to give a narrow meaning to the aggravating circumstances the court effectively adopted such a broad, vague and varying construction of the statutory aggravating circumstances as to render §5-4-604 violative of the Eighth and Fourteenth Amendments. (T. 95, 96) Although the aggravating circumstances involved in *Miller* were not overly broad or vague on their face, the Arkansas Supreme Court's affirmance of their application to the facts involved in *Miller* represents an overbroad application of those circumstances as applied. Since the *Miller* decision the Arkansas Supreme Court has refused to give meaning to those aggravating circumstances instead deferring to the jury's uninformed and unexplained findings, upholding findings of various

xxviii

∴1064

aggravating circumstances on virtually any factual situation. Accordingly, through its failure to perform appellate review responsibilities, the statutory aggravating circumstances can be applied to nearly any factual situation. Thus the Arkansas Supreme Court has failed to perform the narrowing function necessary for constitutional application of the statutes. The review function as performed by the Arkansas Supreme Court in *Miller, supra,* and in subsequent cases was specifically rejected as an unconstitutional failure to perform appellant review responsibilities in *Maynard v. Cartright, supra.* (T. 97, 98)

* * *

*State's Response To Defendant's Motion To Dismiss Capital Murder Charge Based On Overlap Of Arkansas Statutes*

Although the defendant argues that the Arkansas statutory scheme is void for vagueness the Arkansas Supreme Court on numerous occasions has held to the contrary. *See Simpson v. State,* 274 Ark. 188, 623 S.W.2d 200 (1981). The Arkansas Supreme Court has previously addressed the overlapping nature of the criminal statutes involved and has held each time that the overlapping provisions do not render them unconstitutionally vague since they clearly set out what acts are prohibited and there is no impermissible uncertainty in the definition of the offenses. *Coble v. State,* 274 Ark. 134, 624 S.W.2d 421 (1981). The Arkansas Supreme Court has on a number of occasions upheld the statutory scheme whereby the prosecutor has the option of charging either capital felony murder or first degree murder when a murder is committed in the perpetration of specified felonies. *Cannon v. State,* 286 Ark. 242, 690 S.W.2d 725 (1985). (T. 110, 111)

xxix

1065

*State's Response To Defendant's Motion That The Death Penalty Is A Cruel And Unusual Punishment Violative Of The Eighth Amendment To The Constitution Of The United States*
(T. 112, 113)

The death penalty does not, *per se*, violate the Eighth Amendment. *Gregg v. Georgia*, 428 U.S. 153 (1976). The Arkansas death penalty statute does not violate the Eighth Amendment's ban on cruel and unusual punishment. *Fairchild v. State*, 284 Ark. 289, 681 S.W.2d 380 (1984). The state's seeking of a punishment provided for by statute does not constitute cruel and unusual punishment. The Eighth Amendment prohibition of cruel and unusual punishment applies to the imposition of punishment not to the right of the state to seek a particular punishment statutorily provided. (T. 112, 113)

*State's Response To Defendant's Motion To Hold The Provisions Of The Death Penalty Statute, Ark. Code Ann. §5-4-604, et seq., Unconstitutional*
(T. 114-116)

The state agrees that the Arkansas Supreme Court has found that there is no mandatory appellate review in Arkansas. As the Arkansas Supreme Court held in *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988), "[T]he idea in *Gregg*, *Proffitt*, and *Jurek*, that the United States Supreme Court has held that there must be a mandatory or automatic appeal from the imposition of the death penalty by a state trial court seems to have crumbled with the recent actions of the court in *Gilmore v. State of Utah*, 429 U.S. 112, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976)". The court in *Franz* also held that the lack of a mandatory appeal does *not* render the Arkansas law unconstitutional. The Arkansas Supreme Court has repeatedly rejected the argument that the Arkansas capital murder statutes are unconstitutional as violative of the Eighth and Fourteenth Amendments. *Miller v. State*, 269 Ark. 341, 605 S.W.2d 430 (1980); *Swindler v. State*, 267 Ark.

xxx

1066

418, 595 S.W.2d 91 (1979). The Arkansas capital murder statutes provide adequate guidelines so limiting and directing the exercise of the jury's discretion that any arbitrary, capricious, wanton or freakish exercise of that discretion is improbable. *Hill v. State*, 289 Ark. 387, 713 S.W.2d 233 (1986). The safeguards in our law whereby capital defendants are tried and sentenced are intended to prevent the arbitrary and capricious imposition of the death penalty. *Clines v. State*, 282 Ark 541 669 S.W.2d 883 (1984). (T. 114, 115)

\* \* \*

### State's Response To Defendant's Motion To Prohibit Death Qualification Of Jury
(T. 121, 122)

The "death qualification" of a jury is permissible under the United States Constitution. *Lockhart v. McCree*, 476 U.S. 162 (1986). The "death qualification" of the jury does not violate the Arkansas Constitution. *Hatley v. State*, 289 Ark. 130, 709 S.W.2d 812 (1986). (T. 121, 122)

\* \* \*

### State's Response To Defendant's Motion to Quash Information On The Ground That Statutory Aggravating Circumstances Are Vague and Overbroad And Have Not Been Narrowly Construed By The Appellate Court
(T. 127, 128)

The Arkansas Supreme Court has on numerous occasions rejected the argument that our capital murder statute is unconstitutionally vague. *See Simpson v. State*, 278 Ark. 334, 645 S.W.2d 688 (1983) and *Henderson v. State*, 278 Ark. 414, 652 S.W.2d 26 (1983), *cert. denied* 464 U.S. 1012 (1983), *petition denied*, 281 Ark. 406, 664 S.W.2d 451 (1984). The Arkansas Supreme Court rejected the defendant's argument that the capital murder sentencing statute is unconstitutionally vague and that the aggravating circumstances are too closely related to the elements of capital felony murder. The court thus analyzed the aggravating circumstances and

xxxi

1067

Respondent's Exhibit E

held that they were not vague and overbroad.

The Supreme Court reviewed Ark. Code Ann. §5-4-608 (1987) in great detail in *Wilson v. State*, 295 Ark. 682, 751 S.W.2d 734 (1988). The court in that case held that the eighth aggravating circumstances, whether the crime was especially heinous, atrocious, or cruel was unconstitutionally vague because it could mean nearly anything. The court used the very cases now relied upon by the defendant and held that the other seven aggravating circumstances were not unconstitutionally vague and overbroad. (T. 127, 128)

* * *

### State's Response To Defendant's Motion To Prohibit The State From Using Pecuniary Gain As An Aggravating Circumstance
#### (T. 131-132)

It is true that in *Collins v. Lockhart*, 754 Fed.2d 258 (8th Cir. 1985) the Eighth Circuit Court of Appeals held that the "pecuniary gain" aggravating circumstance could not be used to impose the death penalty in cases where it would duplicate an element of the underlying offense. That case was effectively overruled in *Lowenfield v. Phelps*, 484 U.S. 231 (1988) and the Eighth Circuit Court of Appeals so held in *Perry v. Lockhart*, 871 F.2d 1384 (8th. Cir. 1989), *cert. denied* 493 U.S. 959 (1989). *Lowenfield* held that while a capital sentencing scheme must genuinely narrow a class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant as compared to others found guilty of murder, the narrowing function may be performed by jury findings either at the sentencing phase or at the guilt phase of a trial. *Lowenfield* also held that the fact that an aggravating circumstance duplicated one of the elements of the crime in question did not make a death sentence unconstitutionally infirm. Ark. Code Ann. §5-4-603 provides for the narrowing function in the

xxxii

1068

penalty phase. *Johnson v. State*, 308 Ark. 7, 823 S.W.2d 800 (1992). The Arkansas Supreme

Court held that Arkansas' capital sentencing scheme is constitutional. *Ward v. State*, 300 Ark.

415, 827 S.W.2d 110 (1992). The *Lowenfield* decision further held that the death sentence could

be imposed even though the sole aggravating circumstance found by the jury at the sentencing

phase was identical to an element of the capital crime. (T. 130, 131)

\* \* \*

*State's Response To Defendant's Motion To Prohibit The State From Seeking The Death*
*Penalty On The Grounds That Historically The Death Sentence Has Been Arbitrarily And*
*Capriciously Imposed In A Racially Discriminatory Manner In Violation Of The Eighth and*
*Fourteenth Amendments To The United States Constitution*
(T. 133, 134)

The Arkansas Supreme Court has repeatedly rejected the argument that the Arkansas

capital murder statute is unconstitutional as violative of the Eighth and Fourteenth Amendments.

*Miller v. State*, 269 Ark. 341, 605 S.W.2d 430 (1980). The cruel and unusual punishment

argument used by the defendant was rejected in *Gregg v. Georgia*, 428 U.S. 153 (1976) and in

*Fairchild v. State*, 284 Ark. 289, 681 S.W.2d 380 (1980). The Arkansas capital murder statutes

provide adequate guidelines that limit and direct the exercise of the jury's discretion and prevent

an arbitrary, capricious, wanton or freakish exercise of that discretion. *Hill v. State*, 289 Ark.

387, 713 S.W.2d 233 (1986). The argument that prosecutorial discretion in seeking the death

penalty is arbitrary and capricious has been dealt with and rejected in *Bordenkircher v. Hayes*,

434 U.S. 359 (1978) and in *Miller v. State, supra*. There are safeguards in our laws that prevent

capital defendants from being arbitrarily and capriciously subjected to the death penalty. *Clines v.*

*State*, 282 Ark. 541, 669 S.W.2d 883 (1984). The Constitutional guarantee afforded the

defendant is a guarantee against the arbitrary and capricious isolation of one group of offenders

xxxiii

1069

from more severe punishment than the punishment given some other group for the same offense. *Wilson v. State*, 271 Ark 682, 611 S.W.2d 739 (1981); *Gregg v. Georgia, supra.* (T. 133, 134)

\* \* \*

*State's Response To Defendant's Motion To Hold The Sentencing Provision Of The Death Penalty Statute, Ark. Code Ann. §5-4-603, Unconstitutional*
(T. 137, 138)

The Arkansas death penalty sentencing scheme has been upheld by the United States Supreme Court and the Arkansas Supreme Court. *See McClesky v. Kemp*, 481 U.S. 279 (1987). The Arkansas Supreme Court held in *Hill v. State*, 289 Ark. 387, 713 S.W.2d 233 (1986) that because the sentencing statute does not require a mandatory death sentence but rather establishes criteria which must be strictly met before a death sentence shall be imposed, it is not unconstitutional.  Further, even if the jury were to determine that the aggravating circumstances outweigh the mitigating circumstances, they are not bound under the Arkansas statutory scheme to return a death sentence. (T. 137, 138)

\* \* \*

*Verdict Form*
(T. 157)
We, the jury, find Kenneth Reams guilty of the capital murder of Gary Turner.

_____
Jury Foreman

(T. 157)

*Form One*
*Aggravating Circumstances*
(T. 158)

We, the jury, after careful deliberation have unanimously determined that the following

xxxiv

.: 1670

Respondent's Exhibit E

aggravating circumstances existed beyond a reasonable doubt at the time of the commission of the capital murder.

1. The capital murder was committed for pecuniary gain.

2. Kenneth Reams previously committed another felony, an element of which was the use or threat of violence to another person or the creation of a substantial risk of death or serious physical injury to another person.

_____
Jury Foreman

(T. 158)

### Form Two
### Mitigating Circumstances
### (T. 159-163)

(ABSTRACTOR'S NOTE: This form had the following list of mitigating circumstances in each of three parts. The first part, Part A, began with the statement, " We unanimously find that the following mitigating circumstances probably exist." (T. 159) Part B began with the statement, "One or more members of the jury believed that the following mitigating circumstances probably exist, but the jury did not unanimously agree." (T. 160) Part C began with the statement, "There was evidence of the following mitigating circumstances, but the jury unanimously agreed that they do not exist. (T. 161) There was a place immediately before each to check to indicate that the jury agreed with the statement that began each section in regard to each mitigating circumstance. This form is abstracted with the list of circumstances set out once and the check or absence of a check indicated beside each under a heading of A, B or C. Part D had but one statement, to wit, "There was no evidence of any mitigating circumstance." (T. 163) This statement was not checked by the jury.)

| A | B | C | Mitigating Circumstance |
|---|---|---|---|
| | X | | The capital murder was committed while Kenneth Reams was under extreme mental or emotional disturbance |
| | X | | The capital murder was committed while Kenneth Reams was acting under unusual pressures or influences or under the domination of another person |

xxxv

1071

Respondent's Exhibit E

| | |
|---|---|
| X | The capital murder was committed while the capacity of Kenneth Reams to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or defect, intoxication or drug abuse. |
| X | The youth of Kenneth Reams at the time of the commission of the capital murder |
| X | The capital murder was committed by another person and Kenneth Reams was an accomplice and his participation relatively minor |
| X | Kenneth Reams has no significant history of prior criminal activity |
| X | Kenneth Reams suffers from borderline mental retardation |
| X | Kenneth Reams has abilities that would allow him to be a productive member of society even in prison |
| X | Other: Specify in writing _____ |

_____
Jury Foreman

(T. 163)

*Form Three*
*Conclusions*
(T. 164, 165)

We, the jury, conclude:

(A).    One or more aggravating circumstances did exist beyond a reasonable doubt at the time of the commission of capital murder.

(B).    The aggravating circumstances outweigh beyond a reasonable doubt any mitigating circumstances.

(C) The aggravating circumstances justify beyond a reasonable doubt a sentence of death.

_____
Jury Foreman

xxxvi

1072

Respondent's Exhibit E

(T. 164, 165)

*Form Four*
*Verdict*
(T. 166)

We, the jury, after careful deliberation, have determined that for the capital felony murder

or Gary Turner that Kenneth Reams shall be sentenced to death by lethal injection.

(ABSTRACTOR'S NOTE: Each of the jurors then signed this form.) (T. 166)

*Judgment And Commitment*
(T. 167)

On 15 December 1993 the defendant was found guilty at a jury trial of capital murder and

sentenced to death by lethal injection.

Filed 18 December 1993 (T. 167)

*Notice Of Appeal And Designation Of Record*
(T. 168, 169)

The defendant through counsel hereby gives notice of his appeal of his conviction from

matters stemming from the jury trial held on December 13 through 15, 1993 and the entry of the

judgment and commitment order on 18 December 1993 to the Arkansas Supreme Court.  The

defendant designates the entire record of the proceeding.

Filed 17 December 1993 (T. 168, 169)

\* \* \*

*Amended Judgment And Commitment Order*
(T. 176)

(ABSTRACTOR'S NOTE:  This judgment and commitment order is identical in all

respects to the judgment and commitment order entered on 18 December 1993, except that this

xxxvii

1073

amended order contains an execution date of 14 January 1994. Filed 29 December 1993 (T. 176))

*Second Notice Of Appeal And Designation Of Record*
(T. 177, 178)

The defendant through counsel herein gives notice of his appeal of his conviction and all matters stemming from the jury trial held on December 13 through 15, 1993 and the entry of the amended judgment and commitment order on 29 December 1993 to the Arkansas Supreme Court. He designates the entire record as the record on appeal including opening and closing arguments of the attorneys and *voir dire.*

Filed 5 January 1994 (T. 177, 178)

*Stay Of Execution*
(T. 179, 180)

The circuit court of Jefferson County hereby stays the execution in this matter pending the completion of the appeal to the Arkansas Supreme Court.

Filed 10 January 1994 (T. 179, 180)

\* \* \*

# TRANSCRIPT OF TESTIMONY

(ABSTRACTOR'S NOTE: Shortly before the individual *voir dire* of the prospective jurors the trial court announced that each juror would be called individually into chambers for this examination. (T. 204, 205) The following occurred out of the hearing of the jury in chambers shortly after that announcement.)

DEFENSE COUNSEL: Your honor, I would like to *voir dire* my client on several matters. The prosecuting attorney's office extended to me a plea negotiation offer of a

xxxviii

1074

Respondent's Exhibit E

6757

recommendation of life without parole in exchange for a plea of guilty to the charge of capital murder. According to my records I have discussed this matter with the defendant on November 24, November 29, December 6 and again on December 9. On all four of those occasions I was told that my client was not interested in entering that plea negotiation and that he wanted instead to proceed to trial even though he understood that the state was going to seek the death penalty. Mr. Reams, is that correct?

DEFENDANT: Yes sir.

DEFENSE COUNSEL: Is that still your desire today?

DEFENDANT: Yes sir. (T. 205, 206)

* * *

IRMA JOHNSON, a prospective juror, was examined by the parties as follows:

EXAMINATION BY THE STATE

I understand that the state will have to prove that the defendant or an accomplice committed or attempted to commit a robbery and in the course of or while fleeing from that robbery caused the death of another person under circumstances manifesting extreme indifference to the value of human life. I understand that there are two punishments possible for capital murder, death or life imprisonment without parole. The law in Arkansas says that for some crimes, death is a penalty that can be assessed, and I think that ought to be the law. Murder is a type of case for which I think the death penalty can be imposed. I believe in the death penalty. (t. 207, 208) I believe I am a person who could actually mete out the death penalty. If proper evidence were presented, I would have no problem signing a form saying that this defendant deserves the death penalty and then walking back into the courtroom and looking at this

Respondent's Exhibit E

defendant. When you ask if I would hold the state to a higher burden of proof in the guilt phase of the trial, I am not sure how to answer that. As I said, if the state presents enough evidence, I could go along with the law. (T. 209, 210) When you ask me if I will hold the state to a higher standard than reasonable doubt, it makes me think that you are not sure of your case.

TRIAL COURT: Let me stop you right now. At the conclusion of this trial, as in any other criminal trial, I instruct the jurors that in order for they must be satisfied beyond a reasonable doubt in order to vote to convict. Reasonable doubt, I go on to explain, is not a possible or imaginary doubt, but the type of doubt that would cause a reasonable person to pause and hesitate in the graver transactions of life. You have sat on a criminal jury before and have heard me say those words. That is the same standard that will apply in this case, and the deputy prosecutor is asking you if you could apply it in this case. (T. 210, 211)

MS JOHNSON (continuing): I have no problem with that. To use your example, I understand that if I go to bed tonight with no snow on the ground and wake up in the morning with snow on the ground, I would assume that it snowed during the night. If there is snow only in my yard and in no one else's yard, there is a possibility that someone hauled snow into my yard during the night. If there is snow in everyone's yard, though, it would be an unreasonable doubt to assume that someone had hauled in all of that snow. I could keep the guilt phase and the penalty phase of this trial separate.

I understand that in order to give the death penalty, the jury would have to find that aggravating circumstances exist. (T. 212, 213) If we found that no aggravating circumstance existed, that would be the end of it, and we would have to return a sentence of life without parole. If we found one or more aggravating circumstances, we would then have to weigh them against

xl

1076

the mitigating circumstances. If the mitigating circumstances were greater, again we would have to return a sentence of life without parole. I understand that if we found that the aggravating circumstances outweighed the mitigating circumstances, we would then have to decide if these aggravating circumstances justify the imposition of the death penalty. I do not think that the age of the defendant at the time of the murder or things that happened to a person as he grew up would excuse murder.

I have never heard the term, accomplice liability. I understand that it means that when one person solicits, advises, encourages, coerces or aids another person in any way commit a crime, that person is an accomplice. I agree with that concept. (T. 214, 215) I understand that the person who drives the getaway car in a bank robbery is just as guilty as the one who goes in and gets the money.

My brother was prosecuted for robbery in 1988, but was thrown out. I also had a nephew who went in and robbed a store in 1992. (T. 215, 216) My sister was charged with drugs in federal court in 1992. (T. 217)

EXAMINATION BY THE DEFENSE

I understand that in the first phase of this trial the jury will decide the guilt or innocence of the defendant. I understand that the state will go first with its evidence. I will wait until I hear the evidence from both sides before making up my mind about guilt or innocence. I understand that the judge will instruct the jury on what are called lesser included offenses of which we might find the defendant guilty. These would be such offenses as manslaughter or first degree murder. (T. 217, 218) I could consider the full range of options in the guilt or innocence phase of the trial. I know of nothing about this case. I understand that the defendant is presumed to be innocent and

xli

Respondent's Exhibit E

that that presumption attends him throughout the trial until I am convinced otherwise. I also understand that the defendant does not have to prove anything. I understand that it is the defendant's constitutional right to testify or not, and that decision might well be made by defense counsel. I would not hold it against the defendant if he did not testify. (T. 219, 220) I would put greater stock in the testimony of a police officer simply because he is a police officer. (T. 220, 221)

In regard to accomplice liability as the deputy prosecutor discussed with me a while ago, I understand that there was a co-defendant here named Alford Goodwin. If we had two people, one who shot and killed a person and the one who did not, although he was there and participating, I would not treat those people the same. I understand that the jury will instructed that when two people are guilty of a crime, they can suffer the same punishment, but that it is up to the discretion of the individual jurors to decide what the punishment will be. I said that I thought the death penalty was appropriate because I feel that if someone takes a life, they should be willing to give a life. If the evidence were appropriate, I would be willing to punish such a person accordingly. (T. 221, 222)

I could consider all that the defense will present, including testimony from the defendant's family members, a counselor at a school, documentary evidence about school performance and things along that line in determining whether the death penalty or life without parole is appropriate in this case. (T. 223, 224) I said a moment ago that I feel that if someone take a life, they should be willing to give their own life for it. I did not mean to say that that was the only punishment appropriate. There may be evidence and circumstances that show that they may not really deserve to die, but I would have to hear all of the evidence to know. I would listen to

xlii

1078

everything before making up my mind. I understand that for someone eighteen years old life imprisonment is a really long period of time, especially given the long life expectancy that human beings now have. (T. 224, 225)

DEPUTY PROSECUTING ATTORNEY: Your honor, the state exercises a peremptory challenge to excuse Ms. Johnson.

DEFENSE COUNSEL: Your honor, in light of the fact that the defendant is black and that Ms. Johnson, the first prospective juror called, was black and the state used a peremptory strike to excuse her the defense questions why the state used a peremptory challenge to excuse that juror.

TRIAL COURT: At such in point in time as it becomes apparent that there is some sort of pattern I will ask the state to state that reason. The state might make a note of its reasons for using peremptory challenges against black jurors. Until then however, the court will not require the state to make that showing at this time. (T. 226, 227)

LINDA MESSINA, a prospective juror was examined by the parties as follows:

EXAMINATION BY THE STATE

I have served on one criminal jury before this case. I understand that the defendant is charged with capital murder. If the state proves that the defendant and another person attempted to rob a Mr. Gary Turner and in the course of that robbery shot and killed him under circumstances that show extreme indifference to the value of human life I could find him guilty of capital murder beyond reasonable doubt. I understand that there are only two punishment alternatives in the case of capital murder, death by lethal injection or life imprisonment without parole. (T. 227, 228) I think that I would tend to hold the state to a higher burden of proof than

Respondent's Exhibit E

6762

beyond a reasonable doubt because I would want to make sure before I would take anyone else's life. I understand that should we get to the punishment phase of this trial that we would have to consider aggravating circumstances and mitigating circumstances. If we found that the aggravating circumstances outweighed the mitigating circumstances we would then have to determine whether the aggravating circumstances justified the death penalty. (T. 229, 230) I understand what accomplice liability is. I understand that the law is that when two people act together that each is as guilty as the other so that if the defendant and someone named Alford Goodwin were in the process of robbing someone and one of them shot and killed him that the other would be as guilty as the one who shot and killed him. I do not think that the punishment should be the same for both of them. The one who actually did the shooting should have a more severe punishment although the other one should be punished also. I agree with the death penalty. I agree that murder is a situation in which the death penalty is appropriate. (T. 231, 232) Were we to get to the penalty phase of this trial and find that the aggravating circumstances outweigh the mitigating circumstances and also justify the death penalty I would have no problem in signing a form sentencing the defendant to death and looking him in the eye after I had done that. (T. 232, 233)

EXAMINATION BY THE DEFENSE

I can make my decision based strictly upon the evidence that I will hear. I will listen to both sides before I make up my mind one way or the other about guilt. I have read a newspaper article about this case and I thought it was a terrible thing to have happened. I have not formed an opinion about this man, the defendant because I don't know him. (T. 233, 234) I understand that newspapers can be inaccurate. I also understand that there is a civil suit that has arisen out of

xliv

1080