COPY

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, FIFTH DIVISION

STATE OF ARKANSAS                                              PLAINTIFF

V.                          NO.  CR-1993-298, CR-1993-299
                                 and CR-1993-300-5

KENNETH REAMS                                                  DEFENDANT

* * * * * * * * * *

Proceeding held before the Honorable Fred D. Davis, III, Circuit Judge, Eleventh Judicial District, West, Fifth Division, on September 30, 1993.

* * * * * * * * * *

APPEARANCES

FOR THE PLAINTIFF:      HONORABLE CAROL BILLINGS
                        Deputy Prosecuting Attorney
                        Jefferson County Prosecutor's Office
                        Main and Barraque Streets
                        Pine Bluff, AR 71601

FOR THE DEFENDANT:      HONORABLE MAXIE G. KIZER
                        Public Defender
                        P. O. Box 7423
                        Pine Bluff, AR 71611-7423

Respondent's Exhibit I                                              1

INDEX

Record of Sentencing . . . . . . . . . . . . . . . . . . . . .  3
Proceedings  . . . . . . . . . . . . . . . . . . . . . . . . .  4
Conclusion of Plea and Sentencing  . . . . . . . . . . . . .  14
Certificate of Reporter  . . . . . . . . . . . . . . . . . .  15

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, FIFTH DIVISION

STATE OF ARKANSAS                                                    PLAINTIFF

V.                          NO. CR-1993-298, CR-1993-299
                            and CR-1993-300-5

KENNETH REAMS                                                        DEFENDANT

## RECORD OF PLEA AND SENTENCING

BE IT REMEMBERED, that on September 30, 1993, came on for a plea and sentencing in the above-captioned matter before the Honorable Fred D. Davis, III, Circuit Judge, Eleventh Judicial District, West, Fifth Division, of which Jefferson County, Arkansas, is a part; and all parties announcing ready, the following proceedings transpired; said plea and sentencing being reported by Nevelyn Smith, Arkansas Supreme Court-Certified Court Reporter for said Fifth Division of the Circuit Court of Jefferson County for said Eleventh Judicial District, West, of Arkansas.

APPEARANCES

FOR THE PLAINTIFF:       HONORABLE CAROL BILLINGS
                         Deputy Prosecuting Attorney
                         Jefferson County Prosecutor's Office
                         Main and Barraque Streets
                         Pine Bluff, AR 71601

FOR THE DEFENDANT:       HONORABLE MAXIE G. KIZER
                         Public Defender
                         P. O. Box 7423
                         Pine Bluff, AR 71611-7423

```
 1                         PROCEEDINGS
 2          THE COURT: We are here this morning in the Circuit
 3   Court of Jefferson County in the matters of the State
 4   of Arkansas versus Kenneth Reams.  These are cases
 5   number 93-298, 299 and 300.
 6          You are Kenneth Reams.
 7          MR. REAMS:  Yes, sir.
 8          THE COURT:  Mr. Reams, you are here this morning
 9   along with your attorney, Mr. Maxie Kizer, whom we
10   appointed, I think, did we not, to represent you in
11   these matters?
12          MR. REAMS:  Yes, sir.
13          THE COURT:  We are here because I am told that it
14   is your desire in these cases to change your pleas
15   previously entered of not guilty to those of guilty and
16   before I can -- can make or take those pleas, I need to
17   make some inquiry of you, Mr. Reams.
18          First of all, how old are you?
19          MR. REAMS:  Eighteen.
20          THE COURT:  Have you had an opportunity to discuss
21   your case thoroughly with your lawyer?
22          MR. REAMS:  Yes, sir.
23          THE COURT:  And I understand you've had an oppor-
24   tunity to discuss these matters also with various
25   family members.  Is that correct?
```

```
 1                MR. REAMS:  Yes, sir.
 2                MR. KIZER:  Your Honor, would you mind, in light
 3      of that, having the record reflect that his mother and
 4      his stepfather are present in the courtroom.
 5                THE COURT:  Okay.  Is that -- could you identify
 6      them by name?
 7                MS. WHITESIDE:  Beatrice Whiteside, Kenneth's
 8      mother.
 9                THE COURT:  Okay.  Ms. Whiteside.
10                MR. WHITESIDE:  Scott Whiteside.
11                THE COURT:  Mr. Whiteside.  And addressing the
12      Whitesides, y'all have had an opportunity to visit and
13      counsel with Kenneth before our coming into the court-
14      room this morning, have we not?  You've had --
15                MS. WHITESIDE:  Yes, sir.
16                THE COURT:  All right. Mr. Reams, how far did you
17      go in school?
18                MR. REAMS:  To the eleventh grade.
19                THE COURT:  You finished the eleventh grade?
20                MR. REAMS:  No, sir.
21                THE COURT:  You dropped out during your eleventh
22      grade year.
23                MR. REAMS:  Yes, sir.
24                THE COURT:  Do you read, write and understand the
25      English language?
```

| | |
|---|---|
| 1 | MR. REAMS: Yes. |
| 2 | THE COURT: And the purpose of that question is, |
| 3 | is to make sure you understand what the charges are |
| 4 | against you. |
| 5 | Specifically, in case number 93-298, the State |
| 6 | alleges that you, on or about the 28th of April of this |
| 7 | year, here in Jefferson County, committed the offenses |
| 8 | of burglary and theft of property. |
| 9 | The State alleges in count one, the burglary |
| 10 | allegation, that on or about that date and time you |
| 11 | entered or remained unlawfully in an occupiable |
| 12 | structure belonging to the Pine Bluff Dry Cleaners, and |
| 13 | you did that with the purpose of committing in that |
| 14 | place at that time a theft of property. |
| 15 | And in count two, they allege the theft of prop- |
| 16 | erty charge.  They allege that you unlawfully and |
| 17 | knowingly at that same place and time took unauthorized |
| 18 | control over two leather jackets and an H & R .32 |
| 19 | caliber revolver having a value in excess of two |
| 20 | hundred dollars and being the property of Pine Bluff |
| 21 | Dry Cleaners and you did that with the purpose of |
| 22 | depriving the owner of their property. |
| 23 | I'll tell you also, Mr. Reams, that burglary is a |
| 24 | class B felony in Arkansas and that theft of property |
| 25 | charge is a class C felony. |

```
 1              In case number 93-299, Mr. Reams, you are accused
 2         of, along with an Alford Goodwin, with the offense of
 3         aggravated robbery alleged to be a violation of Arkan-
 4         sas Code Section 5-12-103, a class Y felony.
 5              It's alleged that on or about that same date, as
 6         in the previous case, April 28th, 1993, here in Jeffer-
 7         son County it's alleged that you unlawfully and with
 8         the purpose of committing a theft or resisting appre-
 9         hension immediately thereafter, employed or threatened
10         to immediately employ physical force upon Curtis
11         Gilbert and at the time you were armed with a deadly
12         weapon or represented by word or conduct that you were
13         so armed.  And, again, that is a class Y felony.
14              And in case number 93-300, it's alleged that you
15         also committed an offense, an aggravated robbery
16         offense, in violation of the same code section on the
17         29th day of April of 1993.  It's alleged by the
18         prosecuting attorney that you unlawfully with the
19         purpose of committing a theft or resisting apprehension
20         immediately thereafter, employed or threatened to
21         employ physical force upon Bonnie Phillips and at that
22         time, you were armed with a deadly weapon or repre-
23         sented by word or conduct that you were so armed.
24              Do you understand what you are accused of in each
25         of these cases?
```

7

Respondent's Exhibit I                                          7

```
 1              MR. REAMS:  Yes.
 2              THE COURT:  Do you understand that, again, the
 3    class B felony burglary carries with it a range of
 4    punishment from a minimum of five to a maximum of 20
 5    years in the Department of Correction and/or a fine of
 6    up to fifteen thousand dollars?  You understand that's
 7    the range of punishment that --
 8              MR. REAMS:  Yes.
 9              THE COURT:  And do you also understand that the
10    theft of property charge carries with it a minimum
11    sentence of three to a maximum sentence of 10 years in
12    the Department of Correction and/or a fine of up to ten
13    thousand dollars.
14              In the other two cases, the class Y aggravated
15    robberies, the range of punishment I need to tell you,
16    Mr. Reams, is a minimum sentence of 10 years to a
17    maximum of 40 years or life in the Department of
18    Correction.
19              Now, under appropriate circumstances, should you
20    be convicted of each one of these offenses, sentenced
21    to the maximum punishment on each one, and those
22    sentences run consecutively or added together, you
23    could receive a total sentence of 110 years and/or --
24    110 years or twenty-five thousand -- and/or twenty-five
25    thousand dollars in fines or two life sentences plus 30
```

years and/or twenty-five thousand dollars in fine.

Now, I hasten to add I'm not telling you that's what would happen. I'm just telling you the worst that can happen would be that you got the maximum sentence on each one of these cases and they all run together. All of those maximum sentences added together add up to 110 years or two life sentences plus 30 years and if you were fined as well in those other two cases, the B and C felonies, the total fines could total twenty-five thousand dollars. Again, I'm want to make sure you understand I'm not telling you that's what would happen. That's the worst that could happen to you.

I know you've talked to your lawyer about that and you understand that, don't you?

MR. REAMS: Yes, sir.

THE COURT: Okay. That's just part of my job to make sure -- go over it and make sure that you do understand that.

Now, do you understand, Mr. Reams, that you have an absolute right to a public and speedy trial by jury in each of these cases? I think they are actually set for trial, are they not?

MR. REAMS: Sir?

THE COURT: I think -- you have a right to a public and speedy trial by jury, and I think these

9

| | |
|---|---|
| 1 | matters are already set for trial, are they not? |
| 2 | MR. REAMS: Yes. |
| 3 | THE COURT: You understand that they are set for |
| 4 | trial. One of them was actually set for trial today |
| 5 | until -- until it was continued and moved over to |
| 6 | another time in the next week or two. |
| 7 | Now, do you understand what rights go along with |
| 8 | the jury trial, Mr. Reams? |
| 9 | MR. REAMS: Yes. |
| 10 | THE COURT: You've talked to your lawyer about |
| 11 | that, haven't you? |
| 12 | MR. REAMS: [Nodding head] |
| 13 | THE COURT: Now, you understand that, basically, |
| 14 | those rights that go along with the jury trial are that |
| 15 | the State would be required to prove you guilty beyond |
| 16 | a reasonable doubt. And that's a burden that the State |
| 17 | would have throughout each one of these trials. The |
| 18 | burden of proving you guilty. Do you understand that? |
| 19 | You've talked to Mr. Kizer about that. Would you care |
| 20 | for me to explain in any more detail any of the other |
| 21 | rights that go along with the jury trial? |
| 22 | MR. REAMS: No, sir. |
| 23 | THE COURT: Okay. Do you want a jury trial? |
| 24 | MR. REAMS: No, sir. |
| 25 | THE COURT: Has anybody promised you or threatened |

```
 1          you or done anything at all out of the way except offer
 2          a plea negotiation on these charges to get you to enter
 3          a plea of guilty in this matter?
 4               MR. REAMS:  No, sir.
 5               THE COURT:  Are you under the influence of alcohol
 6          or drugs at this time?
 7               MR. REAMS:  No, sir.
 8               THE COURT:  This report of plea negotiations that
 9          I made mention of indicates that should you plead
10          guilty to the burglary and theft of property in case
11          number 93-298 and the aggravated robberies in case
12          number 93-299 and 300, the State would be prepared to
13          recommend a sentence of 10 years on each of the counts
14          in case number 93-298, the burglary and theft, and 40
15          years on the aggravated robberies.  And all of those
16          would run concurrent, which would mean, for all practi-
17          cal purpose, a total sentence of 40 years on these
18          three cases.  And certainly you would be given credit
19          for your jail time since your arrest until the present
20          time.
21               Do you understand that to be your plea agreement
22          with the State?
23               MR. REAMS:  Yes.
24               THE COURT:  And you entered into this after
25          consultation with your attorney and with your family.
```

1                    MR. REAMS:  Yes, sir.
2                    THE COURT:  And you feel like that's in your best
3          interest.  Is that correct?
4                    MR. REAMS:  Yes.
5                    THE COURT:  Okay.  Let me just ask you then, in
6          case number 93-298, the burglary and theft of property
7          charge where it's alleged on April the 28th you broke
8          into the Pine Bluff Dry Cleaners.  According to a
9          police report that's an establishment at 1009 South
10         Poplar Street.  Did you, in fact, do that?
11                   MR. REAMS:  Yes, sir.
12                   THE COURT:  And while in there, did you take a
13         couple of leather jackets and a .32 caliber revolver?
14                   MR. REAMS:  Yes.
15                   THE COURT:  Are you telling me, then, that you're
16         guilty of burglary and theft in that case?
17                   MR. REAMS:  Yes.
18                   THE COURT:  The next case is 93-299.  This is the
19         aggravated robbery of Curtis Gilbert.  Again, on April
20         the 28th, it's alleged that you -- that you robbed a
21         Curtis Gilbert, Jr., at a Worthen ATM machine at 5th and
22         Chestnut.  Did you, in fact, do that?
23                   MR. REAMS:  Yes.
24                   THE COURT:  Are you telling me, then, that you're
25         guilty of aggravated robbery in that case?

Respondent's Exhibit I                                        12

```
 1              MR. REAMS:  Yes, sir.
 2              THE COURT:  And in the next case, this is an
 3    aggravated robbery of Bonnie Phillips, case number 93-
 4    300.  It's alleged that -- that you robbed Ms. Gilbert
 5    (sic) at the Greyhound Bus Station on West Fourth
 6    Street in Pine Bluff.  And that's on April the 29th of
 7    1993.  Did you, in fact, do you that?
 8              MR. REAMS:  Yes, sir.
 9              THE COURT:  Mr. Kizer, do you concur in his pleas?
10              MR. KIZER:  I do, your Honor.
11              THE COURT:  And for the record, Mr. and Mrs.
12    Whiteside, y'all did counsel with Kenneth and do concur
13    in his entering these pleas in this matter?  I mean, I
14    know he's 18 and of age, but is that correct?
15              MS. WHITESIDE:  Yes.
16              MR. WHITESIDE:  Yes.
17              THE COURT:  Okay.  Mr. Reams, I'll accept your
18    pleas as being freely and voluntarily given.
19              I'll find that there is a factual basis for your
20    plea, and I'll accept the State's recommendation.
21              It will be the judgment and sentence of the Court
22    that you be remanded to the sheriff of Jefferson County
23    and by him transported to the Department of Correction
24    where you will serve a sentence of 10 years on each of
25    the charges in case number -- each of the counts in
```

```
 1          case number 93-298 and a sentence of 40 years in each
 2          of the counts in case number 93-299 and 300.  I'll make
 3          those run concurrent.  And that's, in essence, a 40-
 4          year sentence altogether.
 5                  Credit for your jail time.  According to the plea
 6          negotiation that's since May the 10th.  You'll be given
 7          credit for your jail time from that time.
 8                  Is there anything else we need to address this
 9          morning?
10                  MR. KIZER:  No, your Honor.
11                  THE COURT:  Anything else, Mr. Reams?
12                  MR. REAMS:  No, sir.
13                  THE COURT:  Okay.  Good luck.
14     [Conclusion of sentencing at 10:24 a.m.]
15
16
17
18
19
20
21
22
23
24
25
```

Respondent's Exhibit I                              14

CERTIFICATE OF REPORTER

STATE OF ARKANSAS

COUNTY OF JEFFERSON

I, Nevelyn Smith, Official Court Reporter for the Circuit Court, Eleventh District-West Judicial Circuit of Arkansas, certify that I recorded the proceedings by stenomask recording in the case of **STATE OF ARKANSAS V. KENNETH REAMS, JEFFERSON COUNTY CIRCUIT COURT, CASE NUMBER CR-93-298, CR-93-299 AND CR-93-300-5** before the Honorable Fred D. Davis, III, Circuit Judge, at Pine Bluff, Arkansas; that said recording has been reduced to a transcription by me, and the foregoing pages constitute a true and correct transcript of the PLEA AND SENTENCING, to the best of my ability, along with all items of evidence admitted into evidence.

WITNESS MY HAND AND SEAL as such Court Reporter on this 26TH day of July, 2007.

*[Signature]*
NEVELYN SMITH
Supreme Court Certified Reporter
No. 244

My Commission Expires:
March 25, 2013

OFFICIAL SEAL
NEVELYN K. SMITH
NOTARY PUBLIC - JEFFERSON COUNTY, ARKANSAS
MY COMMISSION EXPIRES: 3-25-2008 2013
ARKANSAS SUPREME COURT
CERTIFIED COURT REPORTER
CERTIFICATE NO. 244