

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, FIFTH DIVISION

STATE OF ARKANSAS                                              PLAINTIFF

V.                         NO.  CR-1993-299 and
                                CR-1993-301-5

ALFORD GOODWIN                                                 DEFENDANT

\* \* \* \* \* \* \* \* \*

    Proceeding held before the Honorable Fred D. Davis, III, Circuit Judge, Eleventh Judicial District, West, Fifth Division, on December 1, 1993.

\* \* \* \* \* \* \* \* \*

APPEARANCES

FOR THE PLAINTIFF:     HONORABLE WAYNE JUNEAU
                       Deputy Prosecuting Attorney
                       Jefferson County Prosecutor's Office
                       Main and Barraque Streets
                       Pine Bluff, AR 71601

FOR THE DEFENDANT:     HONORABLE OTHELLO C. CROSS
                       Cross, Kearney & McKissic
                       P. O. Box 6606
                       Pine Bluff, AR 71611-6606

INDEX

Record of Sentencing . . . . . . . . . . . . . . . . . . . . . 3
Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . 4
Conclusion of Plea and Sentencing . . . . . . . . . . . . . 13
Certificate of Reporter . . . . . . . . . . . . . . . . . . 14

```
        IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
          ELEVENTH JUDICIAL DISTRICT, WEST, FIFTH DIVISION
```

STATE OF ARKANSAS                                              PLAINTIFF

V.                            NO.  CR-1993-299 and
                                   CR-1993-301-5

ALFORD GOODWIN                                                 DEFENDANT

### RECORD OF PLEA AND SENTENCING

BE IT REMEMBERED, that on December 1, 1993, came on for a plea and sentencing in the above-captioned matter before the Honorable Fred D. Davis, III, Circuit Judge, Eleventh Judicial District, West, Fifth Division, of which Jefferson County, Arkansas, is a part; and all parties announcing ready, the following proceedings transpired; said plea and sentencing being reported by Nevelyn Smith, Arkansas Supreme Court-Certified Court Reporter for said Fifth Division of the Circuit Court of Jefferson County for said Eleventh Judicial District, West, of Arkansas.

                            APPEARANCES

FOR THE PLAINTIFF:      HONORABLE WAYNE JUNEAU
                        Deputy Prosecuting Attorney
                        Jefferson County Prosecutor's Office
                        Main and Barraque Streets
                        Pine Bluff, AR 71601

FOR THE DEFENDANT:      HONORABLE OTHELLO C. CROSS
                        Cross, Kearney & McKissic
                        P. O. Box 6606
                        Pine Bluff, AR 71611-6606

3

```
 1                          PROCEEDINGS
 2            THE COURT:  The first matter on the Court's docket
 3       this morning is in the matters of the State of Arkansas
 4       versus Alford Goodwin, cases number 93-299 and 93-301.
 5            Mr. Goodwin, would you join Mr. Cross at the
 6       podium, please, sir.
 7            You are Alford Goodwin?
 8            MR. GOODWIN:  Yes, sir.
 9            THE COURT:  Mr. Goodwin, I think we appointed Mr.
10       Othello Cross to represent you in these matters, did we
11       not?
12            MR. GOODWIN:  Yes, sir.
13            THE COURT:  Have you had an opportunity to discuss
14       your cases thoroughly with Mr. Cross?
15            MR. GOODWIN:  Yes, sir.
16            THE COURT:  Are you satisfied with his representa-
17       tion of you as your lawyer?
18            MR. GOODWIN:  Yes, sir.
19            THE COURT:  Before we do anything further, Mr.
20       Goodwin, it's part of my job to make some inquiry of
21       you.  First of all, let me ask you, how old are you?
22            MR. GOODWIN:  Nineteen.
23            THE COURT:  Have you had -- well, let me see.  How
24       far did you go in school?
25            MR. GOODWIN:  To the 12$^{th}$ grade.
```

```
 1            THE COURT:  All right.  You, obviously, then,
 2      read, write and understand the English language, don't
 3      you?
 4            MR. GOODWIN:  Yes.
 5            THE COURT:  You understand -- okay.  And the
 6      reason I'm asking that question is to make sure you
 7      understand what the charges are against you.
 8            First of all, in case number 93-299, the State has
 9      alleged that you and a Kenneth Reams on or about the
10      28th day of April, 1993, committed the offense of
11      aggravated robbery, a violation of Arkansas Code
12      Section 5-12-103, a class Y felony.  It's alleged that
13      on that date and time here in Jefferson County you
14      unlawfully and with the purpose of committing a theft
15      or resisting apprehension immediately thereafter,
16      employed or threatened to immediately employ physical
17      force upon a Curtis Gilbert, and at that time, were
18      armed with a deadly weapon or represented by word or
19      conduct that you were so armed.  Do you understand what
20      you are accused of in that case?
21            MR. GOODWIN:  Yes, sir.
22            THE COURT:  And, likewise, Mr. Goodwin, in case
23      number 93-301, you and Mr. Reams are accused of the
24      offenses of capital murder alleged to be a violation of
25      Arkansas Code Section 5-10-101 wherein it is alleged
```

```
 1          that on or about May the 5ᵗʰ of 1993 here in Jefferson
 2          County you did unlawfully, acting alone or with one or
 3          more other persons, commit or attempt to commit robbery
 4          and in the course of and in furtherance of that felony,
 5          or in immediate flight therefrom, you or an accomplice
 6          caused the death of Gary W. Turner under circumstances
 7          manifesting extreme indifference to the value of human
 8          life.  Do you understand what you are accused of in
 9          that case?
10                  MR. GOODWIN:  Yes, sir.
11                  THE COURT:  Now, do you understand, Mr. Goodwin,
12          that class Y felony, case number 93-299, has a punish-
13          ment range from a minimum sentence of 10 years in the
14          Department of Correction up to a maximum of 40 years or
15          life.  You understand that?
16                  MR. GOODWIN:  Yes, sir.
17                  THE COURT:  You understand that the capital murder
18          case, case number 93-301, carries with a range of
19          punishment of either life in the penitentiary without
20          possibility of parole, or death by lethal injection.
21          Do you understand that?
22                  MR. GOODWIN:  Yes, sir.
23                  THE COURT:  Now, Mr. Goodwin, do you understand
24          that you have the right to a public and speedy trial by
25          jury in each of these cases, and they would not be
```

Respondent's Exhibit J                                    6

1   tried together. They would be tried separately. And,
2   fact of the matter, I think one or both of them are set
3   for trial in the not too distant future. I believe one
4   on Monday. Is that right, Mr. Cross?
5       MR. CROSS: One is set for Monday and the other
6   one -- Monday the 6th and the other one is set for the
7   following Monday, the 13th.
8       THE COURT: Okay. Do you understand that they
9   are, in fact, set for trial and that you do have the
10  right to a trial? And my understanding is that proba-
11  bly that you and Mr. Reams will be tried separately.
12  Is that correct? At least on 93-301.
13      MR. CROSS: Yes, sir, your Honor. The prosecutor
14  moved for severance and I -- this Court granted the
15  severance and they will be tried separately if we go to
16  jury trial.
17      THE COURT: All right. Now, you understand that,
18  do you not, Mr. Goodwin?
19      MR. GOODWIN: Yes, sir.
20      THE COURT: Now, I know you and Mr. Cross have
21  talked at some length at what rights that you have at
22  a jury trial, what rights that go along with a jury
23  trial. Do you think you understand those rights?
24      MR. GOODWIN: Not fully.
25      THE COURT: Let me kind of go through them. I'm --

1  it may take a couple of times for them to soak in.
2       First of all, on the day of the trial, you and
3  your lawyer and the State's lawyer would engage in a
4  process of selecting jurors.  That process would
5  involve examining a number of citizens, registered
6  voters of Jefferson County to determine if they knew
7  anything about this case.  We would, hopefully, select,
8  as the result of that process, 12 jurors that didn't
9  know anything about either of these cases, whichever
10 one we're trying on that particular time you under-
11 stand.  Didn't know anything about the case.  Didn't
12 know anything about you.  Didn't know anything at all
13 about the facts of this matter and would bring no
14 preconceived notions into that courtroom.  In other
15 words, we would select 12 jurors who had a completely
16 blank slate who would be able to consider all of the
17 evidence produced at the trial and render a verdict
18 only on the evidence and the law from -- as they heard
19 it within that courtroom at that trial.
20      Now, during the trial of the matter, you and your
21 lawyer would have the right to use the subpoena power
22 of the Court to bring and to testify on your behalf any
23 witnesses that you might have to testify on your
24 behalf.  Mr. Cross would have the right to vigorously
25 cross-examine any of the State's witnesses that were

1  called to substantiate these charges.  You would have
2  the right, if you chose, after consultation with Mr.
3  Cross, to testify in your own defense if you wanted to.
4  But no obligation to whatsoever.  You wouldn't have to
5  prove anything you understand.  You could testify if
6  you wanted to, and if you chose not to testify, nobody
7  could make any comment whatsoever in front of the
8  ladies and gentlemen of the jury about your refusal or
9  failure to testify.
10      Now, at the conclusion of all of the evidence in
11  the case and all of the arguments of the attorneys, the
12  jury would retire and in secret deliberations, Mr.
13  Goodwin, have to unanimously, and of course that means
14  ever single one of them would have to vote that you
15  were guilty beyond a reasonable doubt before you would
16  suffer any punishment.  Do you understand that?
17      MR. GOODWIN:  Yes.
18      THE COURT:  You are presumed innocent, Mr.
19  Goodwin, all the way through the trial and only after
20  the jury, in those deliberations, decides that you are
21  not guilty by a unanimous vote would you be anything
22  other than presumed innocent.  Do you understand that?
23      MR. GOODWIN:  Yes, sir.
24      THE COURT:  Now, that's -- they've got libraries
25  full of the rights that go along with the jury trial

```
 1         and it's kind of hard just to take care of all of them
 2         in a short period of time, but those are the high
 3         points.  Do you have any questions about any of those
 4         rights?
 5              MR. GOODWIN:  No, sir.
 6              THE COURT:  Do you feel like you understand them
 7         now?
 8              MR. GOODWIN:  Yes, sir.
 9              THE COURT:  That's the same thing Mr. Cross told
10         you, I'm sure, wasn't it?
11              MR. GOODWIN:  Yes, sir.
12              THE COURT:  Okay.  Do you want a jury trial?
13              MR. GOODWIN:  No, sir.
14              THE COURT:  Has anybody promised you anything --
15         other than I've been handed a report of plea negotia-
16         tions that indicates that you and Mr. Cross and the
17         State have worked out an arrangement to make a recom-
18         mendation to the Court.  But, other than that, has
19         anybody promised you anything or threatened you or
20         mistreated you in any manner to get you or induce to
21         enter a plea of guilty in these cases?
22              MR. GOODWIN:  No, sir.
23              THE COURT:  Now, ths report of plea negotiations
24         -- well, let me -- let me stop just a second.  You're
25         not under the influence of alcohol or drugs at this
```

1    time, are you?
2         MR. GOODWIN:  No, sir.
3         THE COURT:  Okay.  You've been locked up long
4    enough I don't think that's the case, but that's part
5    of my job to ask those questions.  Some of them seem
6    like they are kind of silly at times, but there's a
7    reason for them.
8         Now, should you enter a plea of guilty according
9    to this plea negotiation, Mr. Goodwin, to the aggra-
10   vated robbery in case number 93-299 and capital murder
11   in 93-301, the State would recommend a sentence of 40
12   years in the Department of Correction on the aggravated
13   robbery, which would run concurrent with the life
14   without parole on the capital murder case in case
15   number 93-301.  This looks like it has your signature
16   and that of Mr. Cross and Ms. Billings on behalf of the
17   State.  Is that your signature and is that your under-
18   standing of your plea negotiation with the State?
19        MR. GOODWIN:  Yes, sir.
20        THE COURT:  Mr. Goodwin, let me just ask you then,
21   specifically as to each of these cases.  First of all,
22   in case number 93-299, what little information I have
23   in this matter indicates that on or about April the 28th
24   you and/or Mr. Reams approached this Mr. Gilbert at the
25   Worthen ATM machine at 5th and Chestnut with the purpose

11

```
 1           of robbing him, and, apparently, you attempted to rob
 2           him as of that time.  That's according to the police
 3           report in this matter.  Is that what you, in fact, did?
 4                MR. GOODWIN:  Yes.
 5                THE COURT:  Are you telling me, then, that you're
 6           guilty of aggravated robbery in that case?
 7                MR. GOODWIN:  Yes.
 8                THE COURT:  Now, Mr. Goodwin, in the other case,
 9           that being case number 93-301, according to the infor-
10           mation furnished to the Court, that on or about May the
11           5th of 1993, apparently, you and Mr. Reams, at that same
12           Worthen ATM machine at 5th and Chestnut approached a
13           Gary Wayne Turner for the purpose of robbing him and
14           during the course of that -- that robbery, Mr. Turner
15           was shot and killed which gave rise, of course, to the
16           capital murder charge.  Did you, in fact, do that?
17                MR. GOODWIN:  Yes, sir.
18                THE COURT:  Are you telling me that you, in fact,
19           are guilty of capital murder in case number 93-301?
20                MR. GOODWIN:  Yes, sir.
21                THE COURT:  Mr. Cross, I know you've discussed
22           these matters thoroughly with Mr. Goodwin.  Do you
23           concur in his pleas in this matter?
24                MR. CROSS:  I do, your Honor.
25                THE COURT:  And that is the State's recommenda-
```

```
 1            tion, Mr. Juneau?
 2                 MR. JUNEAU:  Yes, it is, your Honor.
 3                 THE COURT:  Mr. Goodwin, I will accept your pleas
 4            as being freely and voluntarily given.  I find that
 5            there is a factual basis for it, and I will accept the
 6            recommendation of the State.
 7                 It will be the judgment and sentence of the Court
 8            in case number 93-299 that you be sentenced to 40 years
 9            in the Department of Correction for the offense of
10            aggravated robbery, and in case number 93-301 that you
11            be sentenced for the offense of capital murder to life
12            in the penitentiary without possibility of parole.
13                 I will make those sentences run concurrent with
14            each other.  There will be some jail time credit, I'm
15            sure, but I'm not sure that -- that may be -- that may
16            be a moot point, but whatever jail time credit he's
17            entitled to we'll make sure that he gets that.
18                 Anything else?  Mr. Goodwin?  Mr. Cross?
19                 MR. CROSS:  I have nothing further, your Honor.
20                 THE COURT:  Thank you very much.  You are excused.
21       [Conclusion of sentencing at 11:16 a.m.]
22
23
24
25
```

Respondent's Exhibit J                                              13

CERTIFICATE OF REPORTER

STATE OF ARKANSAS

COUNTY OF JEFFERSON

I, Nevelyn Smith, Official Court Reporter for the Circuit Court, Eleventh District-West Judicial Circuit of Arkansas, certify that I recorded the proceedings by stenomask recording in the case of **STATE OF ARKANSAS V. ALFORD GOODWIN, JEFFERSON COUNTY CIRCUIT COURT, CASE NUMBERS CR-93-299 AND CR-93-30**-5 before the Honorable Fred D. Davis, III, Circuit Judge, at Pine Bluff, Arkansas; that said recording has been reduced to a transcription by me, and the foregoing pages constitute a true and correct transcript of the PLEA AND SENTENCING, to the best of my ability, along with all items of evidence admitted into evidence.

WITNESS MY HAND AND SEAL as such Court Reporter on this 26TH day of July, 2007.

_____
NEVELYN SMITH
Supreme Court Certified Reporter
No. 244

My Commission Expires:
March 25, 2013

OFFICIAL SEAL
NEVELYN K. SMITH
NOTARY PUBLIC - JEFFERSON COUNTY, ARKANSAS
MY COMMISSION EXPIRES: 3-25-2013
ARKANSAS SUPREME COURT
CERTIFIED COURT REPORTER
CERTIFICATE NO. 244

Respondent's Exhibit J                                    14